| | |
|---|---|
| 1 | Marc Fenster (SBN 181067) |
| | mfenster@raklaw.com |
| 2 | Reza Mirzaie (SBN 246953) |
| | rmirzaie@raklaw.com |
| 3 | Neil A. Rubin (SBN 250761) |
| | nrubin@raklaw.com |
| 4 | Jacob Buczko (SBN 269408) |
| | jbuczko@raklaw.com |
| 5 | James A. Milkey (SBN 281283) |
| | jmilkey@raklaw.com |
| 6 | James Tseui (SBN 285530) |
| | jtseui@raklaw.com |
| 7 | Amy E. Hayden (SBN 287026) |
| | ahayden@raklaw.com |
| 8 | Christian Conkle (SBN 306374) |
| | cconkle@raklaw.com |
| 9 | Qi (Peter) Tong (SBN 300347) |
| | ptong@raklaw.com |
| 10 | Jonathan Ma (SBN 312773) |
| | jma@raklaw.com |
| 11 | Daniel Kolko (SBN 341680) |
| | dkolko@raklaw.com |

**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-9226

*Attorneys for Defendant,*
*VirtaMove Corp.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| RED HAT, INC., | Case No. 5:24-cv-04740-PCP |
| Plaintiff, | **PLAINTIFF VIRTAMOVE'S NOTICE OF MOTION AND MOTION TO DISMISS RED HAT'S COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(2)** |
| v. | |
| VIRTAMOVE CORP., | Jury Trial Demanded |
| Defendant. | Date:     Thursday, October 31, 2024<br>Time:     10:00 a.m.<br>Location: Courtroom 8, 4th Floor<br>Judge      Hon. P. Casey Pitts |

(Left margin: RUSS, AUGUST & KABAT)

**TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................1

II.    FACTUAL BACKGROUND................................................................................2

III.   LEGAL STANDARDS .........................................................................................4

     A.    Subject Matter Jurisdiction Under the Declaratory Judgment Act ..........4

     B.    Personal Jurisdiction ..................................................................................4

IV.   THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS CASE .......5

V.    THIS COURT ALSO LACKS PERSONAL JURISDICTION OVER VIRTAMOVE....10

VI.   CONCLUSION....................................................................................................14

**TABLE OF AUTHORITIES**

**Cases**

*Aldrich v. Nat'l Collegiate Athletic Ass'n*,
　484 F. Supp. 3d 779 (N.D. Cal. 2020) .................................................................................. 13

*Ass'n for Molecular Pathology v. USPTO*,
　133 S. Ct. 2107 (Fed. Cir. 2013) ............................................................................................ 4

*Ass'n for Molecular Pathology v. USPTO*,
　689 F.3d 1303 (Fed. Cir. 2012) ..................................................................................... 4, 7, 9

*Autogenomics, Inc. v. Oxford Gene tech. Ltd.*,
　566 F.3d 1012 (Fed. Cir. 2009) .......................................................................................  5, 12

*Avocent Huntsville Corp. v. Aten Int'l Co.*,
　552 F.3d 1324 (Fed. Cir. 2008) .............................................................................................. 5

*Benitec Austl., Ltd. v. Nucleonics, Inc.*,
　495 F.3d 1340 (Fed. Cir. 2007) .............................................................................................. 4

*BNSF Railway Co. v. Tyrrell*,
　581 U.S. 402 (2017) ............................................................................................................. 12

*Cahen v. Toyota Motor Corp.*,
　147 F. Supp. 3d 955 (N.D. Cal. 2015) ................................................................................. 13

*Cisco Sys., Inc. v. OpenTV Inc.*,
　No. 5:13-cv-0282-EJD, 2013 WL 2285226 (N.D. Cal. May 23, 2013) ................................. 9

*Ctr. for Biological Diversity v. U.S. Forest Serv.*,
　80 F.4th 943 (9th. Cir. 2003) ......................................................................................... 10, 14

*Daimler AG v. Bauman*,
　571 U.S. 117 (2014) ..................................................................................................... passim

*Finisar Corp. v. Capella Photonics, Inc.*,
　No. 20-cv-07629-EMC, 2021 WL 810227 (N.D. Cal. Mar. 3, 2021) ................................ 8, 9

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
　592 U.S. 351 (2021) ............................................................................................................... 5

*Geosolutions BV v. Sina.com Online*,
　700 F. Supp. 3d 821 (N.D. Cal. Oct. 27, 2023) ............................................................... 5, 10

*Goodyear Dunlop Tires Operations, SA v. Brown*,
　564 U.S. 915 (2011) ............................................................................................................... 5

*Helicopteros Nacionales de Columbia, SA v. Hall*,
　466 U.S. 408 (1984) ............................................................................................................. 13

RUSS, AUGUST & KABAT

*In re Cashman Equip. Co.*,
   584 F. App'x 930 (Fed. Cir. 2014) .................................................................................. 13

*Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*,
   599 F.3d 1377 (Fed. Cir. 2010) ..................................................................................... 4, 8

*Keeton v. Hustler Magazine, Inc.*,
   465 U.S. 770 (1984) .......................................................................................................... 12

*Luis v. Metro. Life Ins. Co.*,
   142 F. Supp. 3d 873 (N.D. Cal. 2015) .................................................................... 10, 14

*Mark v. Molson Coors Beverage Co.*,
   580 F. Supp. 3d 848 (N.D. Cal. 2022) ........................................................................ 13

*MedImmune, Inc. v. Genetech, Inc.*,
   549 U.S. 118 (2007) ............................................................................................................ 9

*MG Freesites Ltd. v. Dish Tech. LLC*,
   No. 23-cv-03674-EMC, 2024 WL 269156 (N.D. Cal. Jan. 24, 2024) ................... 5, 12, 13, 14

*Perkins v. Benguet Consolidated Mining Co.*,
   342 U.S. 437 (1952) ............................................................................................ 11, 12, 14

*Prasco, LLC v. Medicis Pharma. Corp.*,
   537 F.3d 1329 (Fed. Cir. 2008) .......................................................................................... 7

*Proofpoint, Inc. v. Innova Patent Licensing, LLC*,
   No. 5:11-cv-02288-LHK, 2011 WL 4915847 (N.D. Cal. Oct. 17, 2011) .......................... 4, 5, 8

*Trend Micro Corp. v. Whitecell Software, Inc. and Fortinet, Inc.*,
   No. 10-cv-02248-WHA, 2011 WL 499951 (N.D. Cal. Feb. 8, 2011) ................................... 9

*Unisense Fertilitech A/S v. Auxogyn, Inc.*,
   896 F. Supp. 2d 822 (N.D. Cal. 2012) ................................................................................ 9

*Vallarta v. United Airlines, Inc.*,
   497 F. Supp. 3d 790 (N.D. Cal. 2020) .............................................................................. 13

**Statutes**

28 U.S.C. § 1331 ............................................................................................................................ 2

28 U.S.C. § 1338(a) ....................................................................................................................... 2

28 U.S.C. § 2201(a) ................................................................................................................ 3, 6, 9

28 U.S.C. § 2210(a) ....................................................................................................................... 4

<s>

**Rules**

Federal Rule of Civil Procedure 12(b)(1) .................................................................................. 1, 6, 9

Federal Rule of Civil Procedure 12(b)(2) ................................................................................ 1, 6, 14

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT on Thursday, October 31, 2024 at 10 a.m., in Courtroom 8 of the United States District Court of the Northern District of California, San Jose Division, 280 South First Street, San Jose, California 95113, Defendant VirtaMove Corp. will move this Court for an order dismissing Red Hat, Inc.'s complaint in its entirety, without leave to amend.

Dismissal under Federal Rule of Civil Procedure 12(b)(1) is warranted because this Court does not have subject matter jurisdiction over this purported declaratory judgment action. Dismissal under Federal Rule of Civil Procedure 12(b)(2) is also warranted because this Court does not have personal jurisdiction over VirtaMove. In addition, dismissal should be granted without leave to amend because amendment would be futile.

This motion is based upon the Memorandum of Points and Authorities, the filings in this action, and any such additional material or argument as may be submitted to the Court before its decision.

**STATEMENT OF RELIEF REQUESTED**

Defendant VirtaMove respectfully requests that the Court dismiss Red Hat's complaint in its entirety, without leave to amend, for both lack of subject matter jurisdiction and for lack of personal jurisdiction.

**STATEMENT OF ISSUES TO BE DECIDED**

Whether Red Hat has adequately pled subject matter jurisdiction and personal jurisdiction in its complaint.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

This Court should dismiss Red Hat's complaint in its entirety for two independent reasons—(1) this Court lacks subject matter jurisdiction over this declaratory judgment action; and (2) this Court lacks personal jurisdiction over VirtaMove.

Red Hat's complaint seeks declaratory judgment that its OpenShift product does not infringe two of VirtaMove's patents. However, to satisfy the "actual controversy" requirement of the Declaratory Judgment Act, in the context of a party seeking a declaration of non-infringement

of patents, Red Hat must show that VirtaMove took an "affirmative act" *against Red Hat*, indicating VirtaMove intends to enforce its patents *against Red Hat*. Red Hat does not allege that VirtaMove has taken **any** affirmative act against Red Hat, and as the declaration accompanying this motion confirms, VirtaMove has not. Rather, Red Hat relies solely on VirtaMove's patent enforcement activities *against others*, which the Federal Circuit and courts in this District have consistently held is insufficient to establish an "actual controversy" under the Declaratory Judgment Act. Therefore, Red Hat fails to establish subject matter jurisdiction.

As for personal jurisdiction, Red Hat appears to concede there is no specific jurisdiction over this alleged controversy, and does not plead that its claims relate to any contact between VirtaMove and this District. Rather, Red Hat relies only on general jurisdiction. But Red Hat falls far short of the high bar for establishing general jurisdiction, which requires showing that the defendant is "at home" in the forum such that it is subject to that forum's jurisdiction for all possible disputes. Red Hat admits that VirtaMove is neither incorporated in California nor has its principal place of business there, which are the typical bases for general jurisdiction. Rather, Red Hat attempts to apply a narrow exception to that general rule based on VirtaMove's sporadic "business contacts" with the state. However, longstanding Supreme Court precedent makes clear that such intermittent interactions are not enough to establish general jurisdiction without violating due process.

Finally, because Red Hat cannot plead facts sufficient to support this Court's exercise of subject matter and personal jurisdiction, this Court should dismiss Red Hat's complaint without leave to amend because amendment would be futile.

## II.    FACTUAL BACKGROUND

Red Hat initiated this declaratory judgment action on August 5, 2024, asking this Court to declare that it does not infringe two of VirtaMove's patents, U.S. Patent Nos. 7,519,814 ("the '814 patent") and 7,784,058 ("the '058 patent"). Dkt. No. 1 ("Compl.").

In its complaint, Red Hat alleges that "[t]his Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a) and 2201(a)." *Id.* ¶9. The first two of those sections concern federal courts' jurisdiction over matters involving patents. *See* 28 U.S.C. §§1331, 1338(a).

The third, which is the subject of the portion of this motion concerning lack of subject matter jurisdiction, relates to actions arising under the Declaratory Judgment Act. *See* Compl. ¶8. In its attempt to plead that there is an "actual controversy" under 28 U.S.C. § 2201(a), such that this Court has subject matter jurisdiction, Red Hat alleges that VirtaMove "has commenced an aggressive litigation campaign against products relating to open source containerization and container orchestration technology," pointing to lawsuits VirtaMove has filed in Texas against four corporations other than Red Hat ("Texas Actions"). *Id.* ¶¶2-3, 45, 49-50. Red Hat then claims that its OpenShift product "uses the same third-party [open source] Docker container and Kubernetes technology in its containerization and container orchestration operation" (*id.* ¶¶3; *see also id.* ¶¶51-59) and that "there is a cloud over Red Hat's products, a threat to Red Hat's business, its relationship with its customers and partners, and its sales of OpenShift" (*id.* ¶4). Red Hat does not allege that VirtaMove has communicated with Red Hat on any topic, let alone threatened it with patent litigation. Indeed, Red Hat admits that "VirtaMove did not accuse or identify OpenShift, Red Hat's containerization and container orchestration products, of infringing." *Id.* ¶3.

As for personal jurisdiction, Red Hat admits that VirtaMove is neither incorporated, nor has its principal place of business, in California. *Id.* ¶7. Red Hat's sole basis that "[t]his Court has personal jurisdiction over VirtaMove" is because VirtaMove purportedly "has continuous and systematic business contacts with Northern California." *Id.* ¶10. Specifically, Red Hat alleges the following sporadic contacts: a 2013 "partnership" between VirtaMove's predecessor's AppZero and Palo Alto-based Hewlett-Packard ("HP") (*id.* ¶¶11-13); three meetings with Mountain View-based Google over a six-year period (*id.* ¶14); a 2020 "Strategic Partnership" with Santa Clara-based CloudPhysics (*id.* ¶15); VirtaMove's offering and selling products to unspecified California customers (*id.* ¶16); VirtaMove's alleged use of servers located in the District (*id.* ¶¶16-17); that a board member and the former AppZero CEO allegedly reside in the District (*id.* ¶18); that VirtaMove's attorneys are in California (*id.*); and that VirtaMove is registered to do business, and has an agent for service of process, in California (*id.* ¶20).

### III. LEGAL STANDARDS

#### A. Subject Matter Jurisdiction Under the Declaratory Judgment Act

"In a case of *actual controversy* within its jurisdiction …, [this Court] may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2210(a) (emphasis added). "Whether an actual case or controversy exists so that a district court may entertain an action for declaratory judgment of non-infringement … is governed by Federal Circuit law." *Ass'n for Molecular Pathology v. USPTO*, 689 F.3d 1303, 1318 (Fed. Cir. 2012) ("*Myriad*"), *reversed in part on other grounds*, 133 S. Ct. 2107 (2013). "The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since." *Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1383 (Fed. Cir. 2010) (quoting *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007)).

"In order to establish an 'actual controversy' based on enforcement activity by a patentee, the pleadings must show that the patentee engaged in *affirmative acts directed specifically at the party seeking declaratory judgment*." *Proofpoint, Inc. v. Innova Patent Licensing, LLC*, No. 5:11-cv-02288-LHK, 2011 WL 4915847, at *3 (N.D. Cal. Oct. 17, 2011) (emphasis added). "[D]eclaratory judgment jurisdiction will not arise merely on the basis that a party learns of the existence of an adversely held patent, or even perceives that such a patent poses a risk of infringement, in the absence of some affirmative act by the patentee" directed at the plaintiff. *Myriad*, 689 F.3d at 1319, 1323 (reversing district court's determination that there was declaratory judgment jurisdiction as to certain plaintiffs' causes of action because "[t]he district court failed to limit its jurisdictional holding to affirmative acts by the patentee directed at specific plaintiffs").

#### B. Personal Jurisdiction

"Determining whether [personal] jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process. However, because California's long-arm statute is coextensive with the limits of due process, the two inquiries collapse into a single inquiry: whether jurisdiction comports with due process." *Autogenomics, Inc. v. Oxford Gene tech. Ltd.*,

566 F.3d 1012, 1017 (Fed. Cir. 2009) (internal citations and quotation marks omitted). In patent cases, Federal Circuit law applies to the personal jurisdiction inquiry. *Id.* at 1016.

"There are two forms of personal jurisdiction: general and specific. … For corporations, the 'paradigm' bases for general jurisdiction are 'the place of incorporation and principal place of business,' although operations in another state might also be 'so substantial and of such a nature as to render the corporation at home.'" *Geosolutions BV v. Sina.com Online*, 700 F. Supp. 3d 821, 826 (N.D. Cal. Oct. 27, 2023) (Pitts, J.) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 128 (2014)).

"The mere fact that a corporation has a large number of sales or engages in distribution in the forum state, among others, is no longer sufficient to support" general jurisdiction. *MG Freesites Ltd. v. Dish Tech. LLC*, No. 23-cv-03674-EMC, 2024 WL 269156, at *3 (N.D. Cal. Jan. 24, 2024) (citing *Daimler*, 571 U.S. at 128). Instead, the corporation's business in the forum state must be "so extensive" that it is "akin to [the corporation] being **headquartered** in that state." *Id.* (citing *Goodyear Dunlop Tires Operations, SA v. Brown*, 564 U.S. 915, 927-28 (2011) (emphasis added)).

On the other hand, "[s]pecific jurisdiction 'covers defendants less intimately connected with a State, but only as to a narrower class of claims': for a court to have specific personal jurisdiction, the defendant 'must take some act by which it purposefully avails itself of the privilege of conducting activities' in the state, and the claims 'must arise out of or relate to the defendant's contacts with the forum.'" *Geosolutions*, 700 F. Supp. 3d at 826 (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 352 (2021)). "In the context of a declaratory judgment of non-infringement in a patent case, the defendant patentee's contacts with the forum state must 'relate in some material way to the enforcement or the defense of the patent' to find minimum contacts." *MG Freesites*, 2024 WL 269156, at *4 (quoting *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1336 (Fed. Cir. 2008)).

**IV.   THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS CASE**

Red Hat's complaint fails to allege any "affirmative acts directed specifically at" Red Hat, as required for subject matter jurisdiction here. *See Proofpoint*, 2011 WL 4915847, at *3. For example, Red Hat does not contend that VirtaMove contacted Red Hat concerning any of

VirtaMove's patents, much less suggested to Red Hat that OpenShift or any other Red Hat product infringes upon them. And for good reason—***VirtaMove never has***. Cameron Decl.[1] ¶¶2-3.

Rather than pleading the requisite affirmative acts, Red Hat points only to the Texas Actions directed at other companies[2] (Compl. ¶¶2-3, 45, 49-50), and alleges that its OpenShift product "uses the same third-party Docker container and Kubernetes technology in its containerization and container orchestration operation" as do the products in the Texas Actions (*id.* ¶¶3-4; *see also id.* ¶¶51-59). Red Hat additionally alleges that "there is a cloud over Red Hat's products, a threat to Red Hat's business, its relationship with its customers and partners, and its sales of OpenShift." *Id.* ¶4.

Even taking as true Red Hat's allegations that Open Shift uses Docker and Kubernetes, and that "mere use of Docker containers and Kubernetes technology to implement containerization and container orchestration is sufficient to infringe its '814 and '058 patent" (*id.*),[3] the Federal Circuit has made clear that those allegations are not sufficient for this Court to have subject matter jurisdiction over an action seeking declaratory judgment of non-infringement of patents. There is simply not an "active controversy" as required by 28 U.S.C. § 2201(a) because VirtaMove has never directed any patent enforcement activities, such as a demand letter or other communication, at Red Hat regarding OpenShift or any other Red Hat product. *See* Cameron Decl. ¶¶2-3.

---

[1] Citations to "Cameron Decl." are to the concurrently filed Declaration of Susan Cameron in Support of Plaintiff VirtaMove's Motion to Dismiss Red Hat's Complaint Under Fed. R. Civ. P. 12(b)(1) and 12(b)(2).

[2] As Red Hat correctly recognizes, VirtaMove has brought lawsuits in Texas against Amazon, Google, HP, and IBM. Compl. ¶2. In its complaint, Red Hat alleges that it "is a subsidiary company of IBM after being acquired by IBM in 2019." *Id.* ¶6. However, Red Hat does not rely on the parent-subsidiary relationship in any way to establish declaratory jurisdiction here, rather pleading that Red Hat "continues to operate as a separate entity" from IBM. *Id.*

[3] VirtaMove does not concede these allegations are, in fact, true. For example, Red Hat is incorrect that "VirtaMove effectively concedes that mere use of Docker containers and Kubernetes technology to implement containerization and container orchestration is sufficient to infringe its '814 and '058 patents." *See* Compl. ¶4. Rather, VirtaMove has accused a small number of for-profit commercial services, and its infringement contentions focus on specific details of those commercial services. *See, e.g.*, Ex. L (Dkt. No. 1-12) at 9 (VirtaMove's infringement contentions as to IBM indicating the accused product in that case is configured in a way in which it "runs on individual servers, each of which runs an independent operating system").

*Myriad* is instructive here. In *Myriad*, the Federal Circuit upheld the district court's exercise of declaratory judgment jurisdiction for one plaintiff, Dr. Ostrer, because he alleged an "affirmative patent enforcement action[] directed at [hi]m by Myriad"—"Myriad demanded a royalty under its patents from Dr. Ostrer based on his clinical *BRCA*-related activities." 689 F.3d at 1319-20. However, the court found that many other plaintiffs lacked standing[4] because Myriad had directed no enforcement activities at them:

> The district court failed to limit its jurisdictional holding to **affirmative acts directed at specific Plaintiffs**, erroneously holding all Plaintiffs had standing based on the widespread understanding that one may engage in BRCA½ testing at the risk of being sued my Myriad. We disagree, and thus we reverse the district court's holding that the various plaintiffs other than Dr. Ostrer have standing to maintain this declaration judgment action. **Simple disagreement with the existence of a patent on isolated DNA sequences or even suffering an attenuated, non-proximate, effect from the existence of a patent does not meet the Supreme Court's requirement for an adverse legal controversy** of sufficient immediacy and reality to warrant the issuance of a declaration judgment.

*Id.* at 1323 (emphases added) (cleaned up). Thus, the district court erred in extending jurisdiction to other plaintiffs based on a general fear that engaging in BRCA½ testing could expose them to infringement liability. *See id.*

Here, Red Hat's allegations are analogous to those of the non-Ostrer plaintiffs in *Myriad*. Like those plaintiffs, Red Hat alleges that it subjectively believes there is risk of it being sued for patent infringement by VirtaMove based on VirtaMove's activities directed at others related to purportedly similar technology. Compl. ¶¶2-4, 45, 49-59. But at most, this represents an "attenuated, non-proximate, effect from the existence of [VirtaMove's] patent[s]," which *Myriad* made clear is insufficient to convey declaratory judgment jurisdiction. 689 F.3d at 1323; *see also Prasco, LLC v. Medicis Pharma. Corp.*, 537 F.3d 1329, 1339 (Fed. Cir. 2008) ("[A] case or controversy must be based on a *real* and *immediate* injury or threat of future injury that is *caused by the defendants*—an objective standard that **cannot be met by a purely subjective or speculative fear of future harm**.") (last emphasis added).

---

[4] In this context, reference to "standing," "declaratory judgment jurisdiction," and "subject matter jurisdiction under the Declaratory Judgment Act" are all one in the same.

RUSS, AUGUST & KABAT

Similarly, in *Innovative Therapies*, Innovative Therapies (ITI) tried to establish jurisdiction in part by pointing out Kinetic Concept's (KCI) "history of litigation to enforce its patents." 599 F.3d at 1382. The Federal Circuit, however, explained that "while prior litigation is a circumstance to be considered in assessing the totality of circumstances, the fact that KCI had filed infringement suits against other parties for other products does not, **in the absence of any act directed toward ITI**, meet the minimum standard" for declaratory judgment jurisdiction. *Id.* (emphasis added). Red Hat finds itself in the same position here: its reliance on VirtaMove's actions against other parties is insufficient to create a justiciable controversy.

Courts in this District have held the same. *ProofPoint* and *Finisar Corp. v. Capella Photonics, Inc.* present particularly analogous facts as here. In *Proofpoint*, "Proofpoint argue[d] that declaratory jurisdiction is appropriate because (1) InNova has asserted the '761 Patent against twenty-nine defendants in the Texas Action, (2) three of those defendants are alleged to have infringed the '761 Patent by 'using' Proofpoint products, triggering indemnity requests by Proofpoint's customers and creating a 'reasonable apprehension' of suit against Proofpoint, and (3) uncertainty over the scope of the '761 Patent has injured Proofpoint's efforts to sell its products." 2011 WL 4915847, at *3. In finding that declaratory judgment jurisdiction was lacking, Judge Koh explained:

> Proofpoint has not asserted that it had *any* contact with InNova prior to bringing suit. The complaint does not indicate that InNova claimed a right to a royalty from Proofpoint, sent Proofpoint a cease-and-desist letter, or communicated with Proofpoint's employees. Simply put, **Proofpoint does not allege that InNova engaged in any affirmative act related to the enforcement of the '761 Patent that was directed at Proofpoint**.

*Id.* (last emphasis added). If anything, Red Hat's allegations are even less proximate than those of Proofpoint since Red Hat does not allege that any of its products are in any way involved in the Texas Actions, let alone that the Texas Actions have resulted in any indemnity requests to it.

Similarly, in *Finisar*, Finisar alleged defendant Capella brought a number of suits in Texas on the same patents for which Finisar sought declaratory relief, and that "Capella's suits against the Texas Defendants give rise to an actual controversy as to whether Finisar might be liable for

direct infringement." No. 20-cv-07629-EMC, 2021 WL 810227, at *4 (N.D. Cal. Mar. 3, 2021). But that argument failed for the same reason as Proofpoint's arguments in the prior-discussed case:

> ***Finisar fails to allege any affirmative act by Capella related to the enforcement of the Patents-in-Suit against it***. Instead, Finisar relies solely on Capella's lawsuit against the Texas Defendants as the basis of an inference of injury. Such reliance is insufficient. ***There is no communication from Capella indicating an intent to enforce the patents against Finisar***.

*Id.* at *5 (emphases added). Judge Chen further noted that because no affirmative acts had been directed to Finisar, "Finisar has not demonstrated a live case or controversy exists, 'as distinguished from [a request for] an opinion advising on what the law would be upon a hypothetical state of facts.'" *Id.* (quoting *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 (2007)); *see also, e.g.*, *Unisense Fertilitech A/S v. Auxogyn, Inc.*, 896 F. Supp. 2d 822, 830 (N.D. Cal. 2012) (Rogers, J.) (dismissing complaint for lack of jurisdiction even though the declaratory judgment defendant had communicated to plaintiff about how plaintiff's presentations and publications may induce infringement of its patents, because the defendant patentee had not alleged to plaintiff that any specific product of plaintiff infringed); *Trend Micro Corp. v. Whitecell Software, Inc. and Fortinet, Inc.*, No. 10-cv-02248-WHA, 2011 WL 499951, at *5 (N.D. Cal. Feb. 8, 2011) (Alsup, J.) (granting motion to dismiss for lack of subject matter jurisdiction, because although "Fortinet acquired the '744 patent and is protecting the ability to assert it against Trend Micro[,] Trend Micro, however, has not established that Fortinet has taken any affirmative step toward doing so or that Fortinet is likely to do so unprovoked").

Put simply, "[i]f the patentee has not acted towards the declaratory judgment plaintiff, standing [to bring a declaratory judgment action] will not be found." *Cisco Sys., Inc. v. OpenTV Inc.*, No. 5:13-cv-0282-EJD, 2013 WL 2285226, at *2 (N.D. Cal. May 23, 2013) (Davila, J.) (citing *Myriad*, 689 F.3d at 1332). Here, Red Hat does not even allege that VirtaMove has "acted towards" Red Hat. Therefore, Red Hat's complaint does not plausibly allege an "active controversy" under Section 2201(a), and the complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1).

Furthermore, because Red Hat *cannot* plead facts that support declaratory judgment jurisdiction, the Court should dismiss its complaint *without leave to amend*. VirtaMove has *never*

contacted Red Hat concerning any of its patents, let alone communicated to it that OpenShift or any other Red Hat product infringes any of VirtaMove's patents. Cameron Decl. ¶¶2-3. As such, even with leave to amend, Red Hat would be unable plead facts sufficient for this Court to exercise declaratory judgment jurisdiction in this action. Dismissal should thus be granted *without* leave to amend because amendment would be futile. *See, e.g.*, *Ctr. for Biological Diversity v. U.S. Forest Serv.*, 80 F.4th 943, 956 (9th. Cir. 2003) ("A district court has discretion to deny leave to amend when there are countervailing considerations such as undue delay, prejudice, bad faith, or futility. Amendment is futile when it is clear … that the complaint could not be saved by any amendment.") (cleaned up); *Luis v. Metro. Life Ins. Co.*, 142 F. Supp. 3d 873, 881-83 (N.D. Cal. 2015) (denying leave to amend complaint because "allowing Plaintiff to amend her complaint in the way she proposed would be futile").

## V. THIS COURT ALSO LACKS PERSONAL JURISDICTION OVER VIRTAMOVE

As discussed immediately above, lack of subject matter jurisdiction alone requires dismissal of this action in its entirety. However, an additional, independent reason for dismissal is that this Court lacks personal jurisdiction over VirtaMove.

Red Hat's complaint only attempts to establish general, not specific, jurisdiction. *See, e.g.*, Compl. ¶10 (alleging that "VirtaMove has continuous and systematic business contacts with Northern California"). Indeed, there is absolutely no basis for *specific* jurisdiction here, because Red Hat has not pled (and cannot plead) any facts demonstrating that its requests for declaratory judgment "arise out of or relate to the defendant's contacts with th[is] forum." *Geosolutions*, 700 F. Supp. 3d at 826 (quoting *Daimler*, 571 U.S. at 128). As explained above, VirtaMove has never contacted Red Hat concerning any of VirtaMove's patents, let alone communicated to Red Hat (or anyone else) that OpenShift or any other Red Hat product infringes any VirtaMove patent, either within this forum or elsewhere. Cameron Decl. ¶¶2-3.

And Red Hat's attempt to establish *general* jurisdiction baldly contradicts decades of Supreme Court law. It is undisputed that VirtaMove is not incorporated in California, does not have its principal place of business in California, and does not even have any offices in California. *See* Compl. ¶7; Cameron Decl. ¶4. Lacking the "paradigm" bases of general jurisdiction, Red Hat

only points to two "partnerships" with California-based companies (Compl. ¶¶11-13, 15); a few meetings with another California-based company (*id.* ¶14); product sales to California customers (*id.* ¶16); the use of servers in California (*id.* ¶¶16-17); the residency of a board member and former CEO in California (*id.* ¶18); VirtaMove's outside counsel being in California (*id.*); and its registration to do business and designation of an agent for service of process in California (*id.* ¶20). However, these sporadic contacts are insufficient under *Daimler* and its progeny to support exercise of general personal jurisdiction over VirtaMove by this Court.

In *Daimler*, the Supreme Court confirmed that general jurisdiction cannot be exercised where the declaratory judgment defendant is neither incorporated, nor has its principal place of business, in the forum state, except perhaps in an "exceptional case." 571 U.S. at 139 & n.19. The declaratory judgment plaintiffs there pointed to Daimler's ongoing business activities in California, including "multiple California-based facilities, including a regional office in Costa Mesa, a Vehicle Preparation Center in Carson, and a Classic Center in Irvine," as well as the fact that its subsidiary "is the largest supplier of luxury vehicles to the California market" and that subsidiary's "California sales account for 2.4% of Daimler's worldwide sales." *Id.* at 123. Justice Ginsberg, writing for a unanimous court, rejected plaintiffs' invitation to "approve the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business" as "unacceptably grasping." *Id.* at 137-138. She also noted that under such a rubric, parties would be subject to general or all-purpose jurisdiction in any state with "sizable" sales. *Id.* at 138. Such an application of general jurisdiction would be contrary to public policy considerations, as it "would scarcely permit out-of-state defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit" on any and all matters, regardless of whether the matter at hand is related to activity in the state or not. *Id.* at 139 (quotation marks omitted).

Although *Daimler* nominally retained an "exceptional case" caveat to the general rule, that exception is far too narrow to establish general jurisdiction over VirtaMove here. As an example of an "exceptional case," Justice Ginsberg pointed to *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952). *Daimler*, 571 U.S. at 139 n.19. In *Perkins*, the Supreme Court held that an

Ohio court's exercise of general jurisdiction over a Philippine mining company was appropriate because that company ceased all operations in the Philippines due to Japanese occupation of the country during World War II, and during the occupation the company president effectively ran the company from Ohio. 342 U.S. at 447-449; *see also MG Freesites*, 2024 WL 269156, at *3 (noting that "this exception [to the general rule concerning incorporation and principal place of business] is a narrow one," and explaining that "in recent years the Supreme Court has only sanctioned application of the exception in one instance: *Perkins*"). As Justice Ginsberg noted, the *Perkins* Court reached that decision because "Ohio was the corporation's principal, if temporary, place of business." *Daimler*, 571 U.S. at 129-30 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780, n.11 (1984)).

Nothing that Red Hat has pled (or could plead) rises anywhere near the level of connection as in *Perkins*, where the defendant had its de facto wartime headquarters in the forum. Thus, even taking Red Hat's pleadings concerning VirtaMove's "contacts" with California as true,[5] VirtaMove has less contacts with California than did the defendant in *Daimler*, where the Supreme Court found general jurisdiction inappropriate. *See Daimler*, 571 U.S. at 762 n.20 ("General jurisdiction … calls for an appraisal of a corporation's activity in their entirety, nationwide and worldwide. A corporation that operates in many places can scarcely be deemed at home in all of them."); *see also BNSF Railway Co. v. Tyrrell*, 581 U.S. 402, 414 (2017) (finding lack of general personal jurisdiction even where railroad had "over 2,000 miles of railroad track and more than 2,000 employees in" the state).

The Federal Circuit has likewise rejected application of general jurisdiction in the context of patent declaratory judgment actions involving similarly sporadic contacts. For example, in *Autogenomics*, the declaratory judgment plaintiff pointed to meetings that the defendant had in California, patent licenses and agreements that it entered into with around a dozen California companies, sales to a California company, and attendance at three conferences in California. 566 F.3d at 1015-16. The panel held that "this is a classic case of sporadic and insubstantial contacts

---

[5] VirtaMove does not concede that all facts pled by Red Hat in paragraphs 10-20 of the complaint are true, but does not address each of those issues now since it is unnecessary to do so to resolve the personal jurisdiction issue at hand.

with the forum state, which are not sufficient to establish general jurisdiction over defendants in the forum." *Id.* at 1017 (quotation marks omitted); *see also In re Cashman Equip. Co.*, 584 F. App'x 930, 932 (Fed. Cir. 2014) (holding that communication with an Illinois company, purchasing equipment from an Illinois company, and "occasionally sending employees for training and dealer meetings in Illinois[ ]was deemed insufficient by the Supreme Court" for exercise of general jurisdiction by an Illinois court) (citing *Helicopteros Nacionales de Columbia, SA v. Hall*, 466 U.S. 408, 416-18 (1984)).

Courts in this District have also rejected similar attempts to apply general jurisdiction, even when the plaintiff pled far more contact with the forum than Red Hat has here. For example, in *Vallarta v. United Airlines, Inc.*, the plaintiff pointed to two airline "hubs" and "a substantial number of employees in California." 497 F. Supp. 3d 790, 799 (N.D. Cal. 2020) (Gilliam, J.). The Court held that these business activities, although substantial, were not "exceptional" such that exercise of general jurisdiction would be appropriate, particularly in view of the additional "hubs" and employees that the airline had outside of California. *Id.* (citing *Daimler*, 571 U.S. at 138-39); *see Aldrich v. Nat'l Collegiate Athletic Ass'n*, 484 F. Supp. 3d 779, 794 (N.D. Cal. 2020) (Davila, J.) ("That the NCAA hosts large tournaments like the Rose Bowl in California is irrelevant [to the general jurisdiction inquiry]—Plaintiffs fail to show why this tournament, as compared to the many others held across the United States, makes NCAA's contact with the forum distinct. Likewise, Plaintiffs fail to show that the revenue generated from California is 'out-sized' or significantly 'more than' any other state such that general jurisdiction would be appropriate."); *Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955, 963-65 (N.D. Cal. 2015) (Orrick, J.) (no general jurisdiction over company that accounted for 10.5% of the new vehicle market in California and that had a research center and employees in the state); *see also Mark v. Molson Coors Beverage Co.*, 580 F. Supp. 3d 848, 855 (N.D. Cal. 2022) (Orrick, J.) ("Plaintiffs provide no caselaw to support the proposition that simply because a corporation has a registered agent for service in a state …, that is sufficient in and of itself to expose it to general or specific jurisdiction.").

And specifically in the patent context, in *MG Freesites*, Judge Chen explained that "though

Plaintiffs allege that [patentee defendant] advertises and offers to sell products in the state, and have engaged with authorized retailers within the district, these allegations do not even approach the sort of operations at issue in *Perkins* that would make application of [general jurisdiction] appropriate. … Indeed, Plaintiffs have not alleged that Defendants engage in any conduct unique or peculiar to the state of California different from their engagement in commerce throughout the country." 2024 WL 269156, at *10 (cleaned up). The same is true here. Accordingly, Red Hat has failed to plead facts supporting the exercise of general jurisdiction, and the Court should dismiss Red Hat's complaint.

Furthermore, because Red Hat *cannot* plead facts that support this Court's exercise of either general *or* specific personal jurisdiction, dismissal should be *without leave to amend*. Red Hat cannot plead facts sufficient to meet the high bar required for general jurisdiction; VirtaMove is certainly not "engaging in business so extensive in [California] as to be akin to [VirtaMove] being **headquartered** in that state" (*MG Freesites*, 2024 WL 269156, at *4 (emphasis added)), where VirtaMove has no office locations in the state of California and has at best sporadic contacts with the state. And as Red Hat appears to concede by not pleading anything even arguably related to specific jurisdiction in its complaint, it cannot plead facts sufficient for specific jurisdiction either. Dismissal for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) should thus be granted without leave to amend because amendment would be futile. *See, e.g.*, *Ctr. for Biological Diversity*, 80 F.4th at 956 (9th. Cir. 2003); *Luis*, 142 F. Supp. 3d at 881-83.

## VI. CONCLUSION

For the foregoing reasons, the Court should dismiss Red Hat's complaint without leave to amend and enter judgment against Red Hat. Red Hat has not pled, and cannot plead, facts adequate to support this Court's exercise of either subject matter or personal jurisdiction.

Dated: September 26, 2024              Respectfully submitted,

/s/ Amy E. Hayden
Marc Fenster (SBN 181067)
Email: mfenster@raklaw.com
Reza Mirzaie (SBN 246953)
rmirzaie@raklaw.com
Neil A. Rubin (SBN 250761)
nrubin@raklaw.com

Jacob Buczko (SBN 269408)
jbuczko@raklaw.com
James A. Milkey (SBN 281283)
jmilkey@raklaw.com
James Tseui (SBN 285530)
jtseui@raklaw.com
Amy E. Hayden (SBN 287026)
ahayden@raklaw.com
Christian Conkle (SBN 306374)
cconkle@raklaw.com
Qi (Peter) Tong (SBN 300347)
ptong@raklaw.com
Jonathan Ma (SBN 312773)
jma@raklaw.com
Daniel Kolko (SBN 341680)
dkolko@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-9226

*Attorneys for Plaintiff,*
*VirtaMove Corp.*