1  Brandon H. Brown (SBN 266347)
   KIRKLAND & ELLIS LLP
2  555 California Street
   San Francisco, CA 94104
3  Telephone: (415) 439-1400
   Facsimile:  (415) 439-1500
4  Email: brandon.brown@kirkland.com

5  Todd M. Friedman (*pro hac vice* forthcoming)
   KIRKLAND & ELLIS LLP
6  601 Lexington Avenue
   New York, NY 10022
7  Telephone: (212) 446-4800
   Facsimile:  (212) 446-4900
8  Email: todd.friedman@kirkland.com

9  *Attorneys for Plaintiff RED HAT, INC.*

10              **UNITED STATES DISTRICT COURT**
           **NORTHERN DISTRICT OF CALIFORNIA**
11                  **SAN JOSE DIVISION**

12  RED HAT, INC.,                          CASE NO.  5:24-CV-04740-PCP

13              Plaintiff,                   **PLAINTIFF RED HAT'S
                                            OPPOSITION TO DEFENDANT'S
14        v.                                 MOTION TO DISMISS COMPLAINT
                                            UNDER FED. R. CIV. P. 12(b)(1) AND
15  VIRTAMOVE, CORP.,                        12(b)(2)**

16              Defendant.                   Jury Trial Demanded

17                                           Hearing Date:    November 14, 2024
                                            Time:            10:00 a.m.
18                                           Location:        Courtroom 8, 4th Floor
                                            Judge:           Hon. P. Casey Pitts
19

20

21

22

23

24

25

26

27

28

## TABLE OF CONTENTS

**Page**

I.    **INTRODUCTION**................................................................................................ 1

II.   **LEGAL STANDARDS** ...................................................................................... 2

      A.     Subject Matter Jurisdiction Under The Declaratory Judgment Act...................................... 2

      B.     Personal Jurisdiction .......................................................................... 3

III.  **ARGUMENT** .................................................................................................. 4

      A.     This Court Has Subject Matter Jurisdiction Over Red Hat's Declaratory Judgment Claim.
            ........................................................................................................................... 5

      B.     This Court Has Personal Jurisdiction Over VirtaMove. .................................................. 10

      C.     If This Court Finds Red Hat's Complaint To Be Insufficient, It Should Grant Red Hat
            Leave To Conduct Jurisdictional Discovery And Amend Its Pleading. ........................... 14

IV.  **CONCLUSION** ............................................................................................. 15

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Apple Inc. v. VoIP-Pal.com, Inc.*,
    506 F. Supp. 3d 947 (N.D. Cal. 2020) ...............................................................................12

*Arkema Inc. v. Honeywell Int'l, Inc.*,
    706 F.3d 1351 (Fed. Cir. 2013)...................................................................................2, 9

*Arris Grp., Inc. v. British Telecomms. PLC*,
    639 F.3d 1368 (Fed. Cir. 2011)...........................................................................2, 8, 9, 10

*Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*,
    846 F.2d 731 (Fed. Cir. 1988)............................................................................................8

*Asgilent Techs., Inc. v. Elan Microelectronics Corp.*,
    No. C 04-05385 JW, 2005 WL 3260162 (N.D. Cal. Nov. 29, 2005) .................................13

*Ass'n for Molecular Pathology v. USPTO*,
    689 F.3d 1303 (Fed. Cir. 2012), *rev'd in part on other grounds*, 569 U.S. 576 (2013) ......................9

*Banga v. First USA, NA*,
    29 F. Supp. 3d 1270 (N.D. Cal. Mar. 20, 2014) ...............................................................11

*Bravo Co. USA v. Badger Ordnance LLC*,
    No. 2:14-CV-00387-RCJ, 2015 WL 1326420 (D. Nev. Mar. 25, 2015) ...........................15

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) .............................................................................................................4

*C.R. Bard, Inc. v. Schwartz*,
    716 F.2d 874 (Fed. Cir. 1983)..............................................................................................2

*Calix Networks, Inc. v. Wi-Lan, Inc.*,
    No. C-09-06038-CRB DMR, 2010 WL 3515759 (N.D. Cal. Sept. 8, 2010)......................15

*Cisco Sys., Inc. v. OpenTV Inc.*,
    No. 5:13-CV-0282-EJD, 2013 WL 2285226 (N.D. Cal. May 23, 2013)..............................9

*Cisco Sys., Inc. v. OpenTV Inc.*,
    No. 5:13-CV-0282-EJD, Dkt. 104 (N.D. Cal. Feb. 5, 2014) ..............................................9

*Danisco U.S. Inc. v. Novozymes A/S*,
    744 F.3d 1325 (Fed. Cir. 2014)..................................................................................2, 3, 8, 9

*Elecs. For Imaging, Inc. v. Coyle*,
    340 F.3d 1344 (Fed. Cir. 2003).....................................................................................4, 12

*Finisar Corp. v. Capella Photonics, Inc.*,
   No. 20-CV-07629-EMC, 2021 WL 810227 (N.D. Cal. Mar. 3, 2021)................................8

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
   592 U.S. 351 (2021) ..........................................................................................................4

*Glass v. Asic N., Inc.*,
   848 F. App'x 255 (9th Cir. 2021) ....................................................................................11

*Good Job Games Bilism Yazilim Ve Pazarlama A.S. v. SayGames, LLC*,
   No. 20-16123, 2021 WL 5861279 (9th Cir. Dec. 10, 2021)...........................................14

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*,
   328 F.3d 1122 (9th Cir. 2003) .........................................................................................15

*Hewlett-Packard Co. v. Acceleron LLC*,
   587 F.3d 1358 (Fed. Cir. 2009).........................................................................................3

*In re Mobile Telecomms. Techs., LLC*,
   247 F. Supp. 3d 456 (D. Del. 2017)......................................................................3, 5, 7, 10

*Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*,
   599 F.3d 1377 (Fed. Cir. 2010).......................................................................................10

*Jack Henry & Assocs., Inc. v. Plano Encryption Techs. LLC*,
   910 F.3d 1199 (Fed. Cir. 2018).........................................................................................4

*Juniper Networks Inc. v. Swarm Tech. LLC*,
   No. 3:20-CV-03137-JD, 2021 WL 6049924 (N.D. Cal. Dec. 21, 2021) .................... *passim*

*Laub v. U.S. Dep't of the Interior*,
   342 F.3d 1080 (9th Cir. 2003) .........................................................................................14

*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118 (2007)...........................................................................................................2

*Micron Tech., Inc. v. Mosaid Techs., Inc.*,
   518 F.3d 897 (Fed. Cir. 2008)......................................................................................6, 10

*Microsoft Corp. v. DataTern, Inc.*,
   755 F.3d 899 (Fed. Cir. 2014)............................................................................................3

*Microsoft Corp. v. GeoTag, Inc.*,
   No. CV 11-175-RGA, 2014 WL 4312167 (D. Del. Aug. 29, 2014), *aff'd on other
   grounds*, 817 F.3d 1305 (Fed. Cir. 2016) .....................................................................2, 6

*Microsoft Corp. v. SynKloud Techs., LLC*,
   484 F. Supp. 3d 171 (D. Del. 2020)...................................................................................7

*Organic Seed Growers & Trade Ass'n v. Monsanto Co.*,
  718 F.3d 1350 (Fed. Cir. 2013)..................................................................................2

*Prasco, LLC v. Medicis Pharm. Corp.*,
  537 F.3d 1329 (Fed. Cir. 2008)..........................................................................8, 9, 10

*Proofpoint, Inc. v. InNova Patent Licensing, LLC*,
  No. 5:11-CV-02288-LHK, 2011 WL 4915847 (N.D. Cal. Oct. 17, 2011).........................10

*SanDisk Corp. v. STMicroelectronics, Inc.*,
  480 F.3d 1372 (Fed. Cir. 2007)...............................................................................3, 8

*Tangle, Inc. v. Buffalo Games, LLC*,
  No. 22-CV-07024-JSC, 2023 WL 2774452 (N.D. Cal. Apr. 3, 2023) ...............................14

*Trend Micro Corp. v. Whitecell Software, Inc.*,
  No. C-10-02248-WHA, 2011 WL 499951 (N.D. Cal. Feb. 8, 2011) .................................9

*Trimble Inc. v. PerDiemCo LLC*,
  997 F.3d 1147 (Fed. Cir. 2021)..............................................................4, 12, 13, 14

*Twitter, Inc. v. VoIp-Pal.com, Inc.*,
  No. 3:21-CV-09773-JD, 2022 WL 2905065 (N.D. Cal. July 22, 2022).........................12

*UCP Int'l Co. Ltd. v. Balsam Brands Inc.*,
  787 F. App'x 691 (Fed. Cir. 2019) ......................................................3, 7, 9, 10

*Unisense Fertilitech A/S v. Auxogyn, Inc.*,
  896 F. Supp. 2d 822 (N.D. Cal. 2012) ....................................................................10

*Vanguard Rsch. v. PEAT, Inc.*,
  304 F.3d 1249 (Fed. Cir. 2002)..................................................................................8

*VirtaMove, Corp. v. Hewlett Packard Enterprise Co.*,
  No. 2:24-cv-00093-JRG, Dkt. 78, 88 (E.D. Tex.) ....................................................15

*Walden v. Fiore*,
  571 U.S. 277 (2014)..................................................................................................4

*Xilinx, Inc. v. Pabst Licensing GmbH & Co. KG*,
  848 F.3d 1346 (Fed. Cir. 2017)................................................................... *passim*

*Yamashita v. LG Chem., Ltd.*,
  62 F.4th 496 (9th Cir. 2023) ..................................................................................14

1

## I.    INTRODUCTION

VirtaMove's motion asks this Court to do two things: (1) force Red Hat to wait for VirtaMove to file a lawsuit against Red Hat or its customers as VirtaMove systematically accuses companies of infringement for using the same third-party technology that Red Hat's OpenShift product uses; and (2) disregard VirtaMove's extensive licensing efforts and other activity relating to its patents and products in the Northern District of California.  Both results would be manifestly unfair to Red Hat and would be improper under the law.

Red Hat filed this action on August 5, 2024, seeking a declaratory judgment that it does not infringe two VirtaMove patents.  Red Hat's OpenShift software incorporates the widely used open-source containerization technologies Docker and Kubernetes.  Earlier this year, VirtaMove embarked on an aggressive patent litigation campaign against IBM—which is Red Hat's **_parent company_**—Hewlett Packard Enterprise ("HPE"), Google, and Amazon (collectively, the "Texas Defendants") based on their use of the **_exact same_** containerization technologies in their own respective software products.  In view of VirtaMove's campaign, Red Hat faced a critical decision: wait until it or its customers become VirtaMove's next target or proactively seek legal clarity through a declaratory judgment suit.  Because VirtaMove's other litigation shows that an infringement allegation against Red Hat is not just possible, but seemingly inevitable, a judgment in this case is necessary to lift the cloud of uncertainty that VirtaMove's related lawsuits have placed over Red Hat's products, customers, and business.

Jurisdiction is also appropriate in this District.  The open-source containerization software at issue was developed almost exclusively in this District and is maintained by companies located here.  And while VirtaMove is a Canadian company, its extensive efforts to demonstrate its patented technology and to license its patents that allegedly cover this containerization software have occurred almost exclusively in this District.  Far from disputing these facts, VirtaMove aptly summarizes them in its motion.  *See* Dkt. 31, VirtaMove Motion to Dismiss ("Mot.") at 3.  Yet, VirtaMove would have this Court ignore those facts and find that it somehow has no relevant connections to this District.

Red Hat respectfully asks this Court to deny VirtaMove's unfounded motion and find that: (1) the Court has subject matter jurisdiction over this action based on VirtaMove's recent assertion of its patents against four defendants that use the same relevant technology as Red Hat; and (2) the Court has specific

1   personal jurisdiction over VirtaMove based on VirtaMove's extensive licensing efforts and other activities

2   in this District.  To the extent this Court finds that Red Hat has not sufficiently pleaded either subject

3   matter or personal jurisdictional, Red Hat requests leave—pursuant to the contingent motion filed

4   herewith—to conduct appropriately targeted jurisdictional discovery to cure any possible deficiency in its

5   pleading.

6   **II.   LEGAL STANDARDS**

7       **A.      Subject Matter Jurisdiction Under The Declaratory Judgment Act**

8           "'[A]n examination of the totality of the circumstances must be made to determine whether there

9   is a controversy' in a patent declaratory judgment action." *Danisco U.S. Inc. v. Novozymes A/S*, 744 F.3d

10   1325, 1330–31 (Fed. Cir. 2014) (quoting *C.R. Bard, Inc. v. Schwartz*, 716 F.2d 874, 880 (Fed. Cir. 1983));

11   *see also MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (test for subject matter jurisdiction

12   in declaratory judgment action is "whether the facts alleged, under all the circumstances, show that there

13   is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and

14   reality to warrant the issuance of a declaratory judgment").  Notably, "Article III does not mandate that

15   the declaratory judgment defendant have threatened litigation or otherwise taken action to enforce its

16   rights before a justiciable controversy can arise, and the Supreme Court has repeatedly found the existence

17   of an actual case or controversy even in situations in which there was no indication that the declaratory

18   judgment defendant was preparing to enforce its legal rights."  *Danisco*, 744 F.3d at 1330 (collecting

19   cases); *see also Arkema Inc. v. Honeywell Int'l, Inc.*, 706 F.3d 1351, 1357 (Fed. Cir. 2013) (holding ***it is***

20   ***not "necessary that a patent holder make specific accusations" of infringement against a declaratory***

21   ***judgment plaintiff***) (emphasis added); *Arris Grp., Inc. v. British Telecomms. PLC*, 639 F.3d 1368, 1378

22   (Fed. Cir. 2011) ("***direct communication*** between a patentee and a declaratory plaintiff ***is not necessary***

23   ***to confer standing***") (emphasis added).

24           "The question instead is whether [Red Hat] has demonstrated a 'substantial risk' that the harm will

25   occur."  *Danisco*, 744 F.3d at 1330 (citing *Organic Seed Growers & Trade Ass'n v. Monsanto Co.*, 718

26   F.3d 1350, 1355 (Fed. Cir. 2013)).  "There only need be 'a reasonable potential that such a claim could

27   be brought'" by the patentee—"[i]t is the 'objective words and actions of the patentee that are

28   controlling.'"  *Microsoft Corp. v. Geotag, Inc.*, No. CV 11-175-RGA, 2014 WL 4312167, at *2–3 (D.

Del. Aug. 29, 2014), *aff'd on other grounds*, 817 F.3d 1305 (Fed. Cir. 2016) (quoting *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 904–05 (Fed. Cir. 2014); *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1363 (Fed. Cir. 2009)).

In evaluating the totality of the circumstances, courts look to whether the declaratory judgment defendant has "engaged in a course of conduct that shows a preparedness and a willingness to enforce its patent rights." *Danisco*, 744 F.3d at 1332 (quoting *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1383 (Fed. Cir. 2007)). Although "'declaratory judgment jurisdiction generally will not arise merely on the basis that a party learns of the existence of a patent' . . . [g]enerally, an affirmative act by the patentee is '***conduct that can be reasonably inferred as demonstrating intent to enforce a patent***.'" *UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, 787 F. App'x 691, 698 (Fed. Cir. 2019) (quoting *SanDisk*, 480 F.3d at 1380–81; *Hewlett-Packard*, 587 F.3d at 1363) (emphasis added). Such conduct supporting declaratory judgment jurisdiction can include "***suits against competitors***" *or against* "***manufacturers of the same type of equipment that DJ Plaintiffs manufacture and sell,***" as it "contributes to a legitimate concern by DJ Plaintiffs that they could face litigation" for the sale or use of products with the same technology targeted in those other suits. *In re Mobile Telecomms. Techs., LLC*, 247 F. Supp. 3d 456, 463 (D. Del. 2017) (emphasis added). Courts also consider whether the declaratory judgment plaintiff is "engaging in potentially infringing acts" or "whether there has been meaningful preparation to conduct potentially infringing activity." *UCP*, 787 F. App'x at 700–01 (internal quotation marks and citation omitted).

## B.   Personal Jurisdiction

"Federal Circuit case law applies" to the "question of personal jurisdiction" in patent cases. *Juniper Networks Inc. v. Swarm Tech. LLC*, No. 3:20-CV-03137-JD, 2021 WL 6049924, at *1 (N.D. Cal. Dec. 21, 2021). "The Federal Circuit has adopted a three-factor test to determine if jurisdiction over an out-of-state defendant"—*i.e.*, specific jurisdiction—"comports with due process: '(1) whether the defendant purposely directed its activities at residents of the forum; (2) whether the claim arises out of or relates to the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is reasonable and fair.'" *Id.* at *2 (quoting *Xilinx, Inc. v. Pabst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1352 (Fed. Cir. 2017)) (cleaned up). "For a motion to dismiss, 'a district court must accept the

uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor.'" *Id.* at *1 (quoting *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003)).  Absent "an evidentiary hearing, a plaintiff need only to make a *prima facie* showing that defendants are subject to personal jurisdiction." *Xilinx*, 848 F.3d at 1352.

"[I]n the context of patent litigation, communications threatening suit or proposing settlement or patent licenses can be sufficient to establish [specific] personal jurisdiction." *Trimble Inc. v. PerDiemCo LLC*, 997 F.3d 1147, 1155 (Fed. Cir. 2021); *see also, e.g.*, *Jack Henry & Assocs., Inc. v. Plano Encryption Techs. LLC*, 910 F.3d 1199 (Fed. Cir. 2018) (finding personal jurisdiction where defendant sent communications to eleven banks located in the forum "identifying . . . patents, stating that the Banks [were] believed to be infringing the patents, and inviting non-exclusive licenses").  A declaratory judgment defendant's "physical entry into the State—either by the defendant in person or through an agent, goods, mail, or some other means—is [also] certainly a relevant contact." *Xilinx*, 848 F.3d at 1354 (citing *Walden v. Fiore*, 571 U.S. 277, 285 (2014)).  "Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of *other factors* to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Id.* at 1355 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)) (emphasis in original).  Contacts with the forum state "not directly related to the underlying suit" are "still 'relevant in assessing the link between the defendant's forum contacts and the plaintiff's suit.'" *Trimble*, 997 F.3d at 1156 (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 371 (2021)).  Once a plaintiff has shown that the defendant has "purposefully . . . directed his activities at forum residents," it is the defendant's burden to "present a *compelling case* that the presence of some other considerations would render jurisdiction unreasonable." *Id.* at 1154 (citing *Burger King*, 471 U.S. at 477) (emphasis in original).

## III.    ARGUMENT

VirtaMove's filing against the Texas Defendants—including Red Hat's parent company, IBM— of four different patent infringement suits this year based ***solely*** on allegations that the accused products

use third-party technology from Docker and Kubernetes[1] creates a justiciable controversy with respect to Red Hat's OpenShift product, which uses the ***exact same*** accused third-party technology. And with regard to personal jurisdiction, VirtaMove's extensive licensing efforts in this District relating to the patents at issue in this case—and its actions repeatedly and purposefully availing itself of the privilege of conducting business activities here—are more than sufficient to establish specific personal jurisdiction in this District. This Court therefore should deny VirtaMove's motion to dismiss.

A.   **This Court Has Subject Matter Jurisdiction Over Red Hat's Declaratory Judgment Claim.**

Red Hat's Complaint adequately pleads subject matter jurisdiction over Red Hat's declaratory judgment claim by describing how VirtaMove recently filed several infringement suits in which it accuses the same open-source technology used in Red Hat's OpenShift product. This pattern of litigation based on the same technology presents a "legitimate concern . . . that [Red Hat] could face litigation . . . next." *In re Mobile*, 247 F. Supp. at 463 (denying motion to dismiss). Earlier this year, as alleged in Red Hat's Complaint, VirtaMove began a patent assertion crusade against the open-source Kubernetes and Docker community. In four separate lawsuits filed in Texas, VirtaMove accused HPE, Google, Amazon, and Red Hat's parent company IBM of infringing two VirtaMove patents (the "Asserted Patents"). *See* Compl. ¶¶ 2, 45, 50. Each of those lawsuits is based on the same underlying allegation: that the Texas Defendants' virtual machine products that use third-party Kubernetes or Docker—both open-source or formerly open-source containerization software—infringe the Asserted Patents. *See id.* ¶¶ 3, 50–51, 55–58. Red Hat's "OpenShift [product] uses the same third-party Docker container and Kubernetes technology" on which VirtaMove bases its infringement allegations against the Texas Defendants. *Id.* ¶ 4; *see also, e.g.*, *id.* ¶¶ 37 ("OpenShift uses Kubernetes as its underlying container orchestration system"), 53, 54 ("OpenShift likewise offers Docker containers by building container images from Dockerfiles to create Docker images"), 55 ("all the IBM features accused by VirtaMove are likewise offered in/supported by Red Hat OpenShift"), 56, 59. Given these facts, "[VirtaMove] could just as easily have asserted a claim of direct

---

[1]   Docker and Kubernetes are software tools that, among other things, can run applications in an environment called a "container." Dkt. 1 ("Compl.") ¶ 29. Kubernetes is an open-source container orchestration system. *Id.* ¶ 32. Docker is a software tool for developing and running applications in containers. *Id.* ¶ 35.

infringement against [Red Hat], based on the same underlying circumstances in the [Texas cases]." *Microsoft*, 2014 WL 4312167, at *2, *4 (denying motion to dismiss for lack of subject matter jurisdiction); *see also Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 901, 905 (Fed. Cir. 2008) (reversing order granting motion to dismiss for lack of subject matter jurisdiction because "[declaratory judgment plaintiff] watched [defendant] sue each of the other leading" suppliers of the accused technology).

Specifically, in VirtaMove's case against Amazon, it alleges infringement by Amazon's AWS End-of-Support Migration Program and Elastic Container Service—because those products "use[] Docker images" and "Kubernetes." Compl. ¶¶ 50, 56–58. In VirtaMove's case against Google, it alleges infringement by Google's Migrate to Containers service—also because that product "use[s] Docker containers and Kubernetes." *Id.* ¶¶ 50, 57. In VirtaMove's case against HPE, it alleges infringement by HPE's Ezmeral Runtime Enterprise—likewise because that product "use[s] Docker containers in a Kubernetes environment." *Id.* ¶¶ 50, 55. And in VirtaMove's case against IBM, it alleges infringement by IBM's Cloud Kubernetes Service ("IBM Kubernetes"), with its accusations "focusing exclusively on functionality provided by third-party software Kubernetes and Docker." *Id.* ¶¶ 3, 49.

There is ***nothing*** unique about VirtaMove's infringement allegations in any of those four cases—in each case, it is the use of Docker and Kubernetes software that VirtaMove accuses of infringement, not any additional feature that is implemented on top of that third-party software. *See, e.g.*, *id.* ¶¶ 3–4, 50, 55–58; *id.*, Ex. A (VirtaMove's Second Amended Complaint against IBM) ¶¶ 14, 24; *id.*, Ex. B (VirtaMove's Second Amended Complaint against HPE) ¶¶ 14, 24; *id.*, Ex. C (VirtaMove's First Amended Complaint against Google) ¶¶ 16, 28; *id.*, Ex. D (VirtaMove's First Amended Complaint against Amazon), Ex. 4 at 2, 4–12. For example, in the IBM case, VirtaMove's infringement allegations do not identify any feature of IBM's use of Kubernetes that is unique or specific to that product, but instead focus solely on the fact that IBM Kubernetes is a "managed Kubernetes solution" that "provides a fully managed container service for [open source] Docker (OCI) containers." *Id.* ¶¶ 45, 67; *id.*, Ex. A ¶ 14; *id.*, Ex. 2 (VirtaMove's '814 patent infringement claim chart) at 1; *id.*, Ex. 4 (VirtaMove's '058 patent infringement claim chart) at 1. Red Hat's OpenShift product uses the ***exact same*** accused third-party software in the ***exact same*** way as IBM's use of Kubernetes—a fact VirtaMove does not dispute in its motion. *See* Mot. at 3, 6; Compl. ¶¶ 51 (OpenShift 4.4, "an evolution of the Kubernetes Enterprise 1.17 platform"), 54

("First you require a tool for building a container, . . . a Dockerfile"), 57 ("Containers in OpenShift Container Platform are based on OCI- or Docker-formatted container images").

Given VirtaMove's consistent infringement theory against the four Texas Defendants, there is no question that it seeks to "accuse[] *all products*" that utilize Kubernetes and Docker, or similar technology—which gives rise to "a real and immediate threat and . . . controversy" with respect to Red Hat. *In re Mobile*, 247 F. Supp. at 462 (emphasis in original). In *In re Mobile*, manufacturers of Wi-Fi-enabled devices implementing the IEEE 802.11 standard filed for a declaratory judgment of non-infringement. *Id.* at 458–59. The District Court found subject matter jurisdiction because the patentee had previously filed cases against the DJ plaintiffs' customers and competitor-manufacturers accusing products that implemented the same standardized IEEE 802.11 functionality. *Id.* at 460, 462–63. Here, just like the patentee in *Mobile*, VirtaMove's infringement theory in the Texas cases is directed to the use of the same Kubernetes and Docker open-source software that Red Hat uses in its OpenShift product. And "even in the absence of direct threats against [Red Hat]," VirtaMove's "aggressive enforcement strategy" against the Texas Defendants unquestionably constitutes affirmative acts that demonstrate its willingness to enforce its patents against companies that—like Red Hat—use Kubernetes and Docker technology in their products. *Microsoft Corp. v. SynKloud Techs., LLC*, 484 F. Supp. 3d 171, 180 (D. Del. 2020); *UCP*, 787 F. App'x at 698 (accusing the same products in other litigations is "conduct that can be reasonably inferred as demonstrating intent to enforce a patent."). Indeed, for all relevant purposes, VirtaMove has "su[ed] identically situated parties" and "assert[ed] identical infringement claims involving identical standards and identical infringing conduct." *In re Mobile*, 247 F. Supp. at 462.

There also is no question that VirtaMove is aware that Red Hat's OpenShift product contains all the same accused features—namely, the use of Docker and Kubernetes—as the Texas Defendants' products. In a June 2020 blog post on VirtaMove's website, VirtaMove explained that it understands Red Hat's OpenShift to be a platform "built around Docker containers" that "is orchestrated and managed by Kubernetes." Compl. ¶¶ 51–52. Given VirtaMove's aggressive strategy of accusing other products with these *same* features and using the *same* third party components, it ostensibly is only a matter of time before OpenShift will be accused of infringement, too. That outcome is especially likely, given that VirtaMove has already sued Red Hat's parent company, IBM, for infringement based on the same features.

*Id.* ¶ 6.  As a result, "[VirtaMove's] behavior validates that [Red Hat], quite reasonably, is more than a 'nervous . . . possible infringer,' even if [VirtaMove] is not currently 'poised on the courthouse steps' to sue [Red Hat] for infringement of the" Asserted Patents.  *Danisco*, 744 F.3d at 1332 (quoting *Vanguard Rsch. v. PEAT, Inc.*, 304 F.3d 1249, 1254–55 (Fed. Cir. 2002)).

In addition, because courts routinely find a justiciable case or controversy even where the potentially infringing actions are only "planned activity," the fact that Red Hat already makes "ongoing" commercial use of OpenShift further supports standing.  *SanDisk*, 480 F.3d at 1381.  At present, Red Hat "is in the position of either abandoning its [OpenShift] product[] or running the risk of being sued for infringement" (or the risk of its customers being sued for infringement), "which is precisely the type of situation that the Declaratory Judgment Act was intended to remedy."  *Danisco*, 744 F.3d at 1332. Moreover, despite VirtaMove's (incorrect) assertion that its "infringement contentions" against the Texas Defendants "focus on specific details" of the accused products, not their "mere use of Docker containers and Kubernetes technology," Mot. at 6, Red Hat need not "present[] evidence" that OpenShift actually "infringe[s] the patents-in-suit."  *Arris*, 639 F.3d at 1380.  Indeed, it would be "incongruous to require that one seeking a declaration of *noninfringement* prove its process or product is the 'same as' or 'identical' to the patented process or product."  *Id.* (citing *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 738 (Fed. Cir. 1988)) (emphasis in original).  And VirtaMove offers no assurance, in its motion or otherwise, that it will not sue Red Hat for infringement or that it does not believe OpenShift infringes the Asserted Patents, which further underscores that an actual controversy exists.  *See Arris*, 639 F.3d at 1381 ("a patentee's refusal to give assurances that it will not enforce its patent is relevant to the determination [of declaratory judgment standing]") (quoting *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1341 (Fed. Cir. 2008)).[2]

VirtaMove bases nearly its entire argument regarding subject matter jurisdiction on the faulty suggestion that there can be no standing if it has not already specifically accused Red Hat of infringement. *See* Mot. at 5–10.  In fact, as noted above, "jurisdiction does not turn on whether the patentee specifically

---

[2]   *Finisar Corp. v. Capella Photonics, Inc.* (cited by VirtaMove) therefore is inapplicable here, because in that case, the patentee told Finisar "that it does not intend to enforce [the patents-in-suit] against Finisar," such that there was no "live case or controversy."  No. 20-CV-07629-EMC, 2021 WL 810227, at *5 (N.D. Cal. Mar. 3, 2021).

communicated with the declaratory judgment plaintiff." *UCP*, 787 F. App'x at 699–700 (affirming order denying motion to dismiss for lack of subject matter jurisdiction despite fact that declaratory judgment defendant "never sued UCP," "never threatened to sue UCP," "had no intention of suing UCP," "never sent a notice letter," never "demanded royalties," "or even spoke to UCP prior to UCP's declaratory judgment action"); *see also Danisco*, 744 F.3d at 1330 (collecting cases); *Arkema*, 706 F.3d at 1357 ("specific accusations" not necessary); *Arris*, 639 F.3d at 1378 ("direct communication . . . not necessary to confer standing"). None of the cases VirtaMove cites stands for any different proposition.[3]

In *Ass'n for Molecular Pathology v. USPTO* ("*Myriad*"), the Federal Circuit found a lack of subject matter jurisdiction because the "various organizational plaintiffs . . . had made no preparation to undertake potentially infringing activities" and because "Plaintiffs . . . failed to allege **any** 'affirmative acts' by [patentee] within the past ten years relating to the patents in suit." 689 F.3d 1303, 1319, 1323 (Fed. Cir. 2012), *rev'd in part on other grounds*, 569 U.S. 576 (2013) (emphasis added). Here, Red Hat's OpenShift product has been in commercial use for nearly fourteen years (Compl. ¶ 38), and VirtaMove has brought four infringement actions **this year** accusing products for having features that are identical to OpenShift (*id.* ¶ 50). As such, it is "likely," rather than "merely speculative," that the alleged injury will be "redressed by a favorable decision." *Myriad*, 689 F.3d at 1323.

Similarly, in *Prasco, LLC v. Medicis Pharm. Corp.*, the Federal Circuit found that patentee "Medicis's decision to mark its products, prior to any knowledge of Prasco's . . . product, is irrelevant to the question of whether Medicis' believes [Prasco's product] infringes the applicable patents or will attempt to interfere with Prasco's business on the basis of an allegation of infringement."[4] 537 F.3d 1329, 1340–41 (Fed. Cir. 2008). The Court noted that "**one prior suit** concerning **different products** covered by **unrelated patents** is not the type of pattern of prior conduct that makes reasonable an assumption that

---

[3]  As a preliminary matter, *Cisco Sys., Inc. v. OpenTV Inc.* (cited by VirtaMove) is not a ruling on a motion to dismiss for lack of standing, but rather is an order denying a motion to conduct jurisdictional discovery. *See* No. 5:13-CV-0282-EJD, 2013 WL 2285226, at *1 (N.D. Cal. May 23, 2013). The case settled and was voluntarily dismissed before the Court ruled on defendant's motion to dismiss. *See Cisco Sys., Inc. v. OpenTV Inc.*, No. 5:13-CV-0282-EJD, Dkt. 104 (N.D. Cal. Feb. 5, 2014).

[4]  For similar reasons, the court in *Trend Micro Corp. v. Whitecell Software, Inc.* found no "imminent controversy between the parties" where "the only step Fortinet has yet taken down th[e] road" of "mount[ing] an attack based on the [patent-in-suit]" "is acquiring" the patent. No. C-10-02248-WHA, 2011 WL 499951, at *3 (N.D. Cal. Feb. 8, 2011).

1   Medicis will also take action against Prasco regarding its new product." *Id.* at 1341 (emphasis added).

2   Here, Red Hat's allegations are not based on the possibility that it will bring a new product to market of

3   which VirtaMove has no prior knowledge, nor are its allegations based on VirtaMove's decision to mark

4   its products or to sue another company based on infringement of an unrelated patent by a different product.

5   Rather, Red Hat's declaratory judgment action is based on VirtaMove's broad litigation campaign against

6   numerous virtual machine products that have the ***exact same*** features as OpenShift—a product that has

7   been on the market for years and of which (as discussed above) VirtaMove is already aware.[5]

8          In *Proofpoint, Inc. v. InNova Patent Licensing, LLC*, the court dismissed the case for lack of

9   standing because "Proofpoint does not assert that it 'uses' its products in a manner that could be alleged

10  to infringe the" asserted patent and because "Proofpoint has not alleged that its technology could not be

11  used without infringing the" patent.  No. 5:11-CV-02288-LHK, 2011 WL 4915847, at *5 (N.D. Cal. Oct.

12  17, 2011).  Similarly, in *Unisense Fertilitech A/S v. Auxogyn, Inc.*, "no specific instances of potentially

13  infringing activity or concrete steps towards potentially infringing activity ha[d] been identified."  896 F.

14  Supp. 2d 822, 830 (N.D. Cal. 2012).  While Red Hat does not need to show that OpenShift infringes the

15  Asserted Patents, *see Arris*, 639 F.3d at 1380, Red Hat has sufficiently pleaded that "OpenShift uses the

16  same open source technology that VirtaMove accuses of infringement."  Compl. ¶ 58.  Accordingly, this

17  Court has subject matter jurisdiction over Red Hat's declaratory judgment claim.  *See In re Mobile*, 247

18  F. Supp. at 463; *UCP*, 787 F. App'x at 702; *Micron*, 518 F.3d at 902.

19          **B.      This Court Has Personal Jurisdiction Over VirtaMove.**

20          Red Hat's Complaint also sufficiently pleads that this Court has specific personal jurisdiction over

21  VirtaMove.  VirtaMove incorrectly contends that "Red Hat's complaint only attempts to establish general,

22  not specific, jurisdiction," and thus provides "absolutely no basis for *specific* jurisdiction here."  Mot. at

23

24

25  ───────────────────

26  [5]    Likewise, in *Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, the Federal Circuit found that "friendly conversations" between the parties "did not constitute a threat of legal action by KCI as to ***products they had not seen***."  599 F.3d 1377, 1381 (Fed. Cir. 2010) (emphasis added).  The Court also noted that a "general propensity to enforce its legal rights did not establish an actual controversy." *Id.* at 1382.  Here, VirtaMove has seen Red Hat's product, and it is accusing products with the same features.

27

28

10 (emphasis in original).[6]  In fact, Red Hat's Complaint alleges that on numerous occasions, VirtaMove purposefully directed its business activities at residents of this District "relating to its efforts to license, enforce, and sell products allegedly embodying its patents" (Compl. ¶ 18), and Red Hat's claim arises out of those same activities, which satisfies the standard for specific jurisdiction. *See Xilinx*, 848 F.3d at 1352. As explained above, the Federal Circuit adopts a three-factor test for specific jurisdiction: "(1) whether the defendant purposely directed its activities at residents of the forum; (2) whether the claim arises out of or relates to the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Juniper Networks*, 2021 WL 6049924, at *1 (quoting *Xilinx*, 848 F.3d at 1352). Applied to the facts pleaded in Red Hat's Complaint, all three factors confirm this Court's jurisdiction over VirtaMove for purposes of Red Hat's declaration judgment action.

The first factor considers whether there is "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Xilinx*, 848 F.3d at 1353.  The Federal Circuit "has previously recognized that in-person visits to the forum are significant contacts in the declaratory judgment context." *Id*. at 1354. Red Hat's Complaint pleads facts—confirmed by VirtaMove's own pleadings in the Texas cases—that VirtaMove directed its patent licensing and enforcement efforts at California residents. *See* Compl. ¶¶ 11–15, 18; *id.*, Ex. B ¶¶ 10–11; *id.*, Ex. C ¶ 10. Specifically, in 2013, VirtaMove "met with HP representatives in California to discuss and demonstrate the AppZero technology"[7] that "VirtaMove claims is covered by" the Asserted Patents.  *Id.* ¶¶ 11–13.   In 2015, 2020, and 2021, VirtaMove also "met with representatives of Google" to demonstrate its technology, which was patented at that time. *Id.* ¶ 14.  Those meetings with HP and Google took place in this District and concerned the same patents that are at issue in this case and based on which VirtaMove subsequently sued both Google and HPE for infringement. *See id.* ¶¶ 11–14.   Moreover, Red Hat's Complaint notes that the "VirtaMove representative who

---

[6]   Because VirtaMove's motion focuses almost exclusively on general jurisdiction, to the extent VirtaMove raises new arguments or evidence in its reply brief with respect to specific jurisdiction, Red Hat respectfully requests the opportunity to submit a sur-reply brief on this subject. *See Glass v. Asic N., Inc.*, 848 F. App'x 255, 257 (9th Cir. 2021); *Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. Mar. 20, 2014).

[7]   VirtaMove is formerly known as AppZero Software Corp. ("Appzero").  Compl. ¶ 7.

purportedly met with the [Texas Defendants]" to discuss VirtaMove's patented technology "resides in the Northern District of California." *Id.* ¶ 18.  And "the attorneys and law firm VirtaMove hired to enforce its patents are located in California." *Id.*   Further, in 2020, VirtaMove granted another California company, CloudPhysics, "an express or implied license to use VirtaMove's application virtualization patents, including the [Asserted Patents]." *Id.* ¶ 15.  As these facts show, VirtaMove purposefully directed its activities to California by conducting meetings, licensing activities, and legal undertakings here.  *See Trimble*, 997 F.3d at 1155 ("physically entering the forum to demonstrate the technology underlying the patent" is "relevant to the purposeful availment inquiry in declaratory judgment patent cases" and other "contacts may include hiring an attorney or patent agent in the forum state"); c*f. Apple Inc. v. VoIP-Pal.com, Inc.*, 506 F. Supp. 3d 947, 962–63 (N.D. Cal. 2020) ("engaging multiple California law firms in its infringement lawsuits" supported finding that "Defendant has purposefully directed its enforcement activities towards the forum state"); *Elecs.*, 340 F.3d at 1351 (finding defendant "purposefully directed their activities to California" where they "hired a California attorney").  VirtaMove's motion to dismiss fails to address any of these facts in the context of specific jurisdiction.

Moreover, "[t]hat [VirtaMove] discussed the patent portfolio with [other companies] instead of [Red Hat] is of no consequences because analysis of minimum contacts looks to the full scope of [VirtaMove's] activities related to the [Asserted Patents] in California." *Twitter, Inc. v. VoIp-Pal.com, Inc.*, No. 3:21-CV-09773-JD, 2022 WL 2905065, at *1 (N.D. Cal. July 22, 2022) (denying motion to dismiss for lack of personal jurisdiction in declaratory judgment action where declaratory judgment defendant previously sought to license its patent portfolio to a different company in California "before ultimately suing [that company] for patent infringement in" the Western District of Texas).  "What matters are [VirtaMove's] substantial efforts in California to get companies to take a license.  'An entity that repeatedly sends communications into a forum state clearly has fair warning that its activity may subject it to the jurisdiction of a foreign sovereign.'" *Juniper*, 2021 WL 6049924, at *3 (quoting *Trimble*, 997 F.3d at 1155) (denying motion to dismiss for lack of personal jurisdiction where declaratory judgment defendant "exchanged communications with at least three other California companies about whether their product was covered by the [defendant's] patents and whether a license was necessary").  Ultimately, by

1    seeking to license its patented technology to entities in California, VirtaMove unquestionably directed its

2    activities at residents of the forum.  Compl. ¶¶ 11–18.

3          Regarding the second factor in the specific jurisdiction analysis, Red Hat's declaratory judgment

4    action concerns the enforcement of the **same patents** and the **same technology** that have been the subject

5    of VirtaMove's licensing efforts in this District.  *See id.* ¶¶ 63–72.  Red Hat's claim in this case therefore

6    "arises out of or relates to" VirtaMove's activities directed this forum.  *Xilinx*, 848 F.3d at 1352.

7    Because both of the first two factors are satisfied, the Court's exercise of personal jurisdiction over

8    VirtaMove is presumptively reasonable.  *See id.* at 1356.

9          With respect to the third factor, it is VirtaMove's burden to show "a compelling case" that

10   jurisdiction is unreasonable.  *Id.*  Outside of a single passing reference (*see* Mot. at 10), VirtaMove's

11   motion fails to address specific jurisdiction, let alone contest that the "assertion of personal jurisdiction is

12   reasonable and fair." *Id.* at 1353 (quotation omitted).  In any event, to answer this question, "*other factors*"

13   besides the contacts discussed above "may be considered," including, *inter alia*, the "burden on the

14   defendant" and "the plaintiff's interest in obtaining convenient and effective relief." *Id.* at 1355 (emphasis

15   in original).  Importantly, VirtaMove is no stranger in California.  VirtaMove "purposefully utilizes

16   California servers for [its] product V-Migrate"—which it claims is an embodiment of the Asserted Patents,

17   *see* Compl. ¶ 13—"to use, sell, offer for sale, license, and/or distribute V-Migrate for and to California

18   customers." *Id.* ¶¶ 16–17; *see also Trimble*, 997 F.3d at 1155 ("Additional contacts also include exploiting

19   a market in the forum state").  VirtaMove also maintains or maintained strategic partnerships with multiple

20   California companies, including at least HP and CloudPhysics.  *See* Compl. ¶¶ 11, 15; *Trimble*, 997 F.3d

21   at 1156 (contacts may include "entering a contractual relationship centered" in the forum state); *Asgilent*

22   *Techs., Inc. v. Elan Microelectronics Corp.*, No. C 04-05385 JW, 2005 WL 3260162, at *3 (N.D. Cal.

23   Nov. 29, 2005) ("purposefully s[eeking] a partnership with a California company" supports finding that

24   defendant "purposefully availed itself of the privilege of conducting activities in the Northern District of

25   California").  At least one member of VirtaMove's board, Scott Munro, resides in this District.  Compl.

26   ¶ 18.  In addition, VirtaMove is "registered to do business in California and has a registered corporate

27   agent in California." *Id.* ¶ 20.

28

Further, the underlying accused Docker and Kubernetes technology was developed and is maintained by companies that reside in this District, giving "[t]he Northern District of California . . . a significant interest in adjudicating this dispute." *Trimble*, 997 F.3d at 1158; *see also* Compl. ¶ 19.  Other related technology, such as the "ContainerD and CRI-O container engines," "early iterations of containerization software" (such as Thinstall, FreeBSD, Virtuozzo, and Solaris), and the "container orchestration system called Apache Mesos" also were developed and are maintained in this District.  *Id.* ¶¶ 19, 31, 33.  The predecessor to Kubernetes, known as Borg, likewise was developed in the Northern District of California by Google—the same company that VirtaMove met with in this District to showcase its patented technology and that it has now sued for patent infringement in Texas.  *See id.* ¶¶ 14, 19, 32, 50.  Thus, "California has a substantial interest in protecting its residents from unwarranted claims of patent infringement" by VirtaMove, which additionally supports a finding of specific personal jurisdiction.  *Xilinx*, 848 F.3d at 1356 (internal citation omitted).

### C.   If This Court Finds Red Hat's Complaint To Be Insufficient, It Should Grant Red Hat Leave To Conduct Jurisdictional Discovery And Amend Its Pleading.

As discussed above, Red Hat's Complaint pleads facts that are more than sufficient to support a finding of both subject matter and personal jurisdiction over VirtaMove.  Nevertheless, to the extent this Court disagrees or believes more facts are needed to establish jurisdiction, Red Hat respectfully asks the Court to grant Red Hat leave to conduct limited jurisdictional discovery and amend its Complaint (as requested in Red Hat's contingent motion for leave filed concurrently with this response).[8]  Courts have "broad discretion to permit" jurisdictional discovery, and a request for such discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."[9]  *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (internal citation omitted); *see also Yamashita v. LG Chem., Ltd.*, 62 F.4th 496, 507 (9th

---

[8]   As explained in more detail in the accompanying contingent motion for leave, the discovery that Red Hat proposes is narrowly tailored to "specific information" in VirtaMove's "direct control" that would further support jurisdiction.  *Good Job Games Bilism Yazilim Ve Pazarlama A.S. v. SayGames, LLC*, No. 20-16123, 2021 WL 5861279, at *1 (9th Cir. Dec. 10, 2021); *Tangle, Inc. v. Buffalo Games, LLC*, No. 22-CV-07024-JSC, 2023 WL 2774452, at *7 (N.D. Cal. Apr. 3, 2023).

[9]   VirtaMove attempts to controvert at least some of the facts pleaded in Red Hat's Complaint.  *See, e.g.*, Mot. at 6 n.3, 12 n. 5.

Cir. 2023).  Indeed, "it may be an abuse of discretion for a court to deny jurisdictional discovery where such discovery '*might* well demonstrate' jurisdictionally relevant facts and the plaintiff is denied the opportunity to develop the jurisdictional record."  *Calix Networks, Inc. v. Wi-Lan, Inc.*, No. C-09-06038-CRB DMR, 2010 WL 3515759, at *3 (N.D. Cal. Sept. 8, 2010) (quoting *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003)) (emphasis in original).

Regarding personal jurisdiction, as noted above, the publicly available facts pleaded in Red Hat's Complaint demonstrate that VirtaMove has undertaken years of licensing efforts both in this District and in California generally.  *See* Compl. ¶¶ 11–15.  Although VirtaMove does not deny those facts, *see* Mot. at 3, Red Hat believes jurisdictional discovery would reveal additional, non-public information regarding licensing and enforcement efforts related to the Asserted Patents that VirtaMove has undertaken in this District.  Jurisdictional discovery relating to VirtaMove's overall presence in California also is likely to reveal additional contacts that VirtaMove maintains in the state.[10]  Briefs filed in connection with the Texas Defendants' respective motions to transfer to this District indicate that VirtaMove has far more contacts with this District than Red Hat was able to plead in this case (given the protective orders in those cases), *see, e.g.*, *VirtaMove, Corp. v. Hewlett Packard Enterprise Co.*, No. 2:24-cv-00093-JRG, Dkt. 78, 88 (E.D. Tex.), confirming that jurisdictional discovery conducted here will further support personal jurisdiction.  Courts in this District routinely grant jurisdictional discovery even where a plaintiff has provided only a "colorable basis" or "some evidence" for personal jurisdiction—far less than the showing Red Hat has already made here.  *Calix*, 2010 WL 3515759, at *4.

## IV.    CONCLUSION

For the reasons set forth above, Red Hat respectfully asks this Court to find that the Court has subject matter jurisdiction over Red Hat's declaratory judgment action and personal jurisdiction over VirtaMove, and therefore to deny VirtaMove's baseless motion to dismiss.  In the alternative, Red Hat

---

[10]   For example, Red Hat has reason to believe that VirtaMove attended numerous trade shows in California to showcase its technology and patents in an attempt to license them.  Jurisdictional discovery likely would confirm that fact, providing yet another basis for personal jurisdiction over VirtaMove.  *See, e.g.*, *Juniper*, 2021 WL 6049924, at *2–3 ("attend[ing] trade shows in" Northern District of California demonstrated "substantial efforts in California to get companies to take a license"); *Bravo Co. USA v. Badger Ordnance LLC*, No. 2:14-CV-00387-RCJ, 2015 WL 1326420, at *5–6 (D. Nev. Mar. 25, 2015) (similar).

asks the Court to grant the request for leave to conduct jurisdictional discovery set forth in Red Hat's accompanying contingent motion, so Red Hat may use that discovery to amend its Complaint to address any deficiencies identified by the Court.

DATED:  October 17, 2024                        Respectfully submitted,

                                                KIRKLAND & ELLIS LLP

                                                */s/ Brandon H. Brown*
                                                Brandon H. Brown (SBN 266347)
                                                KIRKLAND & ELLIS LLP
                                                555 California Street
                                                San Francisco, CA 94104
                                                Telephone: (415) 439-1400
                                                Facsimile:  (415) 439-1500
                                                Email: brandon.brown@kirkland.com

                                                Todd M. Friedman (*pro hac vice* forthcoming)
                                                KIRKLAND & ELLIS LLP
                                                601 Lexington Avenue
                                                New York, NY 10022
                                                Telephone: (212) 446-4800
                                                Facsimile:  (212) 446-4900
                                                Email: todd.friedman@kirkland.com

                                                *Attorneys for Plaintiff RED HAT, INC.*