1   Brandon H. Brown (SBN 266347)
    KIRKLAND & ELLIS LLP
2   555 California Street
    San Francisco, CA 94104
3   Telephone: (415) 439-1400
    Facsimile:  (415) 439-1500
4   Email: brandon.brown@kirkland.com

5   Todd M. Friedman (*pro hac vice* forthcoming)
    KIRKLAND & ELLIS LLP
6   601 Lexington Avenue
    New York, NY 10022
7   Telephone: (212) 446-4800
    Facsimile:  (212) 446-4900
8   Email: todd.friedman@kirkland.com

9   *Attorneys for Plaintiff RED HAT, INC.*

10              **UNITED STATES DISTRICT COURT**
            **NORTHERN DISTRICT OF CALIFORNIA**
11                  **SAN JOSE DIVISION**

12   RED HAT, INC.,                          CASE NO.  5:24-CV-04740-PCP

13              Plaintiff,                    **PLAINTIFF RED HAT'S
                                             CONTINGENT MOTION TO**
14        v.                                 **CONDUCT JURISDICTIONAL
                                             DISCOVERY**
15   VIRTAMOVE, CORP.,
                                             Jury Trial Demanded
16              Defendant.
                                             Hearing Date:    December 12, 2024
17                                           Time:            10:00 a.m.
                                             Location:        Courtroom 8, 4th Floor
18                                           Judge:           Hon. P. Casey Pitts

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on December 12, 2024, at 10 a.m., or as soon thereafter as the matter may be heard before the Honorable P. Casey Pitts, in Courtroom 8, 4th Floor, of the United States District for the Northern District of California, located at 280 South 1st Street, San Jose, CA 95113, Plaintiff Red Hat, Inc. ("Red Hat") respectfully moves the Court to allow Red Hat to take limited jurisdictional discovery from Defendant VirtaMove, Corp. ("VirtaMove").  VirtaMove has moved to dismiss Red Hat's Complaint in this action for lack of subject matter jurisdiction and personal jurisdiction, and purports to controvert at least some jurisdictional facts Red Hat has pleaded.  In the event the Court does not deny VirtaMove's motion to dismiss outright based on the arguments set forth in Red Hat's opposition, limited jurisdictional discovery is likely to produce additional facts that this Court may find useful in determining whether it can properly exercise jurisdiction over Red Hat's claims against VirtaMove.

The present motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support of this Motion, all pleadings filed with this Court, any oral argument that may be presented at a hearing on this matter, and any other information or materials this Court may consider.

1

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2

**I.   INTRODUCTION**

3

As set forth in Red Hat's opposition to VirtaMove's co-pending Motion To Dismiss Red Hat's

4

Complaint Under Fed. R. Civ. P. 12(b)(1) And 12(b)(2) (Dkt. 31, "Mot."), Red Hat's Complaint pleads

5

facts that are more than sufficient to establish both subject matter and personal jurisdiction, and the Court

6

should deny VirtaMove's motion outright.  *See* Dkt. 1, Red Hat Complaint ("Compl.").  Nevertheless, in

7

the event this Court concludes that VirtaMove has successfully controverted any pertinent jurisdictional

8

facts pled in Red Hat's Complaint[1] and/or concludes that additional facts are necessary to establish

9

jurisdiction, Red Hat respectfully requests leave to conduct limited jurisdictional discovery into

10

VirtaMove's contacts with and activities in the State of California. Based on recent discovery produced

11

and filed in connection with motions that Google, Amazon, Hewlett-Packard Enterprise ("HPE"), and

12

IBM have filed to transfer VirtaMove's cases against them in the Western and Eastern Districts of Texas

13

(the "Texas Cases") to the Northern District of California, Red Hat has reason to believe that targeted

14

jurisdictional discovery will establish additional pertinent connections between California and Red Hat's

15

declaratory judgment action against VirtaMove.

16

**II.   ARGUMENT**

17

Jurisdictional discovery is likely to reveal additional, non-public information regarding

18

VirtaMove's patent licensing and enforcement efforts in California, which will further establish this

19

Court's jurisdiction over VirtaMove for purposes of Red Hat's declaratory judgment action.  Courts have

20

"broad discretion to permit" jurisdictional discovery, and a request for such discovery "should ordinarily

21

be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more

22

satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093

23

(9th Cir. 2003); *see also Yamashita v. LG Chem., Ltd.*, 62 F.4th 496, 507 (9th Cir. 2023).  Indeed, "it may

24

be an abuse of discretion for a court to deny jurisdictional discovery where such discovery '*might* well

25

demonstrate' jurisdictionally relevant facts and the plaintiff is denied the opportunity to develop the

26

---

27

[1]   VirtaMove has attempted to controvert at least some of the jurisdictional facts pleaded by Red Hat.

28

*See, e.g.*, Dkt. 31, Mot. at 6 n.3, 12 n.5.

jurisdictional record." *Calix Networks, Inc. v. Wi-Lan, Inc.*, No. C-09-06038-CRB DMR, 2010 WL 3515759, at *3 (N.D. Cal. Sept. 8, 2010) (quoting *Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003)) (emphasis in original).  Notably, as confirmed (for example) by recent filings in the Texas Cases, Red Hat's request for jurisdictional discovery is based on far more than a mere "hunch that it might yield jurisdictionally relevant facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).  Accordingly, in the event the Court does not deny VirtaMove's motion to dismiss, the Court should grant Red Hat leave to conduct the limited jurisdictional discovery requested herein.

### A.  Jurisdictional Discovery Is Appropriate in This Case.

Solid evidence, rather than a mere hunch, supports Red Hat's contingent request for jurisdictional discovery.  Red Hat has pleaded facts demonstrating that VirtaMove has undertaken years of patent licensing efforts both in this District specifically and in California generally.  *See* Dkt. 1, Compl. ¶¶ 11–15.  VirtaMove cannot and does not deny those facts.  *See* Dkt. 31, Mot. at 3.  Because public information alone has proved these years of patent licensing efforts by VirtaMove, Red Hat has ample reason to believe that jurisdictional discovery would reveal additional, non-public information regarding licensing and enforcement efforts that VirtaMove has undertaken in this District related to the Asserted Patents.

Additional, newly developed public information also supports Red Hat's request.  In the patent infringement cases that VirtaMove has brought against Google, Amazon, HPE, and IBM in Texas, VirtaMove has produced discovery confirming that it purposefully availed itself of this forum, including in connection with its licensing and enforcement of the patents-in-suit, as well as other repeated activities related to those patents.  The conduct in question includes repeated meetings that VirtaMove has held with—and presentations that it has given to—California companies in California, where VirtaMove has discussed its intellectual property and presented its "patented" containerization products to customers and partners in the state.  The information produced in the Texas Cases also indicates that VirtaMove retained a San Francisco-based patent-monetization firm to enforce its patents.  Based on this newly revealed information, Red Hat has been able to find additional public evidence that further demonstrate VirtaMove's contacts with this District and with California generally.  *See, e.g.*, Ex. 1 (VirtaMove predecessor AppZero attended "Cloud Expo Silicon Valley" in 2013 to showcase its "patented software," available at https://icloud.pe/blog/appzero-to-exhibit-at-cloud-expo-silicon-valley/); Ex. 2 (AppZero

attended "VMworld 2013" in San Francisco to showcase its "patented software," available at https://www.prweb.com/releases/appzero_showcases_new_cloud_migration_tools_at_vmworld_2013/prweb11050304.htm); Ex. 3 (AppZero attended "Demo 09" in Palm Springs to license its software to California customers at "$500 per server application," available at https://www.crn.com/news/applications-os/215600064/virtualization-2-0-in-spotlight-at-demo-09); Ex. 4 (VirtaMove predecessor Trigence launched its first product at "DEMOfall 2006" in San Diego, available at https://vmblog.com/archive/2006/09/27/2052.aspx).

This additional information that Red Hat has discovered since filing its Complaint confirms that the public information available to Red Hat only scratches the surface of VirtaMove's extensive contacts with this forum.  Notably, courts in this District have granted jurisdictional discovery even where a plaintiff has provided only "circumstantial evidence" of personal jurisdiction—far less than the facts Red Hat has already pleaded (not to mention the additional facts Red Hat has provided in this motion). *Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996, 1003 (N.D. Cal. 2016) (holding social media post that purported to show a "satisfied customer" from "Cali" was sufficient to warrant further jurisdictional discovery on defendant's contacts with California).  Jurisdictional discovery therefore is warranted if the Court declines to deny VirtaMove's motion to dismiss.

**B.     Red Hat's Request For Limited Jurisdictional Discovery Is Appropriately Tailored.**

If this Court were to grant Red Hat's request for jurisdictional discovery, Red Hat would seek to depose a VirtaMove Rule 30(b)(6) representative and would propound written discovery requests to VirtaMove on topics including:

- VirtaMove's California-based licensing efforts;

- VirtaMove's California-based patent enforcement activities;

- VirtaMove's sales, offers for sale, and marketing of its purportedly patented products and products related to the Asserted Patents to California-based customers;

- VirtaMove's attendance and presentations at California trade shows and similar activities;

- VirtaMove's purposeful use of California-based servers and other hardware;

- VirtaMove representatives' travel to California on behalf of VirtaMove;

- VirtaMove representatives' and employees' residency in California; and

- Any non-privileged analysis or decision-making regarding whether to sue Red Hat for patent infringement under the Asserted Patents.

Each of these requests appropriately seeks "specific information from [VirtaMove]" regarding relevant jurisdictional issues, and Red Hat should be given an opportunity to conduct such discovery to "demonstrate facts sufficient to constitute a basis for jurisdiction," if the Court does not deny VirtaMove's motion to dismiss. *Good Job Games Bilism Yazilim Ve Pazarlama A.S. v. SayGames, LLC*, No. 20-16123, 2021 WL 5861279, at *1 (9th Cir. Dec. 10, 2021).

## III.    CONCLUSION

For the reasons set forth above, if the Court does not deny VirtaMove's motion to dismiss and believes more information is necessary to establish jurisdiction, Red Hat respectfully asks the Court to grant Red Hat's request for leave to conduct jurisdictional discovery.

DATED:  October 18, 2024                   Respectfully submitted,

KIRKLAND & ELLIS LLP

*/s/ Brandon H. Brown*
Brandon H. Brown (SBN 266347)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile:  (415) 439-1500
Email: brandon.brown@kirkland.com

Todd M. Friedman (*pro hac vice* forthcoming)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile:  (212) 446-4900
Email: todd.friedman@kirkland.com

*Attorneys for Plaintiff RED HAT, INC.*