1  Marc Fenster (SBN 181067)
   mfenster@raklaw.com
2  Reza Mirzaie (SBN 246953)
   rmirzaie@raklaw.com
3  Neil A. Rubin (SBN 250761)
   nrubin@raklaw.com
4  Jacob Buczko (SBN 269408)
   jbuczko@raklaw.com
5  James A. Milkey (SBN 281283)
   jmilkey@raklaw.com
6  James Tseui (SBN 285530)
   jtseui@raklaw.com
7  Amy E. Hayden (SBN 287026)
   ahayden@raklaw.com
8  Christian Conkle (SBN 306374)
   cconkle@raklaw.com
9  Qi (Peter) Tong (SBN 300347)
   ptong@raklaw.com
10 Jonathan Ma (SBN 312773)
   jma@raklaw.com
11 Daniel Kolko (SBN 341680)
   dkolko@raklaw.com
12 **RUSS AUGUST & KABAT**
   12424 Wilshire Boulevard, 12th Floor
13 Los Angeles, California 90025
   Telephone: (310) 826-7474
14 Facsimile: (310) 826-9226

*Attorneys for Defendant,*
*VirtaMove Corp.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| RED HAT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>VIRTAMOVE CORP.,<br><br>Defendant. | Case No. 5:24-cv-04740-PCP<br><br>**PLAINTIFF VIRTAMOVE'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS RED HAT'S COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(2)**<br><br>Jury Trial Demanded<br><br>Date:      Thursday, Dec. 11, 2024<br>Time:     10:00 a.m.<br>Location: Courtroom 8, 4th Floor<br>Judge     Hon. P. Casey Pitts |

**TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................................................1

II.  THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS CASE .......2

III. THIS COURT ALSO LACKS PERSONAL JURISDICTION OVER VIRTAMOVE......8

    A.  Red Hat concedes VirtaMove is not subject to general personal jurisdiction in this forum. ...................................................................................................................8

    B.  VirtaMove is likewise not subject to specific personal jurisdiction............................8

IV. CONCLUSION..................................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Adobe Sys. Inc. v. Tejas Research, LLC*,
  No. 14-cv-0868-EMC, 2014 WL 4651654 (N.D. Cal. Sept. 17, 2014) ................................. 12

*Agilent Techs., Inc. v. Elan Microelecs. Corp.*,
  No. 04-cv-05385-JW, 2005 WL 3260162 (N.D. Cal. Nov. 29, 2005) .................................. 11

*Apple Inc. v. VoIP-Pal.com*,
  506 F. Supp. 3d 947 (N.D. Cal. 2020) ............................................................................... 13

*Arkema Inc. v. Honeywell Int'l, Inc.*,
  706 F.3d 1351 (Fed. Cir. 2013) ........................................................................................ 5, 6

*Arris Grp., Inc. v. British Telecommc'ns PLC*,
  639 F.3d 1368 (Fed. Cir. 2011) ........................................................................................ 3, 4

*Ass'n for Molecular Pathology v. USPTO*,
  133 S. Ct. 2107 (2013) ......................................................................................................... 3

*Ass'n for Molecular Pathology v. USPTO*,
  689 F.3d 1303 (Fed. Cir. 2012) ........................................................................................ 3, 7

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
  556 F.3d 1012 (Fed. Cir. 2009) ........................................................................................... 10

*Autonomy, Inc. v. Adiscov, LLC*,
  No. 11-cv-00420-SBA, 2011 WL 2175551 (N.D. Cal. June 3, 2011) ........................... 10, 13

*Avocent Huntsville Corp. v. Aten Int'l Co.*,
  552 F.3d 1324 (Fed. Cir. 2008) ....................................................................................... 9, 11

*Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*,
  444 F.3d 1356 (Fed. Cir. 2006) ........................................................................................... 10

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ......................................................................................................... 9, 14

*Danisco U.S. Inc. v. Novozymes A/S*,
  744 F.3d 1325 (Fed. Cir. 2014) ............................................................................................. 6

*DocuSign, Inc. v. Clark*,
  No. 21-cv-04785, 2022 WL 225623 (N.D. Cal. Jan. 25, 2022) ........................................... 12

*Elecs. for Imaging, Inc. v. Coyle*,
  340 F.3d 1344 (Fed. Cir. 2003) ........................................................................................... 13

*In re Mobile Telecommc'ns Techs., LLC*,
  247 F. Supp. 3d 456 (D. Del. 2017) ...................................................................................... 4

*Int'l Shoe Co. v. Wash.*,
   326 U.S. 310 (1945) .................................................................................................... 9

*Juniper Networks, Inc. v. SSL Servs., LLC*,
   404 F. App'x 499 (Fed. Cir. 2010) ............................................................................ 13

*Juniper Networks, Inc. v. SSL Servs., LLC*,
   No. 08-cv-5758-SBA, 2009 WL 3837266 (N.D. Cal. Nov. 16, 2009) ...................... 13

*Liberty v. Nouis*,
   No. 98-cv-3078-VRW, 1998 WL 754594 (N.D. Cal. Oct. 22, 1998) ....................... 13

*Micron Tech., Inc. v. MOSAID Techs., Inc.*,
   518 F.3d 897 (Fed. Cir. 2008) ..................................................................................... 5

*Microsoft Corp. v. DataTern, Inc.*,
   755 F.3d 899 (Fed. Cir. 2014) ..................................................................................... 3

*Microsoft Corp. v. GeoTag, Inc.*,
   No. 11-cv-175-RGA, 2014 WL 4312167 (D. Del. Aug. 29, 2014) ............................ 4

*Microsoft Corp. v. SynKloud Techs., LLC*,
   484 F. Supp. 3d 171 (D. Del. 2020) ............................................................................ 4

*New World Int'l, Inc. v. Ford Global Techs., LLC*,
   859 F.3d 1032 (Fed. Cir. 2017) ............................................................................. 9, 12

*Prasco, LLC v. Medicis Pharma. Corp.*,
   537 F.3d 1329 (Fed. Cir. 2008) ................................................................................... 7

*Proofpoint, Inc. v. Innova Patent Licensing, LLC*,
   No. 5:11-cv-02288-LHK, 2011 WL 4915847 (N.D. Cal. Oct. 17, 2011) ................... 3

*R S Hughes Co. v. PCP Grp., Inc.*,
   No. 09-cv-4846-VRW, 2010 WL 11703642 (N.D. Cal. Mar. 2, 2010) .................... 11

*Radio Sys. Corp. v. Accession, Inc.*,
   638 F.3d 785 (Fed. Cir. 2011) ....................................................................... 10, 11, 13

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*,
   148 F.3d 1355 (Fed. Cir. 1998) ................................................................................... 9

*UCP International Co. v. Balsam Brands Inc.*,
   787 F. App'x 691 (Fed. Cir. 2019) .............................................................................. 3

*Xilinx, Inc. v. Papst Licensing GmbH*,
   848 F.3d 1346 (Fed. Cir. 2017) ................................................................................. 14

RUSS, AUGUST & KABAT

**Rules**

Fed. R. Civ. P. 12(b)(1) ................................................................................................................ 2, 8

Fed. R. Civ. P. 12(b)(2) .............................................................................................................. 2, 14

## I. INTRODUCTION

Red Hat's opposition further confirms this Court lacks both subject matter jurisdiction over this declaratory judgment action and personal jurisdiction over VirtaMove. This case should be dismissed in its entirety for either of these two independently sufficient reasons. And it should be dismissed without leave to amend because the evidence shows that Red Hat simply cannot plead facts to support this Court's exercise of jurisdiction.

For there to be subject matter jurisdiction over a patent declaratory judgment action seeking a declaration of non-infringement, the patentee-defendant must have directed some "affirmative act" *toward* the declaratory judgment plaintiff. The uncontroverted evidence shows that VirtaMove never contacted Red Hat concerning its patents or Red Hat's products. And although certain actions by the patentee other than "direct communication" with the declaratory judgment plaintiff may give rise to an "active controversy" between the parties, VirtaMove took no such actions here. The evidence shows that VirtaMove has not sued or threatened to sue any of Red Hat's customers based on their use of any Red Hat product, and has not otherwise provided any indication that it believes that any of Red Hat's products infringe. The only VirtaMove "actions" to which Red Hat points are lawsuits against *different companies* offering *different products*. Red Hat does not (and cannot) plead any requisite "affirmative act" that VirtaMove directed toward it or its products because, as the evidence shows, none exists. Red Hat cannot maintain this suit based on a purely subjective and speculative fear that VirtaMove may bring suit against it at some indeterminate time in the future. At bottom, because there is no "active controversy" between the parties to this declaratory judgment action, the Court lacks subject matter jurisdiction over it.

As for personal jurisdiction, Red Hat only pled general or "all-purpose" jurisdiction in its complaint. It has now abandoned that ill-founded theory, and for the first time in its opposition, alleges that this Court has specific personal jurisdiction over VirtaMove. Its specific jurisdiction theory fares no better. In the context of a patent declaratory judgment action, Federal Circuit precedent is clear that only *patent enforcement activities* that occur *in this forum* are relevant to the specific personal jurisdiction analysis. VirtaMove's *commercialization efforts*, as well as patent enforcement activities *in different fora*, are simply irrelevant. Critically, Red Hat points to no

patent enforcement or patent licensing activities that VirtaMove has undertaken in this forum, and the evidence confirms there are none. Red Hat does not (and cannot) plead facts sufficient to establish that this Court has personal jurisdiction over VirtaMove.

## II. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS CASE

Red Hat claims that because its OpenShift product allegedly incorporates certain third-party technology referred to as Docker and Kubernetes, and VirtaMove has initiated patent infringement litigation in Texas against four ***different companies*** alleging patent infringement by ***different products*** that incorporate that third-party technology, this "creates a justiciable controversy" between VirtaMove and Red Hat under the Declaratory Judgment Act. Dkt. No. 34 (Opp'n) at 4-5. This argument fails as a matter of law because VirtaMove has not directed any "affirmative act" toward **Red Hat**, as the law requires.

VirtaMove has neither contacted Red Hat concerning any of VirtaMove's patents (Dkt. No. 31-1 (Cameron Op. Decl.) ¶¶2-3) nor otherwise alleged that OpenShift or any other Red Hat product infringes any VirtaMove patent (Cameron Reply Decl.[1] ¶6; *see also* Dkt. Nos. 1-1 through 1-4, 1-9, 1-12). Aside from the four cases in Texas ("Texas Actions"), VirtaMove has not brought any other patent litigation. Cameron Reply Decl. ¶¶4-5. And in the Texas Actions, VirtaMove has only accused Amazon, Google, HPE, and IBM (the "Texas Defendants") of infringing by way of each defendant's own products. *See* Dkt. Nos. 1-1 through 1-4, 1-9, 1-12. VirtaMove has not accused any defendant of infringing by using OpenShift or any other of Red Hat's products. VirtaMove has likewise not sent any correspondence or made any other communications to any entity other than the Texas Defendants alleging infringement of a VirtaMove patent, let alone infringement based on any Red Hat products. *Id.* ¶6. Simply put, VirtaMove has not engaged in any conduct indicating or implying that it believes that any Red Hat product infringes its patents.

As explained in detail in VirtaMove's opening brief (Dkt. No. 31 (Mot.) at 4-10), the Federal Circuit has made clear that there cannot be an "actual controversy" under the Declaratory

---

[1] Citations to "Cameron Reply Decl." are to the concurrently filed Declaration of Susan Cameron in Support of Plaintiff VirtaMove's Reply in Support of its Motion to Dismiss Red Hat's Complaint Under Fed. R. Civ. P. 12(b)(1) and 12(b)(2).

Judgment Act between a patentee and a DJ plaintiff unless the patentee directs "some affirmative act" toward the DJ plaintiff. *See, e.g.*, *Ass'n for Molecular Pathology v. USPTO*, 689 F.3d 1303, 1323 (Fed. Cir. 2012) ("*Myriad*"), *reversed in part on other grounds*, 133 S. Ct. 2107 (2013). Courts in this district have held the same. *See, e.g.*, *Proofpoint, Inc. v. Innova Patent Licensing, LLC*, No. 5:11-cv-02288-LHK, 2011 WL 4915847, at *3 (N.D. Cal. Oct. 17, 2011) ("In order to establish an 'actual controversy' based on enforcement activity by a patentee, the pleadings must show that the patentee engaged in ***affirmative acts directed specifically at the party seeking declaratory judgment***.") (emphasis added).

And none of the authorities Red Hat cites hold otherwise. *See* Opp'n at 2-3, 5-9. Rather, a common theme among of many of those cases is that "***direct communication*** between the patentee and declaratory judgment plaintiff ***is not necessary to confer standing***." *Id.* at 2 (quoting *Arris Grp., Inc. v. British Telecommc'ns PLC*, 639 F.3d 1368, 1378 (Fed. Cir. 2011)) (emphasis in Opp'n). VirtaMove does not dispute that basic principle, as there are ways other than "direct communication" by which a patentee can direct "affirmative acts" toward a potential infringer. But VirtaMove has not engaged in any such actions toward Red Hat.

Red Hat's cited authorities are instructive of actions by a patentee that can give rise to DJ jurisdiction other than "direct communications." For example, in *UCP International Co. v. Balsam Brands Inc.*, the Federal Circuit affirmed a district court's exercise of declaratory judgment jurisdiction because the patentee sued one of DJ plaintiff UCP's customers, and over the course of that litigation the patentee "identified UCP's [artificial holiday] trees as the accused product, … submitted interrogatory responses accusing UCP of making the infringing trees, and submitted claim charts comparing its patented trees to UCP's trees." 787 F. App'x 691, 699 (Fed. Cir. 2019). Indeed, the *UCP* panel recognized that the Federal Circuit "previously affirmed a district court's determination that it had declaratory judgment jurisdiction where a patent holder sued a declaratory judgment plaintiff's customers in a prior suit, and submitted claim charts in that suit implying that the declaratory judgment plaintiff could liable for indirect infringement." *Id.* (citing *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 905 (Fed. Cir. 2014)); *see also ARRIS*, 639 F.3d at 1376-79 (holding there was DJ jurisdiction because the patentee accused DJ plaintiff ARRIS' customer

of infringing by "explicitly and repeatedly singled out ARRIS' products used in [the customer's] network to support its infringement contentions");[2] *Microsoft Corp. v. SynKloud Techs., LLC*, 484 F. Supp. 3d 171, 185-87 (D. Del. 2020) (allegations by patentee against Microsoft's customer sufficient to confer DJ jurisdiction where the patentee "repeatedly singled out Microsoft's OneDrive product used by [Microsoft's customer] to support its infringement contentions"); *Microsoft Corp. v. GeoTag, Inc.*, No. 11-cv-175-RGA, 2014 WL 4312167, at *2 (D. Del. Aug. 29, 2014) (allegations by patentee against DJ plaintiffs' customers rooted in DJ plaintiffs' products sufficient to confer DJ jurisdiction). Here, as explained above, VirtaMove has not sued or threatened to sue any of Red Hat's customers based on their use of any Red Hat product. Cameron Reply Decl. ¶¶4-6. Nor has it made any infringement allegations claiming that any of Red Hat's products infringe either patent-at-issue or any VirtaMove patent. *See* Dkt. Nos. 1-1 through 1-4, 1-9, 1-12; Cameron Reply Decl. ¶6.

Similarly, in *In re Mobile Telecommunications Technologies, LLC* ("*MTel*"), declaratory judgment jurisdiction existed because "MTel's complaints in the Texas Actions expressly identify [DJ Plaintiffs] ARRIS and Ubee products as 'examples' of equipment that directly infringe the asserted patents." 247 F. Supp. 3d 456, 461 (D. Del. 2017). The Delaware court recognized that "[s]uch repeated references identifying DJ Plaintiffs' products as infringing may give rise to a 'substantial controversy' about whether those products infringe the patents-in-suit." *Id.* And contrary to Red Hat's implication to the contrary (Opp'n at 7), the *MTel* court did not hold that MTel's lawsuits against other suppliers that sold equipment implementing the same IEEE 802.11 Wi-Fi standard conferred jurisdiction on its own, but rather was simply a "pertinent consideration" further bolstering the jurisdictional holding in view of MTel's "repeated references" to the DJ Plaintiffs' products. 247 F. Supp. 3d at 463. Moreover, this case and VirtaMove's Texas Actions are also distinguishable from those in *MTel* because they do not involve standardized telecommunications technology. Rather, VirtaMove's cases involve different virtual

---

[2] *Arris* is further distinguishable from the instant case because "Arris was directly and substantially involved in [the] infringement and licensing negotiations," and the patentee "repeatedly communicated [its] accusation directly to Arris during the course of a protracted negotiation process." 639 F.3d at 1378-79, 1381.

containerization products, and although each incorporates aspects of the open-source Docker and Kubernetes solutions, VirtaMove's infringement allegations focus on specific details of those products, including how the products are configured in regard to the servers and operating systems utilized. *See* Mot. at 6 n.3; Dkt. No. 1-12 at 9.

Red Hat's additional cited authority is, at best, equally inapposite. For example, Red Hat alleges that in *Micron Technology, Inc. v. MOSAID Technologies, Inc.*, the Federal Circuit "revers[ed an] order granting motion to dismiss for lack of subject matter jurisdiction because '[declaratory judgment plaintiff] watched [defendant] sue each of the other leading' suppliers of the accused technology." Opp'n at 6 (quoting *Micron*, 518 F.3d 897, 901 (Fed. Cir. 2008)) (last two alterations in Opp'n). Red Hat's clear implication is that the *Micron* panel found DJ jurisdiction *without* MOSAID having previously directed any communication or any other "affirmative act" toward Micron. However, examination of the full sentence from *Micron*, which Red Hat only partially quotes, makes clear the *opposite* is true: "Beginning in 2001, **after receiving several threats itself**, Micron watched MOSAID sue each of the other leading DRAM manufacturers." *Micron*, 518 F.3d at 901 (emphasis added).

Thus, *Micron* plainly does not stand for the proposition that suing other entities for infringing based on other products can, standing alone, create DJ jurisdiction. Instead, the panel relied on the patentee's litigation activity against other DRAM companies simply to reject the notion that there was no controversy remaining between Micron and MOSAID due to the lapse in time between the four letters MOSAID sent to Micron and the filing of the DJ action; it did not hold that the other litigation activity in and of itself could convey jurisdiction. *Id.* Moreover, the patentee brought suit against Micron *the day after* Micron filed the DJ action, further confirming an active controversy between the parties. *See id.* at 901-02 ("[T]he parties in this dispute are really just contesting their location and right to choose the forum for their inevitable suit."). None of these facts are present here.

And the facts of both *Danisco U.S. Inc. v. Novozymes A/S* and *Arkema Inc. v. Honeywell International, Inc.* are even farther removed from the facts of this case. In *Danisco*, the issue on appeal was a narrow one—whether "affirmative acts" by a patentee that occur *before* a patent

issues can give rise to DJ jurisdiction. 744 F.3d 1325, 1331-32 (Fed. Cir. 2014). The panel rejected a distinction between pre- and post-issuance conduct as inconsistent with both Supreme Court and Federal Circuit precedent, particularly given the extensive actions taken by patentee Novozymes to make it known that it believed DJ plaintiff Danisco infringed its soon-to-issue patent. *Id.* Among other interactions between the parties, Novozymes filed an "interference" action with the USPTO contending that it, rather than Danisco, was entitled to a patent on a certain enzyme that was undisputedly an active ingredient Danisco's RSL products. *Id.* at 1328. And when it lost the interference proceeding, Novozymes voluntarily filed public comments with the USPTO alleging the Office's findings were incorrect and "that it refused to 'acquiesce' to or otherwise be 'estopped' by what it deemed to be the [patent] examiner's erroneous and 'overly narrow' view of Novozymes's claim scope." *Id.* at 1329. The panel held that this "record shows that Novozymes sought [the patent-at-issue] because it believed Danisco's products would infringe once issued" and that "Novozymes has insisted on multiple occasions that [the patent-at-issue] reads on … the active compound in Danisco's RSL products." *Id.* at 1331.  The *Danisco* court thus held that the parties "have adverse legal interests over a dispute of sufficient reality" such that DJ jurisdiction is appropriate. *Id.* No remotely similar facts exist here.

And in *Arkema*, patentee Honeywell sued Arkema in Europe for infringement of a patent directed to a certain automotive refrigerant, "1234yf." 706 F.3d 1351, 1355 (Fed. Cir. 2013). Arkema filed a declaratory judgment action in the United States seeking a declaration that it does not infringe two of Honeywell's U.S. patents directed to 1234yf and that those patents are invalid. *Id.* Honeywell did not challenge jurisdiction at this juncture, but rather counterclaimed, alleging infringement of those patents by Arkema. *Id.* The appeal arose from the district court's later denial of Arkema's motion to amend to add declaratory judgment causes of action concerning two additional patents related to the same technology that Honeywell obtained while the suit was pending. *Id.* The Federal Circuit reversed, holding that there was an active controversy between the parties because *those same parties* were already involved in litigation over patents covering the same 1234yf refrigerant. *Id.* at 1357-59. In these unique circumstances, "specific accusations against either the potential direct infringers or Arkema" were not necessary. *Id.* at 1357. Again,

there are of course no similar facts here.

Furthermore, Red Hat mischaracterizes the authority VirtaMove cites in its motion. For example, Red Hat claims that in *Myriad*, the Federal Circuit found a lack of subject matter jurisdiction in part "because 'Plaintiffs … failed to allege **any** 'affirmative acts' by [patentee] within the past ten years relating to the patents in suit.'" Opp'n at 9 (quoting *Myriad*, 689 F.3d at 1319). But this is a quotation of *rejected* argument. The Federal Circuit in fact found there was DJ jurisdiction as to one of the plaintiffs, despite the lapse in time between the patentee's actions and the DJ suit, because he alleged both "affirmative patent enforcement actions directed at [him] by Myriad" and "an intention to actually and immediately engage in allegedly infringing … activities." *Myriad*, 689 F.3d at 1319. The panel then ***faulted*** the district court for ***"fail[ing] to limit its jurisdictional holding to affirmative acts directed at specific Plaintiffs***, erroneously holding all Plaintiffs had standing based on the widespread understanding that one may engage in BRCA½ testing at risk of being sued by Myriad." *Id.* at 1323 (cleaned up, emphasis added); *see* Mot. at 7.

Here, Red Hat merely alleges that it subjectively believes there is a risk VirtaMove will sue it for patent infringement despite no affirmative acts directed toward it. *See, e.g.*, Dkt. No. 1 (Compl.) ¶¶2-4. It would be error for the Court here to hold that there is an "active controversy" between VirtaMove and Red Hat here because "a case or controversy must be based on a *real* and *immediate* injury or threat of future injury that is *caused by defendants* [by VirtaMove]—an objective standard that cannot be met by a purely subjective or speculative fear of future harm." *Prasco, LLC v. Medicis Pharma. Corp.*, 537 F.3d 1329, 1339 (Fed. Cir. 2008). In discussing *Prasco*, Red Hat points to an irrelevant patent-marking-related issue. Opp'n at 9. But the main thrust behind *Prasco* is that there was no DJ jurisdiction in that case because the patent holder had "not accused Prasco of infringement or asserted any rights to [its product], nor [did] they take any actions which imply such claims"; the patent holder had simply "taken no affirmative actions at all related to Prasco's current product." 537 F.3d at 1340. The same is true here—VirtaMove has not directed any affirmative acts towards Red Hat or its products.

The Court should therefore dismiss this case in its entirely for lack of subject matter

(declaratory judgment) jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Additionally, the dismissal should be granted *without leave to amend* because amendment would be futile. *See* Mot. at 9-10. Red Hat cannot plead facts to support DJ jurisdiction because the uncontroverted evidence shows that VirtaMove has never contacted Red Hat concerning any of its patents, or otherwise alleged that OpenShift or any other Red Hat product infringes them. Cameron Decl. ¶¶2-3; Cameron Reply Decl. ¶¶5-6. Put simply, Red Hat cannot plead the requisite "affirmative act."

### III.   THIS COURT ALSO LACKS PERSONAL JURISDICTION OVER VIRTAMOVE

#### A.   Red Hat concedes VirtaMove is not subject to general personal jurisdiction in this forum.

In the wake of more than a half-century of Supreme Court precedent that entirely disposes of its general jurisdiction theory (*see* Mot. at 10-14), Red Hat concedes that VirtaMove is not subject to general personal jurisdiction in this Court. *See* Opp'n at 1-2, 10-14 (only arguing that there is *specific*, not *general*, personal jurisdiction over VirtaMove). For all of the reasons set forth in VirtaMove's opening brief, the Court should find that it lacks general jurisdiction over VirtaMove. Mot. at 10-14.

#### B.   VirtaMove is likewise not subject to specific personal jurisdiction.

Despite not pleading *specific* personal jurisdiction in its complaint (*see, e.g.*, Compl. ¶10), Red Hat now claims that it has pled facts sufficient to show that this Court has specific jurisdiction over VirtaMove for purposes of this case. Even setting aside Red Hat's failure to plead specific jurisdiction,[3] it has not (and cannot) plead facts that can support this theory.

"For [specific] personal jurisdiction, the nonresident defendant must have 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend

---

[3] In a footnote in its opposition, Red Hat "requests the opportunity to submit a sur-reply brief on" specific jurisdiction "to the extent VirtaMove raises new arguments or evidence in its reply brief" on this new theory. Opp'n at 11 n.6. This is not a procedurally proper way to request a sur-reply; if anything, Red Hat should do so under Civil L.R. 7-11. VirtaMove intends to oppose any such request on the basis that Red Hat improperly raised this new, frivolous theory for the first time in its opposition to a motion to dismiss rather than pleading it in the Complaint itself (such that VirtaMove *could not* have addressed specific jurisdiction arguments in its Motion) and because VirtaMove does not believe that further briefing related to Red Hat's ill-founded DJ complaint would be an efficient use of judicial resources.

'traditional notions of fair play and substantial justice.'" *New World Int'l, Inc. v. Ford Global Techs., LLC*, 859 F.3d 1032, 1037 (Fed. Cir. 2017) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). "For minimum contacts in the context of specific jurisdiction, the plaintiff must show that defendant 'has purposefully directed his activities at residents of the forum, and [that] the litigation results from alleged injuries that arise out of or relate to those activities.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)) (alteration in original). "If those minimum contacts are sufficient, the defendant may point to other factors 'to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Id.* (quoting *Burger King*, 471 U.S. at 476) (quotation marks omitted).

The Federal Circuit has articulated this long-governing Supreme Court precedent "in the form of a three-part test: (1) whether the defendant 'purposefully directed' its activities at residents of the forum; (2) whether the claim 'arises out of or relates to' the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is 'reasonable and fair.'" *Id.* (quotation marks omitted). "The first two factors correspond with the 'minimum contacts' prong of the *International Shoe* analysis, and the third factor corresponds with the 'fair play and substantial justice' prong of the analysis." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324 at 1332 (Fed. Cir. 2008).

In an ordinary patent infringement action in which the patentee sues an infringer, specific jurisdiction can be established based on "the nature and extent of the commercialization of the accused products or services by the defendant in the forum." *Id.* (citing *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360 (Fed. Cir. 1998)). "But in the context of an action for declaratory judgment of non-infringement …, the patentee is the defendant, and the claim asserted by the plaintiff relates to the 'wrongful restraint [by the patentee] on the free exploitation of non-infringing goods … [such as] the threat of an infringement suit." *Id.* (quoting *Red Wing Shoe*, 148 F.3d at 1360). "Such a claim … arises out of or relates to the **activities of the defendant patentee in enforcing the patent or patents in suit**. The relevant inquiry … then becomes to what extent has the defendant patentee 'purposefully directed [such enforcement activities] at residents of the forum,' and the extent to which the declaratory judgment claim 'arises

out of or relates to those activities.'" *Id.* at 1332-33 (quoting *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1363 (Fed. Cir. 2006)) (emphasis added, last alteration in original). Notably, in evaluating litigation brought against forum residents, "patent litigation commenced *outside* the forum is not probative of purposeful availment" is therefore irrelevant to the personal jurisdiction analysis. *See, e.g.*, *Autonomy, Inc. v. Adiscov, LLC*, No. 11-cv-00420-SBA, 2011 WL 2175551, at *4 (N.D. Cal. June 3, 2011). Put simply, "***only enforcement or defense efforts*** related to the patent ***rather than the patentee's own commercialization efforts*** are to be considered for establishing specific personal jurisdiction in a declaratory judgment action against the patentee." *Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 790 (Fed. Cir. 2011) (quoting *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 556 F.3d 1012, 1019 (Fed. Cir. 2009)) (emphases added).

Red Hat cannot demonstrate the "minimum contacts" required for specific jurisdiction under these standards, and it is not a close call. Even taking Red Hat's pleadings concerning VirtaMove's "contacts" with California as true,[4] Red Hat's pleading is fatally flawed because it does not (and cannot) point to ***any*** VirtaMove patent enforcement activities within this forum.

First, Red Hat claims that "in 2013, VirtaMove 'met with HP representatives in California to discuss and demonstrate [VirtaMove's] technology' that 'VirtaMove claims is covered by' the Asserted Patents." Opp'n at 11 (quoting Compl. ¶¶11-13). Red Hat similarly alleges that "[i]n 2015, 2020, and 2021, VirtaMove also 'met with representatives of Google' to demonstrate its technology, which was patented at that time." *Id.* (quoting Compl. ¶14). But these meetings were nothing more than efforts by VirtaMove to commercialize and sell its products; VirtaMove was not seeking to license its patents via these meetings. Cameron Reply Decl. ¶3. And even if the products VirtaMove was attempting to commercialize and sell practiced the patents-at-issue, Federal Circuit precedent is clear that commercialization efforts of patented products do not give

---

[4] VirtaMove does not concede that all facts pled by Red Hat in paragraphs 10-20 of the complaint are true, but does not address each of those issues now since it is unnecessary to do so to resolve the personal jurisdiction issue at hand.

rise to specific jurisdiction.[5] *See, e.g.*, *Radio Sys.*, 638 F.3d at 790 (holding that the DJ defendant's "attempts to interest Radio Systems in a business transaction … to commercialize his invention" was not sufficient to confer specific jurisdiction); *Avocent*, 552 F.3d at 1336 ("[M]ere evidence of sales within the forum of products covered by the relevant patent(s) is insufficient to guarantee specific personal jurisdiction over the patentee."); *see also R S Hughes Co. v. PCP Grp., Inc.*, No. 09-cv-4846-VRW, 2010 WL 11703642, at *1, *4, *6 (N.D. Cal. Mar. 2, 2010) (Because "personal jurisdiction in a declaratory action for non-infringement turns on the jurisdictions to which defendant directs its <u>enforcement</u> actions, … commercialization activities are irrelevant for the purposes of establishing specific personal jurisdiction" as they "are aimed at commercialization of the patented product, not enforcement or defense-related activities.") (emphasis in original). It is therefore irrelevant to the personal jurisdiction inquiry that VirtaMove may have entered this forum to conduct, or has a representative within this forum that conducted, these product-commercialization-related meetings.[6]

Red Hat also claims that "VirtaMove granted another California company, CloudPhysics, 'an express or implied license to use VirtaMove's application virtualization patents, including the [Asserted Patents].'" Opp'n at 12 (quoting Compl. ¶15) (alternation in Opp'n). Red Hat provides no evidence that such a license exists, pleading this allegation solely "[o]n information and belief." Compl. ¶15. Red Hat's allegation is incorrect; VirtaMove has never licensed either patent-at-issue,

---

[5] Red Hat also alleges that "VirtaMove also maintains or maintained strategic partnerships with multiple California companies, including at least HP and CloudPhysics." Opp'n at 13 (citing Compl. ¶¶11, 15). These partnerships involved product commercialization, not patent enforcement, and thus are not relevant here for the reasons discussed in this paragraph. *See* Compl. ¶¶11, 15; Cameron Reply Decl. ¶¶4-6. Red Hat cites *Agilent Technologies, Inc. v. Elan Microelectronics Corp.*, No. 04-cv-05385-JW, 2005 WL 3260162, at *3 (N.D. Cal. Nov. 29, 2005) for the proposition that such "partnerships" are in fact relevant to the specific jurisdiction analysis. Opp'n at 13. But *Agilent* has no applicability here because it is **not a declaratory judgment case**, but rather an "ordinary" patent infringement matter. As discussed above, personal jurisdiction considerations are quite difference for those types of cases due the differing nature of the causes of action at issue. *See supra* at 9-10.

[6] That VirtaMove may have utilized servers located in California for the operation of its commercial product is irrelevant for similar reasons—such use of servers has to do with product commercialization, not patent enforcement. *See* Opp'n at 13 (citing Compl. ¶13).

or any of its patents. Cameron Reply Decl. ¶2. Nor has VirtaMove offered a license for either any of its patents. *Id.* ¶3. VirtaMove has therefore not "sought to license its patent technology to entities in California" (or anywhere). *See* Opp'n at 12-13. Red Hat has no evidentiary basis to support its bald assertion that VirtaMove has engaged in "extensive licensing efforts" in this forum (*see id.* 1, 5), as sworn affidavit evidence is directly in conflict with such an allegation (Cameron Reply Decl. ¶¶2-3).

Moreover, even if VirtaMove did have a patent license with a California resident, simply having such a license may not be sufficient for specific jurisdiction to lie; rather, examination of the nature of the license is critical. "For example, a license that establishes no relationship between a patent holder and a licensee beyond the payment and receipt of royalty income is not sufficient, because a declaratory judgment action does not typically 'arise from or relate to' a patent holder's efforts to license or commercialize its patent. On the other hand, a license that obligates the patent holder to defend or enforce the patent may be sufficient to establish specific personal jurisdiction, because a declaratory judgment action typically arises from a patent holder's actions to enforce or defend its patent in the forum." *New World*, 859 F.3d at 1039; *see also Adobe Sys. Inc. v. Tejas Research, LLC*, No. 14-cv-0868-EMC, 2014 WL 4651654, at *6-7 (N.D. Cal. Sept. 17, 2014) (non-exclusive licenses with forum residents that imposed no continuing patent enforcement obligations did not give rise to specific jurisdiction). Red Hat does not (and cannot) plead that the alleged CloudPhysics license or any other license imposes any such "continuing obligation" on VirtaMove because no licenses to the patents-at-issue or any VirtaMove patents exist. Cameron Reply Decl. ¶2.

To the extent Red Hat is relying on VirtaMove's Texas Actions against Google and HPE (California residents) to establish specific personal jurisdiction (*see* Opp'n at 11), that argument fails as well. "[T]he fact that [VirtaMove] has pursued enforcement actions against California residents in … Texas does not support the exercise of personal jurisdiction of [VirtaMove] in California." *Adobe*, 2014 WL 4651654, at *5; *see also DocuSign, Inc. v. Clark*, No. 21-cv-04785, 2022 WL 225623, at *5 (N.D. Cal. Jan. 25, 2022) ("While initiating judicial enforcement of a patent supports person jurisdiction, it does so only when the defendant initiates such enforcement

within the forum state."); *Autonomy*, 2011 WL 2175551, at *4 ("[P]atent litigation commenced outside the forum is not probative of purposeful availment."); *Liberty v. Nouis*, No. 98-cv-3078-VRW, 1998 WL 754594, at *2 (N.D. Cal. Oct. 22, 1998) ("[D]efendant did not subject himself to personal jurisdiction in California by filing a lawsuit in Michigan."). "Nor does such an argument make any logical sense. Under [this] theory of personal jurisdiction, a defendant would automatically be subject to personal jurisdiction in a forum where it previously sued an entity that happened to conduct business in that particular state, even where the lawsuit was filed in an entirely different state." *Juniper Networks, Inc. v. SSL Servs., LLC*, No. 08-cv-5758-SBA, 2009 WL 3837266, at *4 (N.D. Cal. Nov. 16, 2009), *aff'd*, 404 F. App'x 499 (Fed. Cir. 2010).

Finally, Red Hat alleges that because some of VirtaMove's attorneys are located in California, this somehow supports this Court exercising jurisdiction over VirtaMove. *See* Opp'n at 12. Red Hat's cited authority on this point readily distinguishable. For example, as the Federal Circuit aptly explained, in *Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344 (Fed. Cir. 2003), "the attorney-client relationship [in that case] effectively became an agency relationship in which the principal retained agents in the forum state to assist in the enforcement of its patent rights." *Radio Sys.*, 638 F.3d at 791. More specifically, "the patentee in *Electronics for Imaging* hired a California attorney to communicate with the California-based plaintiff on the patentee's behalf" "to report on the process of the patentee's pending application" and to "advise the plaintiff's representatives that the patentee had a number of commercially successful patents and that he had previously sued several large companies for patent infringement and won." *Id.* at 790. The patentee there also threatened the DJ plaintiff with litigation unless it paid specific licensing fees. *Id.* at 791. And in *Apple Inc. v. VoIP-Pal.com*, not only did the patentee hire multiple California law firms, but it also filed six lawsuits in this District on the same patent family, stipulated to transfer of numerous cases to this District, never previously contested personal jurisdiction in this District, and had a meeting with the DJ plaintiff "regarding claims of infringement of patents in the same family." 506 F. Supp. 3d 947, 962-63 (N.D. Cal. 2020). No analogous facts are present here.

Because Red Hat has not (and cannot) meet its burden to plead the facts sufficient to show that the "minimum contacts" prong of the specific jurisdiction analysis is met, it is unnecessary to

RUSS, AUGUST & KABAT

consider the "fair play and substantial justice" prong of the analysis.[7]

\* \* \*

The Court should therefore dismiss this case in its entirely for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). The dismissal should be granted *without leave to amend* because amendment would be futile. *See* Mot. at 14. Red Hat cannot plead facts to support general jurisdiction because, under controlling Supreme Court precedent, it cannot be said to be "at home" in California. *Id.* at 10-14. And Red Hat likewise cannot plead facts to support specific jurisdiction. VirtaMove lacks the requisite "minimum contacts" since the evidence shows that it has never directed any patent enforcement activities at this forum. *See supra* at 8-14.

## IV.   CONCLUSION

For the foregoing reasons and those set forth in VirtaMove's motion, the Court should dismiss this case in its entirely without leave to amend.[8]

---

[7] It is however worth addressing Red Hat's treatment of the second *Burger King* factor that is part of this prong, "the forum State's interest in adjudicating the dispute." *See Xilinx, Inc. v. Papst Licensing GmbH*, 848 F.3d 1346, 1355 (Fed. Cir. 2017). Red Hat claims that under this factor, "California has a substantial interest in **protecting its residents** from unwarranted claims of patent infringement." Opp'n at 14 (quoting *Xilinx*, 848 F.3d at 1356) (emphasis added). That may be so, but it is undisputed that Red Hat is ***not*** a California resident. Compl. ¶6. Red Hat instead alleges that the Docker and Kubernetes technology "was developed and is maintained by companies that reside in this District." Opp'n at 14. It does not explain how this is relevant to the second *Burger King* factor, and otherwise provides no authority that the location of development of third-party software is relevant to the personal jurisdiction analysis in a DJ action.

[8] In its opposition, Red Hat includes argument concerning its motion for leave to conduct jurisdictional discovery. Opp'n at 14-15. That argument is duplicative with that in Red Hat's motion for jurisdictional discovery. *See* Dkt. No. 37. VirtaMove will address that motion in its soon-to-be-filed opposition to it, but in short jurisdictional discovery should be denied here because the evidence shows that there are no facts that Red Hat could discover that would allow it to sufficiently plead either subject matter or personal jurisdiction.

| | |
|---|---|
| Dated: October 31, 2024 | Respectfully submitted,<br><br>/s/ *Amy E. Hayden*<br>Marc Fenster (SBN 181067)<br>Email: mfenster@raklaw.com<br>Reza Mirzaie (SBN 246953)<br>rmirzaie@raklaw.com<br>Neil A. Rubin (SBN 250761)<br>nrubin@raklaw.com<br>Jacob Buczko (SBN 269408)<br>jbuczko@raklaw.com<br>James A. Milkey (SBN 281283)<br>jmilkey@raklaw.com<br>James Tseui (SBN 285530)<br>jtseui@raklaw.com<br>Amy E. Hayden (SBN 287026)<br>ahayden@raklaw.com<br>Christian Conkle (SBN 306374)<br>cconkle@raklaw.com<br>Qi (Peter) Tong (SBN 300347)<br>ptong@raklaw.com<br>Jonathan Ma (SBN 312773)<br>jma@raklaw.com<br>Daniel Kolko (SBN 341680)<br>dkolko@raklaw.com<br>**RUSS AUGUST & KABAT**<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, California 90025<br>Telephone: (310) 826-7474<br>Facsimile: (310) 826-9226<br><br>*Attorneys for Plaintiff,*<br>*VirtaMove Corp.* |