Marc Fenster (SBN 181067)
mfenster@raklaw.com
Reza Mirzaie (SBN 246953)
rmirzaie@raklaw.com
Neil A. Rubin (SBN 250761)
nrubin@raklaw.com
Jacob Buczko (SBN 269408)
jbuczko@raklaw.com
James A. Milkey (SBN 281283)
jmilkey@raklaw.com
James Tseui (SBN 285530)
jtseui@raklaw.com
Amy E. Hayden (SBN 287026)
ahayden@raklaw.com
Christian Conkle (SBN 306374)
cconkle@raklaw.com
Qi (Peter) Tong (SBN 300347)
ptong@raklaw.com
Jonathan Ma (SBN 312773)
jma@raklaw.com
Daniel Kolko (SBN 341680)
dkolko@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-9226

*Attorneys for Defendant,*
*VirtaMove Corp.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| RED HAT, INC., <br><br> Plaintiff, <br><br> v. <br><br> VIRTAMOVE CORP., <br><br> Defendant. | Case No. 5:24-cv-04740-PCP <br><br> **DEFENDANT VIRTAMOVE'S OPPOSITION TO RED HAT'S CONTINGENT MOTION TO CONDUCT JURISDICTIONAL DISCOVERY** <br><br> Jury Trial Demanded <br><br> Date: Thursday, Dec. 11, 2024 <br> Time: 10:00 a.m. <br> Location: Courtroom 8, 4th Floor <br> Judge Hon. P. Casey Pitts |

## I. INTRODUCTION

Red Hat's request for jurisdictional discovery should be denied in its entirety. None of the eight categories of proposed discovery could possibly lead to jurisdictionally relevant facts. The sole category directed at subject matter (declaratory judgment) jurisdiction seeks information that the Federal Circuit has made clear is entirely irrelevant to whether there is standing under the Declaratory Judgment Act. The remaining seven categories purport to be directed to whether this Court has specific personal jurisdiction over VirtaMove. But VirtaMove has submitted evidence in the form of sworn affidavits confirming that the first two categories of information simply do not exist. And the other five categories seek information that the Federal Circuit has held is irrelevant to the specific personal jurisdiction analysis in declaratory judgment actions.

## II. RED HAT'S REQUEST FOR JURISDICTIONAL DISCOVERY SHOULD BE DENIED

### A. Legal Standard

"A district court is vested with broad discretion to permit or deny discovery." *Stanford Health Care v. CareFirst of Md.*, 716 F. Supp. 3d 811, 817 (N.D. Cal. 2024) (Pitts, J.) (quoting *Lamb v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003)). "In the Ninth Circuit, jurisdictional discovery may be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of facts is necessary.'" *Id.* (quoting *Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC, Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)). "But a mere hunch that discovery might yield jurisdictionally relevant facts, or bare allegations in the face of specific denials, are insufficient reasons to grant jurisdictional discovery." *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 507 (9th Cir. 2023). "A refusal to grant jurisdictional discovery is not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *MG Freesites Ltd. v. Dish Techs. LLC*, No. 23-cv-03674-EMC, 2024 WL 269156, at *10 (N.D. Cal. Jan. 24, 2024).

### B. Discovery would not uncover facts supporting declaratory judgment jurisdiction because no such facts exist.

As detailed in VirtaMove's motion to dismiss for lack of jurisdiction (Dkt. No. 31 ("Mot. to Dismiss") at 4-10), its reply in support (Dkt. No. 42 ("Reply re Mot. to Dismiss") at 2-8), and affidavit evidence submitted in conjunction with that briefing (Dkt. No. 31-1 ("Cameron Op. Decl.") ¶¶2-3); Dkt. No. 42-1 ("Cameron Reply Decl.") ¶¶4-6), Red Hat is unable to plead facts that would support this Court's exercise subject matter (declaratory judgment) jurisdiction because no such facts exist. For there to be subject matter jurisdiction over an action seeking a declaration of non-infringement of patents, the patentee-defendant (VirtaMove) needed to direct some "affirmative act" ***toward*** the declaratory judgment plaintiff (Red Hat). *See* Mot. to Dismiss at 4, 10; Reply re Mot. to Dismiss at 2-3. But VirtaMove has not done so. It has neither contacted Red Hat concerning any of VirtaMove's patents (Cameron Op. Decl. ¶¶2-3) nor otherwise alleged that any Red Hat product infringes any VirtaMove patent (Cameron Reply Decl. ¶¶4-6).

"Because a patentee's affirmative act still anchors a declaratory judgment plaintiff's standing, a plaintiff must necessarily know at the time of filing [the DJ action] that some form of an act occurred. Jurisdictional discovery, then, may be appropriate for purposes of determining whether the act is sufficient to convey standing, but must be improper for purposes of determining whether an act occurred at all." *Cisco Sys., Inc. v. OpenTV Inc.*, No. 5:13-cv-0282-EJD, 2013 WL 2285226, at *3 (N.D. Cal. May 23, 2013) (denying jurisdictional discovery where the DJ plaintiff failed to tie its requested discovery categories to any action taken by the patentee, but rather sought information concerning patentee's plans to enforce its patents and how it intended to do so).

Only one of Red Hat's proposed categories of discovery appears to even loosely relate to declaratory judgment jurisdiction: "[a]ny non-privileged analysis or decision-making regarding whether to sue Red Hat for patent infringement under the Asserted Patents." Dkt. No. 37 ("Disc. Mot.") at 4. But even if any such internal analysis exists, it is irrelevant to the subject matter jurisdiction inquiry because it is neither an "affirmative act" that VirtaMove directed toward Red Hat, nor is it tied to any such act. *See, e.g.*, *Ass'n for Molecular Pathology v. USPTO*, 689 F.3d 1303, 1323 (Fed. Cir. 2012) ("*Myriad*"), *reversed in part on other grounds*, 133 S. Ct. 2107 (2013);

*Proofpoint, Inc. v. Innova Patent Licensing, LLC*, No. 5:11-cv-02288-LHK, 2011 WL 4915847, at *3 (N.D. Cal. Oct. 17, 2011). Red Hat does not even attempt to explain the relevance of this proposed category of discovery. *See generally* Disc. Mot. Red Hat's request for discovery into this topic should be denied.

### C. Discovery would likewise not uncover facts supporting specific personal jurisdiction because no such facts exist.

The remainder of Red Hat's proposed discovery seems to be aimed at the specific personal jurisdiction theory that Red Hat raised for the first time in its opposition to VirtaMove's motion to dismiss. *Id.* at 3 (seven bullet points at the bottom of the page). However, as detailed in VirtaMove's reply brief in support of its motion to dismiss for lack of jurisdiction (Reply re Mot. to Dismiss at 8-14) and affidavit evidence submitted in conjunction with that brief (Cameron Reply Decl. ¶¶4-6), Red Hat is unable to plead facts that would support this Court's exercise of specific personal jurisdiction because no such facts exist. In the context of a patent declaratory judgment action, Federal Circuit precedent is clear that only patent enforcement activities that occur *in this forum*, and *not* the patentee's commercialization efforts, are relevant to the specific personal jurisdiction analysis. *See* Reply re Mot. to Dismiss at 8-10. But VirtaMove has not engaged in any patent enforcement or patent licensing activities in this forum. Cameron Reply Decl. ¶¶2-6. VirtaMove addresses each of Red Hat's six proposed categories of discovery below.

In its first and second proposed categories, Red Hat asks for discovery concerning "VirtaMove's California-based licensing efforts" and "VirtaMove's California-based patent enforcement actitivies." Disc. Mot. at 3. In support of that request, it claims, for example, that "VirtaMove has undertaken years of patent licensing efforts both in this District specifically and California generally" (*id.* (citing Dkt. No. 1 (Compl. ¶¶11-15)) and as such, it allegedly "has ample reason to believe the jurisdictional discovery would reveal additional, non-public information regarding licensing and enforcement efforts that VirtaMove has undertaken in this District related to the Asserted Patents" (*id.*). But the portion of the complaint to which Red Hat refers does not describe enforcement or licensing, but rather VirtaMove's commercialization efforts, which are irrelevant to the specific personal jurisdictional analysis in the patent declaratory judgment context.

*See, e.g.*, *Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 790 (Fed. Cir. 2011); *R S Hughes Co. v. PCP Grp., Inc.*, No. 09-cv-4846-VRW, 2010 WL 11703642, at *1, *4, *6 (N.D. Cal. Mar. 2, 2010).

Critically, VirtaMove submitted a declaration with its reply in support of its motion to dismiss confirming that "[t]here are no patent license agreements to [the patents-at-issue], or any other VirtaMove patent, to any entity or individual" either within or outside of California. Cameron Reply Decl. ¶2. Similarly, "VirtaMove has not offered any entity or individual an opportunity to enter into a patent license agreement to either [patent-at-issue] (or any other patent)" either within or outside of California, and "VirtaMove has not filed a lawsuit asserting either [patent-at-issue] (or any other patent) in the state of California." *Id.* ¶¶3-4. Red Hat's bare allegations to the contrary, unsupported by any evidence, must be rejected and cannot support its request for jurisdictional discovery. *See Yamashita*, 62 F.4th at 508 ("In the context of a motion for jurisdictional discovery, just as in the context of a motion to dismiss for lack of jurisdiction, bare allegations are trumped by sworn statements to the contrary.").

In its third and fourth categories, Red Hat seeks information concerning "VirtaMove's sales, offers for sale, and marketing of its purportedly patented products and products related to the Asserted Patents to California-based customers" and "VirtaMove's attendance and presentations at California trade shows and similar activities." Disc. Mot. at 3; *see also id.* at 2-3 (further discussing such alleged activities, including VirtaMove attending tradeshows "to showcase its 'patented software'"). But it is black letter Federal Circuit law that such product commercialization activities, even if the products practice the patents-at-issue, do not give rise to specific jurisdiction. *See, e.g.*, *Radio Sys.*, 638 F.3d at 790 ("[*O*]*nly enforcement or defense efforts* related to the patent *rather than the patentee's own commercialization efforts* are to be considered for establishing specific personal jurisdiction in a declaratory judgment action against the patentee.") (quoting *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 556 F.3d 1012, 1019 (Fed. Cir. 2009)) (emphases added); *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324 at 1336 (Fed. Cir. 2008) ("[M]ere evidence of sales within the forum of products covered by the relevant patent(s) is insufficient to guarantee specific personal jurisdiction over the patentee."). This third

category is therefore irrelevant to the personal jurisdiction inquiry here. *See Yamashita*, 62 F.4th at 507 (denying categories of jurisdictional discovery irrelevant to specific personal jurisdiction).

Red Hat's fifth, sixth, and seventh proposed categories are equally irrelevant to the personal jurisdiction inquiry. "VirtaMove's purposeful use of California-based servers and other hardware" (Disc. Mot. at 3) has absolutely nothing to do with patent enforcement activities. Rather, even if VirtaMove has utilized servers located in California for the operation of its commercial products, such use of servers has to do with product commercialization, not patent enforcement. "VirtaMove representatives' travel to California on behalf of VirtaMove" and "VirtaMove representatives' and employees' residency" (*id.*) are likewise irrelevant because any such travel to or presence in California could not be related in any way to patent enforcement or licensing in California—VirtaMove has neither licensed nor offered a license to its patents to anyone, and has not brought any patent infringement cases in California. Cameron Reply Decl. ¶¶2-4.

Finally, Red Hat's cited authority is inapposite. Red Hat states that *Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996, 1003 (N.D. Cal. 2016) "h[eld that a] social media post that purported to show a 'satisfied customer' from 'Cali' was sufficient to warrant further jurisdictional discovery on defendant's contacts in California." Disc. Mot. at 3. Although the plaintiff in that case asked for a declaration that it was not infringing defendant's patent, it also brought its own affirmative cause of infringement action against the defendant. *Gillespie*, 183 F. Supp. 3d at 999. Judge Gilliam relied on the social media post as "circumstantial evidence that Defendants advertised or sold the allegedly infringing product to California customers." *Id.* at 1003. This holding was therefore not in the context of a declaratory judgment cause of action, but rather an ordinary patent infringement cause of action in which the patentee sues an alleged infringer. In that type of case, specific jurisdiction can be established based on "the nature and extent of the commercialization of the accused products or services by the defendant in the forum." *Avocent*, 552 F.3d at 1332. The social media post therefore bore relevance to the jurisdictional inquiry in *Gillespie*. But in the context of Red Hat's declaratory judgment action, "only enforcement or defense efforts related to the patent rather than the patentee's own commercialization efforts are to be considered for establishing specific personal jurisdiction in a

declaratory judgment action against the patentee." *Radio Sys.*, 638 F.3d at 790. Unlike in *Gillespie*, evidence of VirtaMove's product commercialization is irrelevant here.

### III.   CONCLUSION

For the foregoing reasons, the Court should deny Red Hat's request for jurisdictional discovery in its entirety. None of the eight proposed categories of discovery could possibly lead to jurisdictionally relevant facts.

Dated: November 1, 2024　　　　　　　　　　Respectfully submitted,

*/s/ Amy E. Hayden*
Marc Fenster (SBN 181067)
Email: mfenster@raklaw.com
Reza Mirzaie (SBN 246953)
rmirzaie@raklaw.com
Neil A. Rubin (SBN 250761)
nrubin@raklaw.com
Jacob Buczko (SBN 269408)
jbuczko@raklaw.com
James A. Milkey (SBN 281283)
jmilkey@raklaw.com
James Tseui (SBN 285530)
jtseui@raklaw.com
Amy E. Hayden (SBN 287026)
ahayden@raklaw.com
Christian Conkle (SBN 306374)
cconkle@raklaw.com
Qi (Peter) Tong (SBN 300347)
ptong@raklaw.com
Jonathan Ma (SBN 312773)
jma@raklaw.com
Daniel Kolko (SBN 341680)
dkolko@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-9226

*Attorneys for Defendant,
VirtaMove Corp.*