Brandon H. Brown (SBN 266347)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: brandon.brown@kirkland.com

Todd M. Friedman (*admitted pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: todd.friedman@kirkland.com

Attorneys for Plaintiff RED HAT, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| RED HAT, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>VIRTAMOVE, CORP.,<br><br>    Defendant. | CASE NO. 5:24-CV-04740-PCP<br><br>**PLAINTIFF RED HAT'S REPLY IN SUPPORT OF ITS CONTINGENT MOTION TO CONDUCT JURISDICTIONAL DISCOVERY**<br><br>Jury Trial Demanded<br><br>Hearing Date: December 12, 2024<br>Time: 10:00 a.m.<br>Location: Courtroom 8, 4th Floor<br>Judge: Hon. P. Casey Pitts |

**PUBLIC VERSION - REDACTED**

**TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ......................................................................................................................... 2

    A. The Requested Discovery Is Relevant To Subject Matter Jurisdiction Under The Declaratory Judgment Act. ........................................................................................ 3

    B. The Requested Discovery Also Is Relevant To Specific Personal Jurisdiction. .................... 6

        1. Commercial Activities Are Relevant Under Supreme Court and Federal Circuit Law. ...................................................................................................... 8

        2. Red Hat Alleged—And VirtaMove's Own Witness Testified—That VirtaMove Directed Enforcement Activities to California. .................................................... 11

III. CONCLUSION ................................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arkema Inc. v. Honeywell Int'l, Inc.*,
    706 F.3d 1351 (Fed. Cir. 2013)..................................................................................................5

*Ass'n for Molecular Pathology v. USPTO*,
    689 F.3d 1303 (Fed. Cir. 2012), *reversed in part on other grounds*, 569 U.S. 576
    (2013)..........................................................................................................................................6

*Avocent Huntsville Corp. v. Aten Int'l Co.*,
    552 F.3d 1324 (Fed. Cir. 2008).....................................................................9, 11, 12, 13

*Calix Networks, Inc. v. Wi-Lan, Inc.*,
    No. C-09-06038-CRB DMR, 2010 WL 3515759 (N.D. Cal. Sept. 8, 2010)..................3

*Campbell Pet Co. v. Miale*,
    542 F.3d 879 (Fed. Cir. 2008)..................................................................................................12

*Cisco Sys., Inc. v. OpenTV Inc.*,
    No. 5:13-cv-0282-EJD, 2013 WL 2285226 (N.D. Cal. May 23, 2013) ..........................5

*Danisco U.S. Inc. v. Novozymes A/S*,
    744 F.3d 1325 (Fed. Cir. 2014)...........................................................................................3, 5

*Fed. Home Loan Mortg. Corp. v. Keo*,
    No. 19-CV-02099-RS, 2020 WL 2308088 (N.D. Cal. May 8, 2020), aff'd, No. 20-
    16145, 2021 WL 4811413 (9th Cir. Oct. 15, 2021)...........................................................4

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
    592 U.S. 351 (2021)..................................................................................................................8

*In re Gasoline Spot Litig.*,
    No. 20-CV-03131-JSC, 2020 WL 7431843 (N.D. Cal. Dec. 18, 2020) ........................2

*Genetic Implant Sys. Inc. v. Core–Vent Corp.*,
    123 F.3d 1455 (Fed. Cir. 1997)............................................................................................11

*Gillespie v. Prestige Royal Liquors Corp.*,
    183 F. Supp. 3d 996 (N.D. Cal. 2016) ..............................................................................10

*Impossible Foods Inc. v. Impossible X LLC*,
    80 F.4th 1079 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 2561 (2024)..............................9

*International Shoe Co. v. Washington*,
    326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)................................................................7

*Laub v. U.S. Dep't of the Interior*,
    342 F.3d 1080 (9th Cir. 2003) ...................................................................................2

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007) ...................................................................................................3

*In re Mobile Telecomms. Techs., LLC*,
    247 F. Supp. 3d 456 (D. Del. 2017) ........................................................................3, 5

*Proofpoint, Inc. v. InNova Pat. Licensing, LLC*,
    No. 5:11-CV-02288-LHK, 2011 WL 4915847 (N.D. Cal. Oct. 17, 2011) ....................6

*R S Hughes Co., Inc v. PCP Grp., Inc*,
    No. C 09-4846 VRW, 2010 WL 11703642 (N.D. Cal. Mar. 2, 2010) ......................8, 9

*Radio Sys. Corp. v. Accession, Inc.*,
    638 F.3d 785 (Fed. Cir. 2011) ................................................................................8, 13

*Trimble Inc. v. PerDiemCo LLC*,
    997 F.3d 1147 (Fed. Cir. 2021) .......................................................................7, 8, 9, 10

*UCP Int'l Co. Ltd. v. Balsam Brands Inc.*,
    787 F. App'x 691 (Fed. Cir. 2019) .......................................................................1, 3, 5

*VirtaMove, Corp. v. Amazon.com, Inc.*,
    No. 7:24-cv-00030, Dkt. 1 (W.D. Tex. Jan. 26, 2024) ...............................................5

*VirtaMove, Corp. v. Google LLC*,
    No. 7:24-cv-00033, Dkt. 1 (W.D. Tex. Jan. 31, 2024) ...............................................5

*VirtaMove, Corp. v. Google LLC*,
    No. 7:24-cv-00033-DC-DTG Dkt. 27 ........................................................................12

*VirtaMove, Corp. v. Hewlett Packard Enterprise Co.*,
    No. 2:24-cv-00093-JRG, Dkt. 1 (E.D. Tex. Feb. 9, 2024) ..........................................5

*VirtaMove, Corp. v. Hewlett Packard Enterprise Co.*,
    No. 2:24-cv-00093-JRG, Dkt. 101 ............................................................................12

*Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*,
    848 F.3d 1346 (Fed. Cir. 2017) ................................................................................6, 7

*Yamashita v. LG Chem, Ltd.*,
    62 F.4th 496 (9th Cir. 2023) ....................................................................................12

## I. INTRODUCTION

VirtaMove's arguments in opposition to Red Hat's contingent motion for jurisdictional discovery are premised on misstatements of both law and fact, and should be rejected. With respect to declaratory judgment jurisdiction, VirtaMove incorrectly argues that no jurisdictional discovery is warranted because Red Hat supposedly has not pleaded an "affirmative act." However, contrary to VirtaMove's suggestion that the affirmative act must involve a direct communication between VirtaMove and Red Hat, the Federal Circuit has made clear that VirtaMove need only have committed some conduct that Red Hat can reasonably interpret as demonstrating an intent to enforce its patent. *See UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, 787 F. App'x 691, 698 (Fed. Cir. 2019). Without question, VirtaMove has committed such an act—by bringing infringement suits against four competitors (including Red Hat's own parent company, IBM) in which VirtaMove is accusing the ***exact same*** open-source containerization technology that Red Hat uses in its own products. In addition, VirtaMove purports to rebut the relevance of only one of the eight topics Red Hat has proposed for jurisdictional discovery, making no argument that the other information Red Hat seeks is unlikely to yield relevant facts.

With respect to personal jurisdiction, VirtaMove incorrectly argues that specific personal jurisdiction in patent-related declaratory judgment actions requires a showing of licensing or enforcement activities, and cannot include commercialization efforts of a patented product by the patentee. However, the Supreme Court, Federal Circuit, and Ninth Circuit have all revoked any conclusions that there are such "bright line" rules for personal jurisdiction in such matters, including by limiting the line of cases that VirtaMove relies on for that proposition. VirtaMove also provides a declaration from Susan Cameron— who states that VirtaMove has not offered any patent licenses or made any patent assertions apart from the four cases it recently filed in Texas—to characterize the activities described in Red Hat's Complaint as mere commercial efforts that are unrelated to patent enforcement or licensing. Yet, not only does the law not require evidence of patent enforcement or licensing to support personal jurisdiction, Ms. Cameron's declaration is directly contradicted by her own sworn deposition testimony in VirtaMove's cases against IBM and Amazon, where she testified that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. VirtaMove has also alleged elsewhere that it met with multiple Northern California-based companies (including

| PLAINTIFF'S REPLY ISO CONTINGENT MOTION TO CONDUCT JURISDICTIONAL DISCOVERY | 1 | CASE NO. 3:24-CV-04740-PCP |

Google and HP) to specifically discuss its patented products, now alleges that those companies are infringing its patents, and discovery will reveal the extent it has been engaged in pre-suit or extra-suit discussions with those parties in this District regarding its patent portfolio. Ms. Cameron also testified that ███████████████████████████████████████████████████████████████████████. VirtaMove's contradictory statements, along with its significant action in this district focused around its patents and its patented product, all confirm the need for jurisdictional discovery into these issues to rebut VirtaMove's factual representations. Accordingly, should the Court decline to deny VirtaMove's motion to dismiss outright, Red Hat respectfully asks it to grant Red Hat's contingent motion for jurisdiction discovery.

## II.   ARGUMENT

Through two declarations from Ms. Susan Cameron and its briefing, VirtaMove has injected factual allegations outside of the pleadings in support of its motion to dismiss for lack of declaratory judgment jurisdiction and personal jurisdiction. *See* Dkts. 31-1, 42-1. Therefore, if the Court does not deny VirtaMove's motion to dismiss outright, the Court should alternatively grant jurisdictional discovery so that Red Hat may test the newly-injected facts before the case is wholly dismissed. *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003); *In re Gasoline Spot Litig.*, No. 20-CV-03131-JSC, 2020 WL 7431843, at *8 (N.D. Cal. Dec. 18, 2020) ("At a minimum, Plaintiffs should be allowed to test the statements in Mr. Jeong's declaration and the source of his knowledge.").

Red Hat has identified eight topics of discovery that are relevant to VirtaMove's jurisdictional challenges. Dkt. 37, Red Hat's Contingent Motion for Jurisdictional Discovery ("Discovery Mot.") at 3-4 (listing eight topics). As an initial matter, VirtaMove does not challenge that all eight topics of discovery are irrelevant to Red Hat's opposition, which alone justifies jurisdictional discovery. For the topics that VirtaMove does challenge, VirtaMove's arguments that the topics are not relevant rest on erroneous arguments lacking support in caselaw, mischaracterizations of fact, and also troublingly contradict VirtaMove's own sworn deposition testimony in related cases VirtaMove filed asserting the same patents against the same open-source containerization technologies that Red Hat uses. Because discovery is likely to uncover relevant facts and allow Red Hat to challenge VirtaMove's contradictory declaration statements, in the event the Court does not deny VirtaMove's motion to dismiss, Red Hat's contingent

motion for limited discovery should be granted. *Calix Networks, Inc. v. Wi-Lan, Inc.*, No. C-09-06038-CRB DMR, 2010 WL 3515759, at *3 (N.D. Cal. Sept. 8, 2010) ("it may be an abuse of discretion for a court to deny jurisdictional discovery where such discovery '*might* well demonstrate' jurisdictionally relevant facts and the plaintiff is denied the opportunity to develop the jurisdictional record) (quoting *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003)) (emphasis in original)).

### A. The Requested Discovery Is Relevant To Subject Matter Jurisdiction Under The Declaratory Judgment Act.

For the purposes of establishing declaratory judgment jurisdiction, "an affirmative act by the patentee is 'conduct that can be reasonably inferred as demonstrating intent to enforce a patent.'" *UCP*, 787 F. App'x at 698 (citation omitted). The Federal Circuit "ha[s] never held that . . . the only affirmative acts sufficient to create justiciable controversies are 'implied or express enforcement threat[s].'" *Danisco U.S. Inc. v. Novozymes A/S*, 744 F.3d 1325, 1332 (Fed. Cir. 2014) (quoting *Danisco U.S. Inc. v. Novozymes A/S*, No. C 12-4502 RS, 2013 WL 2351723, at *4 (N.D. Cal. Jan. 8, 2013), *rev'd in part*, *vacated in part*, 744 F.3d 1325 (Fed. Cir. 2014)); *see also id.* at 1330 ("Both [defendant's] argument and the district court's decision rely on the fact that [defendant] had not affirmatively accused [plaintiff's] products of infringing the issued '573 patent, but that fact alone is not dispositive of whether an actual controversy exists, and the district court erred in holding that it was."). Rather, Supreme Court guidance requires courts to examine the totality of the circumstances. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (test for subject matter jurisdiction in declaratory judgment actions is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy"); *Danisco* 744 F.3d at 1330–31 ("'an examination of the totality of the circumstances must be made to determine whether there is a controversy' in a patent declaratory judgment action") (quoting *C.R. Bard, Inc. v. Schwartz*, 716 F.2d 874, 880 (Fed. Cir. 1983)).

Notably, courts have found that "suits against competitors" are one consideration that can support a finding of declaratory judgment jurisdiction. *In re Mobile Telecomms. Techs., LLC*, 247 F. Supp. 3d 456, 463 (D. Del. 2017). As Red Hat explained in its opposition to VirtaMove's motion to dismiss, this Court has declaratory judgment jurisdiction based at least in part on the infringement suits that VirtaMove

has recently filed asserting the same patents against the same third-party technology used by others that is at issue in this case. *See* Dkt. 34 at 5–10. Indeed, VirtaMove conceded in the reply in support of its motion to dismiss that similar suits are a "pertinent consideration." Dkt. 42 at 4.

VirtaMove asserts that "[o]nly one of Red Hat's proposed categories of discovery"—the eighth bullet point in Red Hat's motion—"appears to even loosely relate to declaratory judgment jurisdiction." Dkt. 43 at 2. On the contrary, several of the topics listed in Red Hat's motion are relevant to declaratory judgment jurisdiction (while the other topics, as discussed below, are relevant to specific personal jurisdiction). For example, the topics directed to VirtaMove's communications with third parties in this District (*e.g.*, topics 1-4, 6, and 7) could lead to discovery showing that VirtaMove has been in contact with Red Hat's customers or with other parties using the same open-source technology accused in VirtaMove's suits against Google, HPE, IBM, and Amazon, further confirming that VirtaMove intends to assert infringement against additional parties based on the same technology Red Hat is using. Tellingly, VirtaMove makes no specific effort whatsoever to challenge these other topics' relevance, which—by itself—should dispose of its opposition to Red Hat's motion. *See Fed. Home Loan Mortg. Corp. v. Keo*, No. 19-CV-02099-RS, 2020 WL 2308088, at *5 (N.D. Cal. May 8, 2020), aff'd, No. 20-16145, 2021 WL 4811413 (9th Cir. Oct. 15, 2021) (deeming issues conceded because defendant failed to challenge them).

Regarding the eighth discovery topic proposed by Red Hat—regarding VirtaMove's "non-privileged analysis or decision-making regarding whether to sue Red Hat for patent infringement under the Asserted Patents," Dkt. 37 at 4—VirtaMove concedes that this "relate[s] to declaratory judgment jurisdiction," but argues that it is *legally* "irrelevant to the subject matter jurisdiction inquiry" because (according to VirtaMove) it does not itself constitute an affirmative act directed toward Red Hat and Red Hat supposedly has not identified any such affirmative act. Dkt. 43 at 2. That is not true—VirtaMove committed an affirmative act by (just as Red Hat has alleged) bringing infringement suits against four other companies (including Red Hat's own parent company, IBM) based on their use of the *exact same* open-source containerization software that Red Hat uses in its products. For jurisdictional purposes, that act is sufficiently "directed" to Red Hat by virtue of VirtaMove's reliance on that particular same third-party software as the basis for its infringement allegations, from which Red Hat has reasonably inferred that VirtaMove has an intent to assert its patents against Red Hat's technology using that same third-party

software. Contrary to VirtaMove's suggestion, the law does not require VirtaMove to have communicated with Red Hat about the Asserted Patents, let alone to have directly accused Red Hat of infringement. *See Danisco*, 744 F.3d at 1330 ("Article III does not mandate that the declaratory judgment defendant have threatened litigation"); *see also Arkema Inc. v. Honeywell Int'l, Inc.*, 706 F.3d 1351, 1357 (Fed. Cir. 2013) (holding it is not "necessary that a patent holder make specific accusations" of infringement against a declaratory judgment plaintiff). There is no doubt that VirtaMove has shown an intent to enforce the Asserted Patents against the exact third-party technology employed by Red Hat, *see UCP*, 787 F. App'x at 698, and "suits against competitors" can be one such act. *Mobile Telecomms. Techs.*, 247 F. Supp. 3d at 463. Red Hat's eighth proposed discovery topic is directly relevant to this affirmative act because the topic seeks information regarding VirtaMove's specific scrutiny of Red Hat as part of this enforcement campaign.

The cases that VirtaMove cites in support of its argument regarding declaratory judgment jurisdiction are inapposite and do not change this straight-forward analysis. VirtaMove's reliance on *Cisco* misses the mark because that case concerned an assertion of foreign patents outside the United States. *See Cisco Sys., Inc. v. OpenTV Inc.*, No. 5:13-cv-0282-EJD, 2013 WL 2285226, at *3 (N.D. Cal. May 23, 2013) (cited in Dkt. 43 at 2). Specifically, in *Cisco*, the defendant accused a Cisco customer of infringing foreign patents in Italy, and Cisco subsequently filed a declaratory judgment action in the U.S. based on similar U.S. patents. *Id.* Cisco's request for jurisdictional discovery was denied because it did not seek "to establish any nexus between the asserted European patents . . . and any . . . U.S. patent that may be asserted against Cisco." *Id.*, at *3. Here, as discussed above, the suits that constitute VirtaMove's affirmative act are against competitors in the United States, and VirtaMove asserts the exact same U.S. patents (against the same open-source third-party containerization technology) that are the subject of Red Hat's declaratory judgment action. *See, e.g.*, *VirtaMove, Corp. v. Amazon.com, Inc.*, No. 7:24-cv-00030, Dkt. 1 (W.D. Tex. Jan. 26, 2024); *VirtaMove, Corp. v. Google LLC*, No. 7:24-cv-00033, Dkt. 1 (W.D. Tex. Jan. 31, 2024); *VirtaMove, Corp. v. Hewlett Packard Enterprise Co.*, No. 2:24-cv-00093-JRG, Dkt. 1 (E.D. Tex. Feb. 9, 2024) (collectively, the "Texas Cases"). Moreover, unlike in *Cisco*, the discovery that Red Hat seeks is specifically targeted to the jurisdictional issues and factual allegations that VirtaMove has raised in seeking to have the case dismissed. *See Cisco*, 2013 WL 2285226, at *3 ("Cisco makes no

attempt to narrow the scope of its discovery on these topics to their relation to the [customer] negotiations"); Dkt. 37 at 3–4.

VirtaMove's reliance on *Ass'n for Molecular Pathology v. USPTO*, 689 F.3d 1303, 1323 (Fed. Cir. 2012) ("*Myriad*"), *reversed in part on other grounds*, 569 U.S. 576 (2013), is similarly flawed. *See* Dkt. 43 at 2. In *Myriad*, while the Federal Circuit found that two individual plaintiffs lacked standing because they were merely considering engaging in potentially infringing activity (*Myriad*, 689 F.3d at 1321), it determined that one of the plaintiffs "clearly alleges a sufficiently real and imminent injury because he alleges an intention to actually and immediately engage in infringing . . . activities." *Id.*, at 1323. Here, Red Hat does not just have "an intention" to begin engaging in potentially infringing acts—Red Hat is already selling products that incorporate the specific open-source containerization technology VirtaMove has accused of infringement in the Texas cases. Red Hat therefore "clearly alleges a sufficiently real and imminent injury." *Id.* at 1323.

Similarly, in the portion of *Myriad* that VirtaMove cites, the Federal Circuit emphasized that various organizational plaintiffs lacked standing because they "had made no preparation to undertake potentially infringing activities." *Myriad*, 689 F.3d at 1323 ("They accordingly suffered no injury[.]"). Therefore, *Myriad* does not stand for the rigid legal proposition that VirtaMove asserts. *Id*. at 1318 ("no bright-line rule exists for determining whether a declaratory judgment action satisfies Article III's case-or-controversy requirement"). VirtaMove's citation to *Proofpoint* is inapposite for the same reason as its reliance on *Myriad*. *See Proofpoint, Inc. v. InNova Pat. Licensing, LLC*, No. 5:11-CV-02288-LHK, 2011 WL 4915847, at *5 (N.D. Cal. Oct. 17, 2011) (dismissing case for lack of standing because "Proofpoint does not assert that it 'uses' its products in a manner that could be alleged to infringe the" asserted patent) (cited in Dkt. 43 at 3).

**B.     The Requested Discovery Also Is Relevant To Specific Personal Jurisdiction.**

The Federal Circuit has adopted a three-factor test for specific personal jurisdiction: "(1) whether the defendant purposefully directed its activities at residents of the forum; (2) whether the claim arises out of or relates to the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1353 (Fed. Cir. 2017) (internal quotations omitted). "The first two factors correspond with the 'minimum contacts' prong

of the [*International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)] analysis, and the third factor corresponds with the 'fair play and substantial justice' prong of the analysis." *Id.* (citation omitted).

Once the first two elements are satisfied, it is the defendant's burden to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Trimble Inc. v. PerDiemCo LLC*, 997 F.3d 1147, 1153 (Fed. Cir. 2021); *see also Xilinx*, 848 F.3d at 1355 ("the Supreme Court has made clear that the reasonableness prong is typically satisfied by a showing of minimum contacts"). The Supreme Court has outlined five factors that are relevant to whether the exercise of personal jurisdiction would comport with fair play and substantial justice: (1) the burden on the defendant; (2) the forum State's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several States in furthering fundamental substantive social policies. *Trimble*, 997 F.3d at 1157.

VirtaMove contends—incorrectly—that only a patentee's enforcement activities, not its commercialization efforts of patented products, can establish specific personal jurisdiction in a patent-related declaratory judgment action. *See* Dkt. 43 at 3–5. Based on that mischaracterization of the law, VirtaMove asserts that Red Hat's proposed discovery topics are irrelevant to the specific personal jurisdiction inquiry at hand because Red Hat's allegations merely address VirtaMove's allegedly patented product commercialization efforts in this forum, rather than any patent enforcement activity or licensing. *See id*. VirtaMove's argument is wrong for two independent reasons. First, the Supreme Court and the Federal Circuit have confirmed that such commercial activities are relevant to the minimum contacts analysis. Second, even if this Court was limited to considering only enforcement activities (which it is not), Red Hat has alleged specific licensing and enforcement activities by VirtaMove in this forum. Jurisdictional discovery is appropriate as to both VirtaMove's commercial and licensing and enforcement activities directed to California.

1.  Commercial Activities Are Relevant Under Supreme Court and Federal Circuit Law.

VirtaMove argues that commercial activities "are irrelevant to the specific personal jurisdictional analysis in the patent declaratory judgment context." Dkt. 43 at 3–4 (citing *Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 790 (Fed. Cir. 2011)). That is incorrect and has been expressly rejected. Indeed, the Federal Circuit has "made clear that the analysis of personal jurisdiction cannot rest on special patent policies." *Trimble*, 997 F.3d at 1154; *see also id.* at 1154–55 (noting because "[p]ersonal jurisdiction is not an area in which Congress has enacted a patent-specific statute[,] . . . Supreme Court precedent assures that [the analysis of personal jurisdiction] cannot rest on special considerations unique to patent cases").

The Supreme Court has held that commercial activities, such as marketing, sales, and service, can establish personal jurisdiction. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 364-65 (2021) (finding Ford's regular business activities, including advertising, selling, and servicing cars were sufficiently related to the case even though the specific cars involved were not sold in the forum states). In the context of a declaratory judgment non-infringement action, the Federal Circuit subsequently confirmed that commercial selling activities are relevant to the minimum contacts analysis, explaining that "the [Supreme Court in *Ford*] focused on the broader efforts by Ford to sell similar vehicles in each state." *Trimble*, 997 F.3d at 1156 ("[T]he Supreme Court's recent decision in *Ford* has established that a broad set of a defendant's contacts with a forum are relevant to the minimum contacts analysis."). Accordingly, VirtaMove's commercial activities are relevant to the personal jurisdiction analysis.

VirtaMove relies on *Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011) and *R S Hughes Co., Inc v. PCP Grp., Inc*, No. C 09-4846 VRW, 2010 WL 11703642, at *6 (N.D. Cal. Mar. 2, 2010), to try to support its erroneous legal argument that commercial activities are irrelevant. *See* Dkt. 43 at 4. However, those cases were decided in 2011 and 2010, respectively, and therefore are no longer

1 applicable in light of the *Ford* and *Trimble* cases from 2021.¹ As the Ninth Circuit recognized in rejecting an identical argument based on *Radio Sys*. in a trademark case, "even in the patent context, Federal Circuit precedent suggests that courts may not necessarily be constrained to considering only patent enforcement activities." *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1092 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 2561 (2024); *id*. at 1093 ("even in the patent context, it is not so clear that the Federal Circuit adheres to a rigid bright-line approach that considers only traditional enforcement activities as part of the 'arising out of or related to' inquiry").

VirtaMove also cites *Avocent* for the proposition that "mere evidence of sales within the forum of products covered by the relevant patent(s) is insufficient to guarantee specific personal jurisdiction over the patentee." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1336 (Fed. Cir. 2008) (cited in Dkt. 43 at 4). As an initial matter, however, Red Hat is not relying on "mere" sales activity. As discussed below, Red Hat has also pleaded licensing and enforcement activities by VirtaMove. And in any event, sales activity is clearly relevant under *Ford* and *Trimble*. *Trimble*, 997 F.3d at 1156 (noting in discussing *Ford*, that the Supreme Court "has established that a broad set of a defendant's contacts with a forum are relevant to the minimum contacts analysis," including commercial selling activities, and that "the Court focused on the broader efforts by Ford to sell similar vehicles in each state") (citing *Ford*, 592 U.S. at 359). Accordingly, the caselaw VirtaMove cites for the flawed proposition that its commercialization efforts are irrelevant should be given no weight.

Given the Federal Circuit's rejection of the outdated legal proposition VirtaMove encourages this Court to adopt, Red Hat's third through seventh proposed topics are relevant even in the unlikely event

---

¹ To the extent VirtaMove also relies on *R S Hughes* to suggest that "a company's attempt at informing another company of alleged infringement [is] beyond the bounds of fairness," *R S Hughes*, 2010 WL 11703642, at *6 (citing *Red Wing Shoe Co, Inc v Hockerson-Halberstadt, Inc*, 148 F3d 1355, 1360-61), the Federal Circuit has squarely rejected that proposition. The relevant analysis in *R S Hughes* relies on *Red Wing*'s finding that "[g]rounding personal jurisdiction on [a patentee's efforts to inform a party of suspected infringement] alone would not comport with principles of fairness." *R S Hughes*, 2010 WL 11703642, at *6 (citing *Red Wing*, 148 F3d at 1360-61). The Federal Circuit has expressly rejected and narrowed *Red Wing* for failing to adequately address the five factors relevant to fair play and substantial justice that are listed above in this section and for instead attempting to create special rules for patent cases. Judge Stohl noted in her concurrence in *Jack Henry & Assocs., Inc. v. Plano Encryption Techs. LLC* that *Red Wing* and its progeny failed to address the five relevant factors and thus should "be reconsidered as directly contrary to established Supreme Court precedent." 910 F.3d 1199, 1207 (Fed. Cir. 2018) (Stohl, J., concurring). Similarly, in *Trimble*, the Federal Circuit expressly stated that "subsequent developments have clarified the scope of *Red Wing*" and that "communications threatening suit or proposing settlement or patent licenses can be sufficient to establish personal jurisdiction." *Trimble*, 997 F.3d at 1155.

that VirtaMove merely engaged in commercialization—not licensing or enforcement—efforts related to its allegedly patented products in this forum. *See Trimble*, 997 F.3d at 1155. For that reason, contrary to VirtaMove's argument, the *Gillespie* case cited by Red Hat is on point. *See Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996, 1003 (N.D. Cal. 2016) (holding social media post that purported to show a "satisfied customer" from "Cali" was sufficient to warrant further jurisdictional discovery regarding defendant's contacts in California). VirtaMove attempts to distinguish *Gillespie* on the grounds that the decision in question came in the context of an affirmative claim for patent infringement, not a declaratory judgment claim. *See* Dkt. 43 at 5. Yet, *Gillespie* stands for the proposition that circumstantial evidence is sufficient to tip the needle from a "bare allegation" to an allegation that has sufficient support to warrant jurisdictional discovery. *Gillespie*, 183 F. Supp. 3d at 1003.

The third and fourth topics proposed by Red Hat—regarding VirtaMove's sales and marketing of its purportedly practicing products and VirtaMove's activities at trade shows—are relevant because VirtaMove identifies its V-Migrate product as practicing the patents-at-issue in this case. *See https://virtamove.com/about-us/productpatents/*, last accessed November 6, 2024. Hence, any sales or marketing or trade show activity related to V-Migrate in California constitute commercial activities that relate to the patents-at-issue. Red Hat's fifth proposed topic—regarding VirtaMove's undenied use of California-based servers—is likewise relevant. The sixth and seventh proposed topics—regarding VirtaMove and its representatives' similarly undenied travel to, and residency in, California—also are relevant, because these representatives' actions likely relate to commercialization of VirtaMove's practicing products (e.g., by traveling to attend trade shows in California).

At bottom, even assuming for the sake of argument that VirtaMove's substantial patent-related activities set forth in paragraphs 11–18 of Red Hat's Complaint merely amount to commercialization efforts, rather than enforcement or licensing activities, these activities still establish a high likelihood that jurisdictional discovery will reveal further relevant activities—especially given the Supreme Court's holding in *Ford* and the Federal Circuit's confirmation in *Trimble* that commercial selling activities are germane to the inquiry.

### 2. Red Hat Alleged—And VirtaMove's Own Witness Testified—That VirtaMove Directed Enforcement Activities to California.

VirtaMove also misses the mark when it argues that Red Hat's proposed discovery topics are merely directed to VirtaMove's commercial activities in this forum. Dkt. 43 at 3–6. In fact, the proposed topics also relate to Red Hat's allegations that VirtaMove has engaged in years of licensing efforts in California—and in this District specifically. *See* Dkt. 1 ¶¶ 11–18.

The first and second proposed topics concern "VirtaMove's California-based licensing efforts" and its "California-based patent enforcement activities." Dkt. 37 at 3. As VirtaMove acknowledges, these topics are relevant even under VirtaMove's incorrect interpretation of the law. *See* Dkt. 43 at 3; *cf. Avocent*, 552 F.3d at 1334 (noting examples of activities sufficient to show specific personal jurisdiction include "extra-judicial patent enforcement within the forum" and agreement "analogous to a grant of a patent license"); *Genetic Implant Sys. Inc. v. Core–Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997) (finding jurisdiction over patentee that contracted with exclusive distributor to sell patented products in forum because agreement was analogous to a patent license).

Faced with these topics' indisputable legal relevance, VirtaMove argues that the proposed discovery will not reveal any relevant facts because VirtaMove's declarant, Ms. Cameron, has stated that VirtaMove has never licensed or offered a license to its patents. *See* Dkt. 43 at 4. For example, in her sworn declaration, Ms. Cameron asserts that "VirtaMove has not offered any entity or individual an opportunity to enter into a patent license agreement to either the '814 or '058 patent (or any other patent)." Dkt. 42-1, Cameron Reply Decl. ¶3. Yet, Ms. Cameron's statements blatantly contradict her own sworn deposition testimony in VirtaMove's lawsuit against IBM. *See, e.g.*, Ex. 1, Cameron 10/10/24 Dep. Tr. at 116:4–20 ("█████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

At her deposition, Ms. Cameron testified that ████████████████████████

█████████████████████████████████. *Id*. at 117:9-12 ████████████████

███████████████████████████████████████ This contradiction is alarming and

further underscores the need for jurisdictional discovery into VirtaMove's contacts with this forum.[2] In VirtaMove's case against Amazon, Ms. Cameron further testified that ████████████████████████████████████████████████████████████████████████████████████, which likewise suggests that VirtaMove has engaged in enforcement activities in the forum—and that such facts are likely to be revealed via jurisdictional discovery. *See* Ex. 2, Cameron 8/27/24 Dep. Tr. at 79–84.

VirtaMove has also alleged elsewhere that it engaged in extensive multi-year discussions with California companies (including Google, HP, and then-California based HPE) regarding its allegedly patented product, and that from those interactions, the parties would have become aware of the patents-in-suit. *VirtaMove, Corp. v. Google LLC*, No. 7:24-cv-00033-DC-DTG Dkt. 27, ¶ 10 (W.D. Tex.); *VirtaMove, Corp. v. Hewlett Packard Enterprise Co.*, No. 2:24-cv-00093-JRG, Dkt. 101, ¶ 11 (E.D. Tex.). Such evidence of those discussions would be highly relevant to VirtaMove's activities in this district specific to its patents. Indeed, VirtaMove is currently engaged in litigation with at least two of those companies (Google and HPE), and to the extent it has engaged in pre-suit settlement discussions or has sought to develop licenses that go beyond the patents in those lawsuits (e.g., portfolio licenses or cross-license agreements), such discussions would also be highly relevant to establishing VirtaMove's enforcement-specific behavior in this district. *Id.*

Red Hat's other proposed discovery topics are similarly directed at uncovering facts relevant to specific personal jurisdiction. The fourth topic—regarding VirtaMove's trade show activities—is relevant because these activities can result in "extra-judicial patent enforcement." *Avocent*, 552 F.3d at 1334; *see also Campbell Pet Co. v. Miale*, 542 F.3d 879, 886 (Fed. Cir. 2008) (finding jurisdiction over patentee without any threat of litigation from patentee because its activities at trade show amounted to extra-judicial patent enforcement). Indeed, as discussed in Red Hat's motion, a plethora of publicly available information shows VirtaMove's heavy presence at trade shows and conferences in this forum. *See, e.g.*, Dkt. 37-1, 37-2, 37-3, 37-4. Even the cases VirtaMove itself cites indicate that trade show activities can

---

[2] In view of Ms. Cameron's contradictions, VirtaMove's reliance on *Yamashita* is both ironic and unavailing. *See Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 508 (9th Cir. 2023) (holding that in the context of a motion for jurisdictional discovery, bare allegations are trumped by sworn statements to the contrary) (cited in Dkt. 43 at 4).

be a relevant consideration. See *Avocent*, 552 F.3d at 1334; *Radio Sys. Corp.*, 638 F.3d at 791 (discussing *Campbell Pet*).

The sixth and seventh proposed topics—regarding VirtaMove and its representatives' travel to, and residency in, California—also are relevant because Ms. Cameron provided sworn deposition testimony that ████████████████████████████████████████████████████████. And the third and fifth topics—regarding VirtaMove's sales and marketing and its use of California-based servers—are relevant under *Ford* and *Trimble*, as discussed above. Because the first through seventh proposed discovery topics are likely to yield additional facts relevant to the personal jurisdiction inquiry, Red Hat's request for jurisdictional discovery should be granted.

## III. CONCLUSION

For the reasons set forth above, if the Court does not deny VirtaMove's motion to dismiss, Red Hat respectfully submits that the Court should grant Red Hat's request for limited jurisdictional discovery regarding the factual disputes raised in VirtaMove's motion.

DATED: November 8, 2024

Respectfully submitted,

KIRKLAND & ELLIS LLP

*/s/ Brandon H. Brown*
Brandon H. Brown (SBN 266347)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: brandon.brown@kirkland.com

Todd M. Friedman (*admitted pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: todd.friedman@kirkland.com

*Attorneys for Plaintiff RED HAT, INC.*