Brandon H. Brown (SBN 266347)
Kyle Calhoun (SBN 311181)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile:  (415) 439-1500
Email: brandon.brown@kirkland.com
Email: kyle.calhoun@kirkland.com

Todd M. Friedman (*admitted pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile:  (212) 446-4900
Email: todd.friedman@kirkland.com

Attorneys for Plaintiff RED HAT, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| RED HAT, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>VIRTAMOVE, CORP.,<br><br>          Defendant. | CASE NO.  5:24-CV-04740-PCP<br><br>**PLAINTIFF RED HAT'S OPPOSED ADMINISTRATIVE MOTION FOR LEAVE TO FILE A SUR-REPLY IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS**<br><br>Jury Trial Demanded<br><br>Judge:          Hon. P. Casey Pitts<br>Courtroom:  8, 4th Floor |

**TABLE OF CONTENTS**

**Page**

I.   Introduction ................................................................................................................ 1

II.  Red Hat Should Be Granted Leave To Address VirtaMove's New Arguments That Contradict Supreme Court, Federal Circuit, And Ninth Circuit Precedent. ................................. 1

III. Red Hat Should Also Be Granted Leave to Address the New Susan Cameron Declaration, Which VirtaMove Provided For the First Time With Its Reply and Which Contradicts Ms. Cameron's Sworn Deposition Testimony. .............................................................. 3

IV.  Conclusion ................................................................................................................ 4

Pursuant to Civil Local Rule 7-3(d), governing Administrative Motions for Leave to File a Sur-reply, Plaintiff Red Hat, Inc. ("Red Hat" or "Plaintiff") hereby seeks leave to submit a short sur-reply (attached hereto as Exhibit A) to address VirtaMove's new arguments raised for the first time in its reply. Because the newly raised arguments depend on caselaw contravened by higher courts and a declaration contradicted by the declarant's own sworn testimony, to avoid prejudice, Red Hat needs an opportunity to respond.

In compliance with Civil Local Rule 7-11(a), this opposed motion is accompanied by a proposed order and a declaration that explains why a stipulation could not be obtained.

## I.     Introduction

VirtaMove has filed a motion to dismiss based on lack of subject matter and personal jurisdiction. *See* Dkt. 31. With respect to personal jurisdiction, VirtaMove's motion ignores the many facts pled in Red Hat's Complaint and instead includes only three sentences purporting to address whether this Court has specific personal jurisdiction over VirtaMove. *See id.* at 10. After receiving Red Hat's opposition brief, VirtaMove then raised new arguments regarding specific personal jurisdiction for the first time in its reply brief. VirtaMove also provided a new declaration from Susan Cameron with its reply brief. Notably, VirtaMove's new arguments misrepresent the law by relying on stale case law that has been contravened by the U.S. Supreme Court, the Federal Circuit, and the Ninth Circuit. Moreover, the new Cameron declaration should not be credited, because it contradicts Ms. Cameron's own sworn deposition testimony in VirtaMove's cases against IBM and Amazon. Red Hat therefore respectfully seeks leave to submit a short sur-reply to address VirtaMove's new arguments raised for the first time in their reply.

## II.    Red Hat Should Be Granted Leave To Address VirtaMove's New Arguments That Contradict Supreme Court, Federal Circuit, And Ninth Circuit Precedent.

When a reply brief "presents new evidence" or arguments, leave should be granted for the opposing party "to file a short sur-reply to address [the] issues raised for the first time" in reply. *Arens v. Popcorn, Ind., LLC*, No. 14-CV-1323-SC, 2014 WL 2737412, at *1 n.1 (N.D. Cal. June 16, 2014); *see also GT Nexus, Inc. v. Inttra, Inc.*, No. C 11-02145-SBA, 2014 WL 3373088, at *1 (N.D. Cal. July 9, 2014) (granting motion for leave to file sur-reply to address new argument raised on reply); *In re Volkswagen*

1  *"Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 2672 CRB (JSC), 2017 WL 1352859, at
2  *1 n.2 (N.D. Cal. Apr. 12, 2017) (similar).

3     Red Hat should be granted leave to file a short sur-reply to address the new arguments regarding specific personal jurisdiction that VirtaMove has raised for the first time in its reply brief. The arguments regarding personal jurisdiction in VirtaMove's motion to dismiss were largely confined to arguments that this Court lacks general personal jurisdiction over VirtaMove. *See* Dkt. 31 at 10–14. VirtaMove's motion included just three sentences addressing specific personal jurisdiction, with VirtaMove asserting in conclusory fashion that "there is absolutely no basis for *specific* jurisdiction here, because . . . VirtaMove has never contacted Red Hat concerning any of VirtaMove's patents, let alone communicated to Red Hat (or anyone else) that OpenShift or any other Red Hat product infringes any VirtaMove patent." *Id.* at 10 (emphasis in original).

12    As Red Hat explained in its opposition to VirtaMove's motion, however, the facts alleged in Red Hat's Complaint show that this Court does have specific personal jurisdiction over VirtaMove, namely because of VirtaMove's extensive efforts to demonstrate, sell, and license its patented technology in this District—the same patented technology at issue here. *See* Dkt. 34 at 10–14. In response to Red Hat's opposition, VirtaMove raised several brand-new arguments regarding specific personal jurisdiction in its reply brief. *See* Dkt. 42 at 8–14. Because Red Hat did not have an opportunity to address those arguments in its opposition, Red Hat should be granted leave to file a short sur-reply to address the new arguments. *See, e.g.*, *Arens*, 2014 WL 2737412, at *1 n.1.

20    Importantly, moreover, the new arguments in VirtaMove's reply repeatedly misstate the law. In its reply, VirtaMove relies on *Radio Sys. Corp. v. Accession, Inc.* for the proposition that "**only enforcement or defense efforts** related to the patent **rather than the patentee's own commercialization efforts** are to be considered for establishing specific personal jurisdiction in a declaratory judgment action against the patentee." 638 F.3d 785, 790 (Fed. Cir. 2011) (quoting *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1019 (Fed. Cir. 2009)) (cited in Dkt. 42 at 10) (emphasis added by VirtaMove). VirtaMove also cites *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1336 (Fed. Cir. 2008), and *R S Hughes Co., Inc. v. PCP Grp., Inc.*, No. C 09-4846 VRW, 2010 WL 11703642, at *1, *4, *6 (N.D. Cal. Mar. 2, 2010), for the same proposition. *See* Dkt. 42 at 10–11. VirtaMove's contention based

on these cases that only patent enforcement or licensing efforts—as opposed to commercialization efforts of a patented product—may be considered for purposes of specific personal jurisdiction contradicts subsequent Supreme Court, Federal Circuit, and Ninth Circuit precedent, which hold that commercial activities, such as marketing, sales, and service, **can** establish personal jurisdiction. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 364–65 (2021) (finding Ford's regular business activities, including advertising, selling, and servicing cars, were sufficiently related to the case even though the specific cars involved were not sold in the forum states); *Trimble Inc. v. PerDiemCo LLC*, 997 F.3d 1147, 1156 (Fed. Cir. 2021) (noting in the context of a patent case that "the [Supreme Court in *Ford*] focused on the broader efforts by Ford to sell similar vehicles in each state"); *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1092–93 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 2561 (2024) ("[E]ven in the patent context, Federal Circuit precedent suggests that courts may not necessarily be constrained to considering only patent enforcement activities . . . . [E]ven in the patent context, it is not so clear that the Federal Circuit adheres to a rigid bright-line approach that considers only traditional enforcement activities as part of the 'arising out of or related to' inquiry . . . .").

In its reply, VirtaMove also argues that non-exclusive licenses are insufficient to support personal jurisdiction. *See* Reply at 12. But this too is a misstatement of the law as the Federal Circuit has expressly held that "nonexclusive patent licenses" **can** support specific personal jurisdiction. *Trimble*, 997 F.3d at 1156; *see also Juniper Networks Inc. v. Swarm Tech. LLC*, No. 3:20-cv-03137-JD, 2021 WL 6049924, at *1 ("nonexclusive patent licensing activity in a forum can establish personal jurisdiction"); *PopSockets LLC v. Flygrip, Inc.*, No. 21-CV-02900-RM-STV, 2022 WL 17729705, at *1–3 (D. Colo. Dec. 16, 2022) (finding personal jurisdiction where defendant sent letter to plaintiff seeking non-exclusive license).

This Court should permit Red Hat to file a sur-reply to address the new arguments—and the mischaracterizations of the law—introduced in VirtaMove's reply. *See Arens*, 2014 WL 2737412, at *1 n.1; *GT Nexus*, 2014 WL 3373088, at *1; *In re Volkswagen*, 2017 WL 1352859, at *1 n.2.

### III. Red Hat Should Also Be Granted Leave to Address the New Susan Cameron Declaration, Which VirtaMove Provided For the First Time With Its Reply and Which Contradicts Ms. Cameron's Sworn Deposition Testimony.

With its reply brief, VirtaMove also provided a second declaration from Susan Cameron. This second declaration asserts that VirtaMove has never licensed or offered a license for any of its patents.

*See* Reply at 10–11. But this second declaration directly contradicts Ms. Cameron's own prior sworn deposition testimony in VirtaMove's Texas cases. *See* Dkt. 45-3 at 11–13. Red Hat therefore should also be granted leave to file a sur-reply for purposes of responding to this new declaration. *Transonic Sys., Inc. v. Fresenius USA, Inc.*, 425 F. Supp. 2d 1082, 1089–90 (N.D. Cal. 2006) (granting "defendant's motion for leave . . . to file the surreply" to address "the supplemental declaration . . . submitted with [plaintiff's] reply brief" and "address any 'new' evidence or arguments submitted by plaintiff"); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (refusing to consider a declaration because "Defendants' attempt to introduce new evidence in connection with their reply papers [was] improper").

## IV. Conclusion

For the reasons set forth above, Red Hat respectfully asks the Court to grant Red Hat leave to file the sur-reply brief attached hereto as Exhibit A.

DATED: November 13, 2024

Respectfully submitted,

KIRKLAND & ELLIS LLP

*/s/ Brandon H. Brown*
Brandon H. Brown (SBN 266347)
Kyle Calhoun (SBN 311181)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: brandon.brown@kirkland.com
Email: kyle.calhoun@kirkland.com

Todd M. Friedman (*admitted pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: todd.friedman@kirkland.com

*Attorneys for Plaintiff RED HAT, INC.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on counsel of record via the CM/ECF system of the United States District Court for the Northern District of California.

DATED: November 13, 2024          */s/ Brandon H. Brown*
                                                         Brandon H. Brown