# EXHIBIT A

Brandon H. Brown (SBN 266347)
Kyle Calhoun (SBN 311181)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile:  (415) 439-1500
Email: brandon.brown@kirkland.com
Email: kyle.calhoun@kirkland.com

Todd M. Friedman (*admitted pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile:  (212) 446-4900
Email: todd.friedman@kirkland.com

*Attorneys for Plaintiff RED HAT, INC.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| RED HAT, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>VIRTAMOVE, CORP.,<br><br>        Defendant. | CASE NO.  5:24-CV-04740-PCP<br><br>**PLAINTIFF RED HAT'S SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(2)**<br><br>Jury Trial Demanded<br><br>Judge:          Hon. P. Casey Pitts<br>Courtroom:    8, 4th Floor |

## **<u>TABLE OF CONTENTS</u>**

I.     INTRODUCTION ........................................................................................................... 1

II.    ARGUMENT ................................................................................................................. 1

     A.     VirtaMove's New Legal Argument That Commercial Activities Are Irrelevant to
          Specific Personal Jurisdiction Has Been Rejected by the Supreme Court, the
          Federal Circuit, and the Ninth Circuit ................................................................... 1

     B.     VirtaMove Does Not Deny That Its Commercial Activities Directed To California
          Relate To The Patents-In-Suit .............................................................................. 4

     C.     The Court Should Not Credit the Declaration of Susan Cameron That VirtaMove
          Provided With Its Reply .......................................................................................... 5

III.   CONCLUSION ............................................................................................................. 7

## I.    INTRODUCTION

Red Hat's Complaint pleads facts regarding VirtaMove's commercial activities, as well as its licensing and enforcement activities, that are sufficient to show this Court has specific personal jurisdiction over VirtaMove.

With respect to VirtaMove's commercial activities, VirtaMove's reply brief in support of its motion to dismiss relies on outdated law to assert its commercialization efforts of patented products are irrelevant to the specific personal jurisdiction analysis.  In fact, the Supreme Court has held that commercial activities can give rise to personal jurisdiction, and the Federal Circuit has confirmed that this fact remains true in the context of a patent-related declaratory judgment action.  The Federal Circuit also has expressly limited and narrowed the line of cases that VirtaMove relies on for its contrary proposition. Further, the Ninth Circuit has recognized that no bright-line rule holds that commercialization activities cannot be considered as part of a personal jurisdiction analysis in the context of patent cases.

Regarding VirtaMove's licensing activities, VirtaMove's reply includes a new declaration from Ms. Susan Cameron, who states that VirtaMove has not offered any patent licenses or made any patent assertions apart from the four cases it recently filed in Texas.  Ms. Cameron's declaration is directly contradicted by her own recent sworn deposition testimony in VirtaMove's cases against IBM and Amazon in Texas.  In light of that testimony, Ms. Cameron's contradictory declaration should not be credited.

Given the legal and factual deficiencies in VirtaMove's arguments, this Court should accept Red Hat's well-pleaded allegations as true and deny VirtaMove's motion to dismiss.  In the alternative, the Court should grant Red Hat's contingent motion for jurisdictional discovery.

## II.    ARGUMENT

### A.    VirtaMove's New Legal Argument That Commercial Activities Are Irrelevant to Specific Personal Jurisdiction Has Been Rejected by the Supreme Court, the Federal Circuit, and the Ninth Circuit.

VirtaMove's reply mischaracterizes the law governing specific personal jurisdiction in the declaratory judgment context.  *See* Dkt. 42 ("Reply") at 9–11.  Contrary to VirtaMove's assertion, the Supreme Court has held that commercial activities, such as marketing, sales, and service, ***can*** establish personal jurisdiction. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 364–65 (2021)

(finding Ford's regular business activities, including advertising, selling, and servicing cars, were sufficiently related to the case, even though the specific cars involved were not sold in the forum states). The Federal Circuit subsequently confirmed, in the context of a declaratory judgment non-infringement action, that commercial selling activities are relevant to the minimum contacts analysis, explaining that "the [Supreme Court in *Ford*] focused on the broader efforts by Ford to sell similar vehicles in each state." *Trimble Inc. v. PerDiemCo LLC*, 997 F.3d 1147, 1156 (Fed. Cir. 2021) (further recognizing that "the Supreme Court's recent decision in *Ford* has established that a broad set of a defendant's contacts with a forum are relevant to the minimum contacts analysis"). Indeed, the Federal Circuit has "made clear that the analysis of personal jurisdiction cannot rest on special patent policies"—as VirtaMove contends—because "[p]ersonal jurisdiction is not an area in which Congress has enacted a patent-specific statute." *Id.* at 1154–55.

In its reply, VirtaMove nevertheless incorrectly asserts that commercialization activities are "irrelevant to the personal jurisdiction inquiry." Reply at 11. VirtaMove's relies on the following cases to support its erroneous argument:

- *Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 790 (Fed. Cir. 2011) (cited in Reply at 10–11);

- *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1336 (Fed. Cir. 2008) (cited in Dkt. Reply at 9–11); and

- *R S Hughes Co. v. PCP Grp., Inc.*, No. 09-cv-4846-VRW, 2010 WL 11703642, at *1, *4, *6 (N.D. Cal. Mar. 2, 2010) (cited in Reply at 11).

Those three cases were decided in 2011, 2008, and 2010, respectively, and therefore are significantly limited in light of the *Ford* and *Trimble* decisions from 2021. Thus, as the Ninth Circuit recognized in rejecting an identical argument based on *Radio Sys*. in a trademark case, "even in the patent context, Federal Circuit precedent suggests that courts may not necessarily be constrained to considering only patent enforcement activities." *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1092 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 2561 (2024); *see also id*. at 1093 ("even in the patent context, it is not so clear that the Federal Circuit adheres to a rigid bright-line approach that considers only traditional enforcement activities as part of the 'arising out of or related to' inquiry").

VirtaMove also cites *Avocent* for the proposition that "mere evidence of sales within the forum of products covered by the relevant patent(s) is insufficient to guarantee specific personal jurisdiction over the patentee." *Avocent*, 552 F.3d at 1336 (cited in Reply at 9, 11). As an initial matter, Red Hat is not relying on "mere" sales activity. As discussed below, Red Hat has also pleaded licensing and enforcement activities by VirtaMove. In any event, VirtaMove's sales activity of products that it contends are covered by the patents in suit clearly is relevant under *Ford* and *Trimble*.[1] *See Trimble*, 997 F.3d at 1156 (citing *Ford*, 592 U.S. at 359).

In addition, VirtaMove cites portions of *Avocent* that rely on *Red Wing Shoe Co, Inc v. Hockerson-Halberstadt, Inc*, 148 F.3d 1355, 1360 (Fed. Cir. 1998). *See* Reply at 9. *Radio Sys*. and *R S Hughes* likewise cite *Red Wing*. *See Radio Sys.*, 638 F.3d at 789, 791; *R S Hughes*, 2010 WL 11703642, at \*4, \*6. To the extent VirtaMove is also relying on these cases to suggest, as stated in *R S Hughes*, that "a company's attempt at informing another company of alleged infringement [is] beyond the bounds of fairness," *R S Hughes*, 2010 WL 11703642, at \*6 (citing *Red Wing*, 148 F.3d at 1360–61), the Federal Circuit has squarely rejected that proposition. The relevant discussion in *R S Hughes* relies on *Red Wing*'s determination that "[g]rounding personal jurisdiction on [a patentee's efforts to inform a party of suspected infringement] alone would not comport with principles of fairness." *Id.* at \*6 (citing *Red Wing*, 148 F.3d at 1360–61). The Federal Circuit rejected and narrowed the *Red Wing* analysis for failing to adequately address the actual factors that are relevant to the fair play and substantial justice analysis and for instead attempting to create special rules for patent cases. As Judge Stohl noted in her concurrence in *Jack Henry & Assocs., Inc. v. Plano Encryption Techs. LLC*, *Red Wing* and its progeny should "be reconsidered as directly contrary to established Supreme Court precedent" for this reason. 910 F.3d 1199, 1207 (Fed. Cir. 2018) (Stohl, J., concurring). Similarly, in *Trimble*, the Federal Circuit recognized that "subsequent developments have clarified the scope of *Red Wing*" and that "communications . . . proposing settlement or patent licenses can be sufficient to establish personal jurisdiction." *Trimble*, 997 F.3d at 1154–1155; *see also id.* ("Supreme Court precedent assures that *Red Wing* cannot rest on special

---

[1]  VirtaMove identifies its V-Migrate product as practicing the patents-at-issue in this case on its patent marking website. *See https://virtamove.com/about-us/productpatents/*, last accessed November 6, 2024.

considerations unique to patent cases"). Accordingly, to the extent VirtaMove relies on its cited cases for the proposition—originating in *Red Wing*—that "informing another company of alleged infringement" is not enough to support personal jurisdiction, that argument also fails.

**B.    VirtaMove Does Not Deny That Its Commercial Activities Directed To California Relate To The Patents-In-Suit.**

VirtaMove's commercial activities in California that Red Hat alleges in its Complaint satisfy the minimum contacts that are required for specific personal jurisdiction.

As both *Ford* and *Trimble* explain, commercial activities directed at residents of a forum amount to purposeful acts that satisfy the first factor in the specific personal jurisdiction analysis. *See Ford*, 592 U.S. at 364–65; *Trimble*, 997 F.3d at 1156. With the first factor satisfied, courts then must examine under the second factor whether the commercial acts sufficiently "relate to" the matter at hand. *See Ford*, 592 U.S. at 364–65 ("Now turn to how all [Ford's commercial] conduct **relates to** the claims in these cases") (emphasis added); *Westerman v. FTI Consulting, Inc.*, No. 24-CV-04118-JCS, 2024 WL 4314789, at *12 (N.D. Cal. Sept. 25, 2024) (noting "the Supreme Court applied a more 'relaxed standard' in *Ford*" and "rejected a 'causation only approach' to the second prong of the specific jurisdiction inquiry"). To satisfy this second factor, there need only be "a strong 'relationship among the defendant, the forum, and the litigation'—the 'essential foundation' of specific jurisdiction." *Trimble*, 997 F.3d at 1156 (quoting *Ford*, 592 U.S. at 365). Notably, the Supreme Court has "ma[d]e it clear that the plaintiff need not be the forum resident toward whom any, much less all, of the defendant's relevant activities were purposefully directed." *Akro Corp. v. Luker*, 45 F.3d 1541, 1547 (Fed. Cir. 1995).

As explained in Red Hat's opposition brief, VirtaMove purposely directed activities at residents of California when it met with HPE and Google in California and attempted to commercialize and sell products that purportedly embody its patents. *See* Dkt. 34 ("Opp.") at 11–12. The meetings took place in this District, and concerned the same patents that are at issue in this case and based on which VirtaMove subsequently sued both Google and HPE for infringement. *See id.* ¶¶ 11–14. Hence, this case is related to VirtaMove's commercial activities because the products that VirtaMove attempted to commercialize and sell in California purportedly practice the patents-in-suit, and it admits that those parties would likely have learned of the patents-in-suit (and allegedly could have become willful infringers) as a result of these

commercialization efforts. *VirtaMove, Corp. v. Google LLC*, No. 7:24-cv-00033-DC-DTG (W.D. Tex.), Dkt. 27, ¶ 10; *VirtaMove, Corp. v. Hewlett Packard Enterprise Co.*, No. 2:24-cv-00093-JRG (E.D. Tex.), Dkt. 101, ¶ 11. VirtaMove admits in its reply that it was attempting to commercialize and sell its products in California, and does not deny that they were practicing products. *See* Reply at 10 ("these meetings were nothing more than efforts by VirtaMove to commercialize and sell its products"). Red Hat's Complaint also alleges that the VirtaMove representative who met with HPE and Google (against which VirtaMove has since filed patent infringement suits) resides in this District, and that at least one of VirtaMove's board members and directors resides in California. *See* Compl. ¶¶ 13–14, 18. VirtaMove does not deny that its employees live in California or that the meetings occurred in California. *See Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1354 (Fed. Cir. 2017) (Federal Circuit "has previously recognized that in-person visits to the forum are significant contacts in the declaratory judgment context").

Red Hat's Complaint also alleges that VirtaMove "maintains or maintained strategic partnerships with multiple California companies, including at least HP and CloudPhysics," Compl. ¶¶ 11, 15—facts VirtaMove does not deny. The Complaint further alleges that VirtaMove uses servers in California for its embodying products. *See id.* ¶¶ 16–17. Especially in combination with its licensing activities, VirtaMove's commercial activities in California easily satisfy the minimum contacts required for specific jurisdiction. *See Trimble*, 997 F.3d at 1156 (noting "the Court focused on the broader efforts by Ford to sell similar vehicles in each state") (citing *Ford*, 592 U.S. at 359); *Xilinx*, 848 F.3d at 1355 ("the Supreme Court has made clear that the reasonableness prong is typically satisfied by a showing of minimum contacts"); *Westerman*, 2024 WL 4314789, at *12 ("[i]n most cases where the plaintiff's allegations satisfy the purposeful direction test, the 'arise out of or relate to' prong of the minimum contacts inquiry will also be satisfied") (quoting *Burri L. PA v. Skurla*, 35 F.4th 1207, 1216 n.5 (9th Cir. 2022)).

## C. The Court Should Not Credit the Declaration of Susan Cameron That VirtaMove Provided With Its Reply.

In addition to setting forth the commercial activities by VirtaMove discussed above, Red Hat's Complaint alleges that VirtaMove has engaged in licensing and enforcement activities in this District. *See* Opp. at 10–11. Specifically, the Complaint alleges that VirtaMove granted a Northern California company

1    a license to the patents-in-suit and hired a California law firm to enforce its patents. *See* Compl. ¶¶ 15,

2    18.    VirtaMove's licensing activities satisfy the minimum contacts required for specific personal

3    jurisdiction.    Such activities are enough to support specific personal jurisdiction because they were

4    directed at residents of California and relate to the patents-in-suit. *See Twitter, Inc. v. VoIp-Pal.com, Inc.*,

5    No. 3:21-CV-09773-JD, 2022 WL 2905065, at *1 (N.D. Cal. July 22, 2022) (denying motion to dismiss

6    for lack of personal jurisdiction in declaratory judgment action where declaratory judgment defendant

7    previously sought to license its patent portfolio to a different company in California "before ultimately

8    suing [that company] for patent infringement in" the Western District of Texas); *Trimble*, 997 F.3d at

9    1156 ("nonexclusive patent licenses" can support specific personal jurisdiction); *Akro*, 45 F.3d at 1547

10   (Supreme Court has "made it clear that the plaintiff need not be the forum resident toward whom any,

11   much less all, of the defendant's relevant activities were purposefully directed").

12          In its reply, VirtaMove relies on a second declaration from Susan Cameron to assert that

13   VirtaMove has never licensed or offered a license for any of its patents. *See* Reply at 10–11.  Because

14   Ms. Cameron's reply declaration was submitted for the first time with VirtaMove's reply, the Court should

15   not consider it.  *See Rodgers v. Fitzgerald*, No. 14-CV-00985-DMR, 2016 WL 4658974, at *4 n.6 (N.D.

16   Cal. Sept. 7, 2016) ("Plaintiff submitted the Pearl Declaration with his Reply . . . Plaintiff should have

17   submitted the Pearl Declaration with his moving papers.  The court therefore will not rely upon it.");

18   *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (refusing to consider a declaration

19   because "Defendants' attempt to introduce new evidence in connection with their reply papers [was]

20   improper").  Moreover, to the extent the Court does consider her new declaration, the statements that it

21   contains blatantly contradict Ms. Cameron's own sworn deposition testimony in VirtaMove's Texas

22   cases—as explained in Red Hat's Reply in Support of Red Hat's Contingent Motion for Jurisdictional

23   Discovery.  *See* Dkt. 45-3 at 11–13.  The contradictory statements in Ms. Cameron's reply declaration

24   should not be credited.  *See Juniper Networks Inc. v. Swarm Tech. LLC*, No. 3:20-CV-03137-JD, 2021

25   WL 6049924, at *1 (N.D. Cal. Dec. 21, 2021) (noting that on a motion to dismiss, factual conflicts in the

26   affidavits must be resolved in the plaintiff's favor) (citing *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d

27   1344, 1349 (Fed. Cir. 2003)).

28

VirtaMove further argues that non-exclusive licenses are insufficient to support personal jurisdiction. *See* Reply at 12. However, the Federal Circuit has expressly held that "nonexclusive patent licenses" ***can*** support specific personal jurisdiction. *Trimble*, 997 F.3d at 1156; *see also Juniper*, 2021 WL 6049924, at *2 ("nonexclusive patent licensing activity in a forum can establish personal jurisdiction"); *PopSockets LLC v. Flygrip, Inc.*, No. 21-CV-02900-RM-STV, 2022 WL 17729705, at *1–3 (D. Colo. Dec. 16, 2022) (finding personal jurisdiction where defendant sent letter to plaintiff seeking non-exclusive license). The cases that VirtaMove cites appear to rest on the same faulty logic that *Ford* and *Trimble* rejected—namely, they improperly introduce a rule that a suit must "arise from" a defendant's contacts with the forum, and ignore that minimum contacts exist if a suit "relates to" the patentee's contacts. *See Ford*, 592 U.S. at 362 ("None of our precedents has suggested that only a strict causal relationship between the defendant's in-state activity and the litigation will do . . . [the term 'relate to'] contemplates that some relationships will support jurisdiction without a causal showing."); *Trimble*, 997 F.3d at 1156; *Westerman*, 2024 WL 4314789, at *12. VirtaMove's argument that non-exclusive licenses are insufficient to support specific personal jurisdiction therefore should be rejected.

## III.    CONCLUSION

For the reasons set forth above, and in Red Hat's opposition brief, the Court should deny VirtaMove's motion to dismiss. In the alternative, the Court should grant Red Hat's contingent motion for jurisdictional discovery.

DATED: November 13, 2024                    Respectfully submitted,


                                            KIRKLAND & ELLIS LLP

                                            */s/ Brandon H. Brown*
                                            Brandon H. Brown (SBN 266347)
                                            Kyle Calhoun (SBN 311181)
                                            KIRKLAND & ELLIS LLP
                                            555 California Street
                                            San Francisco, CA 94104
                                            Telephone: (415) 439-1400
                                            Facsimile:  (415) 439-1500
                                            Email: brandon.brown@kirkland.com
                                            Email: kyle.calhoun@kirkland.com

Todd M. Friedman (*admitted pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile:  (212) 446-4900
Email: todd.friedman@kirkland.com

*Attorneys for Plaintiff RED HAT, INC.*