Marc Fenster (SBN 181067)
mfenster@raklaw.com
Reza Mirzaie (SBN 246953)
rmirzaie@raklaw.com
Neil A. Rubin (SBN 250761)
nrubin@raklaw.com
Jacob Buczko (SBN 269408)
jbuczko@raklaw.com
James A. Milkey (SBN 281283)
jmilkey@raklaw.com
James Tseui (SBN 285530)
jtseui@raklaw.com
Amy E. Hayden (SBN 287026)
ahayden@raklaw.com
Christian Conkle (SBN 306374)
cconkle@raklaw.com
Qi (Peter) Tong (SBN 300347)
ptong@raklaw.com
Jonathan Ma (SBN 312773)
jma@raklaw.com
Daniel Kolko (SBN 341680)
dkolko@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-9226

*Attorneys for Defendant,*
*VirtaMove Corp.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| RED HAT, INC., <br><br> Plaintiff, <br><br> v. <br><br> VIRTAMOVE CORP., <br><br> Defendant. | Case No. 5:24-cv-04740-PCP <br><br> **DEFENDANT VIRTAMOVE'S CIVIL L.R. 79-5(f)(3) RESPONSE TO PLAINTIFF RED HAT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER DEFENDANT'S MATERIALS SHOULD BE SEALED** <br><br> Jury Trial Demanded <br><br> Judge    Hon. P. Casey Pitts <br> Location:   Courtroom 8, 4th Floor |

Pursuant to Civil L.R. 79-5(f)(3), Defendant VirtaMove files this response to Plaintiff Red Hat's Administrative Motion to Consider whether Defendant's Materials Should Be Sealed (Dlt. No. 45), and respectfully requests that the Court seal the portions of Red Hat's reply in support of its motion for jurisdictional discovery, as well as the exhibits, that Red Hat identified in its administrative motion.

As this Court has recognized, there is "a 'strong presumption in favor of access' to court records." *Apple Inc. v. Rivos, Inc.*, No. 22-cv-02637-PCP, 2024 WL 748394, at *1 (N.D. Cal. Feb. 23, 2024) (Pitts, J.) (quoting *Kamakana v. City & Cnty. of Honolulu*, 47 F.3d 1172, 1178 (9th Cir. 2006)). "To overcome this strong presumption, a party who wishes to seal a court record must generally 'articulate compelling reasons supported by specific factual findings ... that outweigh the general history of access and the public policies favoring disclosure.'" *Id.* (quoting *Kamakana*, 47 F.3d at 1178-79)) (ellipses in *Apple*). "Under Civil Local Rule 79-5(c)(1) and (f)(3), the party seeking to seal must provide 'a specific statement' of the reasons for doing so, explaining the interests that warrant sealing and the injury that will otherwise result." *Id.*

The confidential information contained in the portions of the reply and exhibits thereto that VirtaMove requests remain under seal fall into two categories: (1) information related to a company with which VirtaMove has a contractual relationship, which Red Hat erroneously refers to as a "law firm," and (2) information related to a dispute between VirtaMove's precedessor AppZero Software Corp. and a company called AppFirst, Inc.

First, VirtaMove has a contractual obligation to keep the terms and conditions of its contract with company that Red Hat erroneously refers to as a "law firm" confidential. Declaration of Amy E. Hayden in Support of Defendant VirtaMove's Civil L.R. 79-5(f)(3) Response ("Hayden Decl.") ¶2. There are therefore "legitimate private … interests that warrant sealing" the portions of the reply and exhibits that refer to this company and its relationship with VirtaMove. *See* Civil L.R. 79-5(c)(1)(i). If sealing were to be denied here, "the injury that will result" is that confidential information would be made public, contrary to the expectations of the parties to the contract, which could chill the relationship between those parties because such disclose is contrary to the clear expectations they have under the contract they entered into. *See* Civil L.R. 79-5(c)(1)(ii). Thus,

RUSS, AUGUST & KABAT

there is no "less restrictive alternative to sealing" that would be sufficient here. *See* Civil L.R. 79-5(c)(1)(iii).

Second, similarly, pursuant to a contract that AppZero entered into with AppFirst in order to resolve a dispute between them, VirtaMove, as AppZero's successor, has an obligation to keep all terms of this contract, as well as negotiations that resulted in the contract, confidential. Hayden Decl. ¶3. Under that provision, VirtaMove may disclose that the underlying litigation has been resolved but nothing else. *Id.* Thus, the same "compelling reasons" that warrant sealing the information in the first category are equally applicable here. In addition, because this is a settlement agreement, it is in the public interest that the terms of and negotiations resulting in this agreement be kept confidential. If parties cannot be sure that the content of negotiations and agreements resolving their disputes will be kept confidential, this could chill future settlement negotiations as a general matter, resulting in unnecessarily prolonged litigation, with needless burdens on both private parties and the courts.

For the foregoing reasons, VirtaMove respectfully requests that the Court seal the materials that Red Hat identified in its Administrative Motion to Consider Whether Defendant's Materials Should Be Sealed.

Dated: November 15, 2024                    Respectfully submitted,

/s/ *Amy E. Hayden*
Marc Fenster (SBN 181067)
Email: mfenster@raklaw.com
Reza Mirzaie (SBN 246953)
rmirzaie@raklaw.com
Neil A. Rubin (SBN 250761)
nrubin@raklaw.com
Jacob Buczko (SBN 269408)
jbuczko@raklaw.com
James A. Milkey (SBN 281283)
jmilkey@raklaw.com
James Tseui (SBN 285530)
jtseui@raklaw.com
Amy E. Hayden (SBN 287026)
ahayden@raklaw.com
Christian Conkle (SBN 306374)
cconkle@raklaw.com
Qi (Peter) Tong (SBN 300347)
ptong@raklaw.com

Jonathan Ma (SBN 312773)
jma@raklaw.com
Daniel Kolko (SBN 341680)
dkolko@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-9226

*Attorneys for Defendant,*
*VirtaMove Corp.*