Marc Fenster (SBN 181067)
mfenster@raklaw.com
Reza Mirzaie (SBN 246953)
rmirzaie@raklaw.com
Neil A. Rubin (SBN 250761)
nrubin@raklaw.com
Jacob Buczko (SBN 269408)
jbuczko@raklaw.com
James A. Milkey (SBN 281283)
jmilkey@raklaw.com
James Tseui (SBN 285530)
jtseui@raklaw.com
Amy E. Hayden (SBN 287026)
ahayden@raklaw.com
Christian Conkle (SBN 306374)
cconkle@raklaw.com
Qi (Peter) Tong (SBN 300347)
ptong@raklaw.com
Jonathan Ma (SBN 312773)
jma@raklaw.com
Daniel Kolko (SBN 341680)
dkolko@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-9226

*Attorneys for Defendant,*
*VirtaMove Corp.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| RED HAT, INC., <br><br> Plaintiff, <br><br> v. <br><br> VIRTAMOVE CORP., <br><br> Defendant. | Case No. 5:24-cv-04740-PCP <br><br> **DEFENDANT VIRTAMOVE'S OPPOSITION TO PLAINTIFF RED HAT'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A SUR-REPLY IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS** <br><br> Jury Trial Demanded <br><br> Judge       Hon. P. Casey Pitts <br> Location:   Courtroom 8, 4th Floor |

Red Hat seeks a sur-reply to respond to legal arguments and factual allegations related to *specific* personal jurisdiction that VirtaMove presented to the Court for the first time in its reply in support of its motion to dismiss. Red Hat's motion should be denied for two reasons: (1) VirtaMove could not have presented these arguments earlier because Red Hat only pled *general* personal jurisdiction, not *specific* personal jurisdiction, in its complaint, raising specific jurisdiction for the first time in its opposition brief; and (2) Red Hat already used its reply in support of its motion for jurisdictional discovery as a vehicle to respond to Virtamove's reply brief in support of its motion to dismiss.

*First*, Red Hat is correct that "[t]he arguments regarding personal jurisdiction in VirtaMove's motion to dismiss were largely confined to arguments that this Court lacks **general** personal jurisdiction over VirtaMove." Dkt. No. 47 at 2 (emphasis added). There is a good reason for that—Red Hat did not allege in its complaint that this Court has **specific** personal jurisdiction over VirtaMove. Red Hat alleged that "[t]his Court has personal jurisdiction over VirtaMove" because "VirtaMove has continuous and systematic business contacts with Northern California." Dkt. No. 1 (Compl.) ¶10. The complaint then sets out purported facts about VirtaMove's alleged "continuous and systematic business contacts" with this forum. *See id.* ¶¶11-18, 20. The "*continuous and systematic* business contacts" language is the hallmark of the general jurisdiction standard where, as here, the defendant is neither incorporated, nor has its principal place of business, in the forum. *See, e.g.*, *BNSF Railway Co. v. Tyrell*, 581 U.S. 402, 413 (2017) ("A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so '*continuous and systematic*' as to render them essentially at home in the forum State.") (emphasis added).

In its motion to dismiss, VirtaMove detailed why those contacts do not even come close to giving rise to general jurisdiction. Dkt. No. 31 at 10-14. In the wake of many decades of Supreme Court precedent specifically rejecting Red Hat's general jurisdiction argument, Red Hat changed its tune in its opposition brief, claiming that it meant to allege specific personal jurisdiction all along, pointing to the same facts that it did for its failed general jurisdiction argument. Dkt. No. 34 at 10-14. Given Red Hat's shifting sands approach, the first time VirtaMove could have

conceivably addresses these specific jurisdiction arguments was in its reply in support of its motion, as it did. Dkt. No. 42 at 8-14. That VirtaMove needed to submit a factual declaration with its reply also does not change the analysis. VirtaMove needed to do so to respond to misstatements of fact that Red Hat made for the first time in its opposition brief, despite having deposition evidence illustrating that many of its factual allegations were incorrect. *See* Dkt. No. 49. Indeed, so that parties have the opportunity to set the record straight, this District's rules expressly permit "a reply to an opposition [to] include affidavits or declarations." Civil L.R. 7-3(c).

At bottom, Red Hat should not have the opportunity submit a sur-reply where it pled a flawed theory in its complaint and (unsuccessfully) tried to fix the problem in its opposition.

*Second*, setting aside whether it was proper for Red Hat to do so or not, Red Hat used its reply in support of its motion for jurisdictional discovery to respond to the same issues it seeks to address in its proposed sur-reply—legal arguments and factual allegations concerning specific jurisdiction that VirtaMove raised in its reply in support of its motion to dismiss. Red Hat's thirteen-page reply on its discovery motion is longer than both its opening brief and VirtaMove's opposition *combined*. Compare Dkt. No. 43-5 *with* Dkt. Nos. 37, 43. And RedHat's "discovery" reply and the proposed sur-reply contain the same personal jurisdiction arguments. *Compare* Ex. A *with* Dkt. No. 43-5 at 6-13. There is no need for Red Hat to have yet another bite at the apple to further address these same specific jurisdiction issues. Put simply, to the extent Red Hat is attempting to use this proposed sur-reply as a way to further shore up its arguments, it should not be given yet another opportunity to do so.

Additionally, it is of no event that Red Hat "stipulate[ed] to VirtaMove's own request for a sur-reply to Red Hat's Contingent Motion to Conduct Jurisdictional Discovery." Calhoun Decl. ¶3. VirtaMove's request involved in an entirely different factual scenario, where VirtaMove needed to submit evidence that Red Hat omitted from its reply to rebut Red Hat's claim that VirtaMove's declarant was not telling the truth in her declaration and to address other mischaracterizations of law and fact. *See* Dkt. No. 49. In an effort to avoid a dispute on its sur-reply request, VirtaMove also agreed to limit its sur-reply to Red Hat's lengthy thirteen-page reply to only three pages. *Id.* Red Hat made no such proposal here.

For the foregoing reasons, VirtaMove respectfully requests that the Court deny Red Hat's request for a sur-reply and not consider its proposed sur-reply when deciding VirtaMove's motion to dismiss.

Dated: November 15, 2024                           Respectfully submitted,

/s/ *Amy E. Hayden*
Marc Fenster (SBN 181067)
Email: mfenster@raklaw.com
Reza Mirzaie (SBN 246953)
rmirzaie@raklaw.com
Neil A. Rubin (SBN 250761)
nrubin@raklaw.com
Jacob Buczko (SBN 269408)
jbuczko@raklaw.com
James A. Milkey (SBN 281283)
jmilkey@raklaw.com
James Tseui (SBN 285530)
jtseui@raklaw.com
Amy E. Hayden (SBN 287026)
ahayden@raklaw.com
Christian Conkle (SBN 306374)
cconkle@raklaw.com
Qi (Peter) Tong (SBN 300347)
ptong@raklaw.com
Jonathan Ma (SBN 312773)
jma@raklaw.com
Daniel Kolko (SBN 341680)
dkolko@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-9226

*Attorneys for Defendant,*
*VirtaMove Corp.*