Brandon H. Brown (SBN 266347)
Kyle Calhoun (SBN 311181)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile:  (415) 439-1500
Email: brandon.brown@kirkland.com
Email: kyle.calhoun@kirkland.com

Todd M. Friedman (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile:  (212) 446-4900
Email: todd.friedman@kirkland.com

Attorneys for Plaintiff RED HAT, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| RED HAT, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VIRTAMOVE, CORP.,<br><br>　　　　　Defendant. | CASE NO.  5:24-CV-04740-PCP<br><br>**PLAINTIFF RED HAT'S OPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING**<br><br>Hearing Date:　February 20, 2025<br>Time:　　　　 10:00 a.m.<br>Location:　　Courtroom 8, 4th Floor<br>Judge:　　　 Hon. P. Casey Pitts |

## NOTICE OF MOTION AND MOTION

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on February 20, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable P. Casey Pitts, in Courtroom 8, 4th Floor of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, CA 95113, Plaintiff Red Hat, Inc. ("Red Hat") will respectfully move the Court, the Honorable P. Casey Pitts presiding, for an Order pursuant to Fed. R. Civ. P. 15(d)—or, in the alternative, Fed. R. Civ. P. 15(a)(2)—granting Red Hat leave to supplement its Complaint. VirtaMove has indicated it will oppose Red Hat's motion.

Red Hat's motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support of the Motion, the concurrently filed Declaration of Michael Barrett, all pleadings filed with this Court, any oral argument that may be presented at a hearing on this matter, and any other information or materials the Court may consider.

## ISSUE TO BE DECIDED

Whether granting leave for Red Hat to supplement or amend its Complaint to address VirtaMove, Corp.'s ("VirtaMove") recent additional affirmative acts targeting Red Hat's OpenShift products is warranted given that Red Hat's request to supplement (i) is not made in bad faith, (ii) has not been brought with undue delay, (iii) will not unduly prejudice VirtaMove, and (iv) is not futile.

Dated:  January 13, 2025

Respectfully submitted,

*/s/ Todd M. Friedman*
Brandon H. Brown (SBN 266347)
Kyle Calhoun (SBN 311181)
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile:  (415) 439-1500
Email: brandon.brown@kirkland.com
Email: kyle.calhoun@kirkland.com

Todd M. Friedman (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**

601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile:  (212) 446-4900
Email: todd.friedman@kirkland.com

*Attorneys for Plaintiff RED HAT, INC.*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. PROCEDURAL HISTORY ........................................................................................... 3

III. ADDITIONAL INFORMATION REGARDING VIRTAMOVE'S AFFIRMATIVE ACTS AGAINST RED HAT'S OPENSHIFT. ........................................................................... 3

IV. LEAVE TO SUPPLEMENT LEGAL STANDARD ..................................................... 6

V. ALL FACTORS SUPPORT LEAVE TO SUPPLEMENT ............................................ 7

   A. Red Hat's Motion to Supplement Is Timely and Is Not Made in Bad Faith. ......... 7

   B. Red Hat's Supplemental Complaint Does Not Unfairly Prejudice VirtaMove. ..... 7

   C. Red Hat's Proposed Supplementation Is Not Futile. .............................................. 8

VI. CONCLUSION ............................................................................................................... 8

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 15(d), Declaratory Judgment Plaintiff Red Hat, Inc. ("Red Hat") seeks leave to supplement its original August 5, 2024 Complaint to plead facts regarding Defendant VirtaMove, Corp.'s ("VirtaMove") subsequent allegations targeting Red Hat's OpenShift products in two complaints for patent infringement that VirtaMove filed on December 20, 2024 against Microsoft and Oracle. VirtaMove has indicated that it opposes Red Hat's motion for leave on the grounds that the proposed supplemental pleading is futile.

In January and February 2024, before Red Hat brought this action, VirtaMove filed four lawsuits in Texas accusing Amazon, Google, HPE, and IBM (Red Hat's parent company) of infringing VirtaMove's containerization patents. Specifically, VirtaMove alleges in those four suits that open-source containerization technology known as Kubernetes and Docker infringes U.S. Pat. Nos. 7,519814 (the "'814 Patent") and 7,784,058 (the "'058 Patent"). Red Hat's OpenShift products use the *same* third-party Docker container and Kubernetes technology that VirtaMove accuses in those cases. Accordingly, Red Hat filed this declaratory judgment action to clear the cloud of controversy that VirtaMove's accusations regarding this open-source containerization technology have created over Red Hat and OpenShift.

On September 26, 2024, VirtaMove moved to dismiss Red Hat's original Complaint for, *inter alia*, lack of subject matter jurisdiction over this declaratory judgment action. VirtaMove argued that it has not "taken *any* act against Red Hat" that indicates "VirtaMove intends to enforce its patents *against Red Hat*," or otherwise "suggested to Red Hat that OpenShift or any other Red Hat product infringes[.]" Dkt. 31 at 1–2, 5–6 (emphases in original). Red Hat opposed VirtaMove's motion to dismiss. Dkt. 34. At the hearing on VirtaMove's motion, VirtaMove's counsel doubled down on its position, asserting that: (1) "there hasn't been any indication from VirtaMove, my client, . . . has any intention" to sue Red Hat; (2) there is "no indication that my client believes that the Red Hat OpenShift" product infringes; and (3) VirtaMove has not made any infringement accusation "either directly to [Red Hat] or by, for example, suing one of their customers and accusing their customer of infringing by way of their product." Dkt. 58 (Dec. 12, 2024 Hrg. Tr.) at 6:19–24, 9:13–18. As explained in Red Hat's briefing on VirtaMove's motion and during the related hearing, VirtaMove's arguments are insufficient under the law, and its motion to dismiss should be denied.

Nevertheless, VirtaMove has subsequently made additional infringement assertions against other third parties that further confirm that Red Hat's OpenShift products are squarely within the crosshairs of VirtaMove's infringement allegations. Only *eight days* after VirtaMove told this Court that it has never indicated any belief that OpenShift infringes nor has it sued any Red Hat customers based on the sale or use of OpenShift, VirtaMove ***did exactly that*** in a pair of patent infringement suits that it filed against Microsoft and Oracle in the Western District of Texas. Like VirtaMove's previously pending suits against IBM, HPE, Google, and Amazon, VirtaMove's new suits against Microsoft and Oracle assert the '058 and '814 Patents against the same Kubernetes, Docker, and other open-source containerization technologies used in OpenShift.

Even more importantly for purposes of the proposed supplemental pleading, VirtaMove's allegations against Microsoft and Oracle also directly target Red Hat's OpenShift product itself. In VirtaMove's Complaint against Microsoft, VirtaMove accuses ***all*** "Microsoft products and services using containerized applications"—and specifically identifies Microsoft's "Azure Kubernetes Services." Exhibit 1 (Ex. M (Microsoft Compl.) at Ex. 2) at 707. One of Microsoft's Azure Kubernetes-based "products and services using containerized applications" is Microsoft's Azure Red Hat OpenShift product. As its name suggests, Azure Red Hat OpenShift is simply Red Hat's OpenShift product—resold by Microsoft as part of Microsoft's Azure line of products that use Kubernetes-based secure containerized applications. VirtaMove's infringement contentions against Microsoft therefore directly cover OpenShift. VirtaMove's contentions against Oracle likewise directly target OpenShift, as VirtaMove accuses Oracle's "Oracle Cloud Infrastructure," which deploys and runs OpenShift on Oracle's cloud network. As explained in Red Hat's original Complaint, through its aggressive litigation campaign against products that implement open-source Kubernetes and Docker technologies, VirtaMove had already demonstrated an intent to enforce its patents against the technology in OpenShift. VirtaMove's new allegations against Microsoft and Oracle have made this intention even clearer, as VirtaMove now accuses not just the exact same operative technology used in OpenShift, but the sale and use of Red Hat's OpenShift itself.

In view of (i) the highly relevant nature of Red Hat's proposed supplement, (ii) Red Hat's prompt effort to seek leave to supplement its pleading after VirtaMove made these new allegations against Microsoft and Oracle, and (iii) the significant efficiencies to be gained if the Court is able to adjudicate

VirtaMove's jurisdictional objections with this relevant and most up-to-date information in the pleadings, all of the factors that govern requests to supplement weigh heavily in favor of granting Red Hat's request for leave. Red Hat therefore respectfully asks the Court to grant its motion for leave to file the Supplemental Complaint attached hereto as Exhibit 1.[1]

## II.   PROCEDURAL HISTORY

On August 5, 2024, Red Hat filed its Complaint seeking a declaratory judgment against VirtaMove. Dkt. 1. VirtaMove moved to dismiss Red Hat's declaratory judgment action. Dkt. 31. Red Hat opposed VirtaMove's motion to dismiss and filed a contingent motion for jurisdictional discovery. Dkts. 34, 35. Both motions have been fully briefed. On December 12, 2024, this Court held a hearing on VirtaMove's motion to dismiss and Red Hat's contingent motion to conduct jurisdictional discovery. Dkt. 55. The Court has yet to issue a decision on VirtaMove's motion to dismiss.

## III.   ADDITIONAL INFORMATION HAS ARISEN REGARDING VIRTAMOVE'S AFFIRMATIVE ACTS AGAINST RED HAT AND OPENSHIFT.

On December 20, 2024—barely a week after the hearing on VirtaMove's motion to dismiss in this action—VirtaMove filed complaints against Microsoft and Oracle alleging infringement of the '058 and '814 Patents, the same patents that are at issue in this case. *See* Exhibit 1 (Ex. M, *VirtaMove, Corp., v. Microsoft Corporation*, No. 7:24-cv-00338, Dkt. 1 (W.D. Tex. Dec 20, 2024) ("Microsoft Compl.")); Exhibit 1 (Ex. N, *VirtaMove, Corp.*, v. *Oracle Corporation*, No. 7:24-cv-00339, Dkt. 1 (W.D. Tex. Dec 20, 2024) ("Oracle Compl.")). In addition to accusing Microsoft and Oracle of infringement based on their products' use of the same underlying Kubernetes and Docker containerization technologies—the same technologies used in Red Hat's OpenShift products—that form the basis of VirtaMove's infringement allegations against IBM, HPE, Google, and Amazon, VirtaMove's complaints against Microsoft and Oracle now target OpenShift ***directly***, by accusing Microsoft and Oracle of infringing by providing and/or supporting OpenShift itself.

For example—as further detailed in Red Hat's proposed Supplemental Complaint—VirtaMove's complaint against Microsoft identifies the "Accused Instrumentalities" as "Microsoft ***products and***

---

[1] Pursuant to the Court's Standing Order, a redlined version of Red Hat's Supplemental Complaint, comparing it with Red Hat's original Complaint (Dkt. 1), is attached hereto as Exhibit 2.

*services using secure containerized applications, including without limitation* Azure Kubernetes Service ('AKS'), Azure Arc-enabled Kubernetes, Azure Container Registry, and Azure Container Apps, and *all versions and variations thereof* since the issuance of the asserted patent." Exhibit 1 (Proposed Suppl. Compl.) ¶¶ 62-65; Exhibit 1 (Ex. M (Microsoft Compl.) at Ex. 2 ('814 Infringement Contentions)) at 744 (emphases added).[2] Microsoft sells an Azure Kubernetes-based product that incorporates Red Hat's OpenShift—appropriately called Microsoft Azure Red Hat OpenShift ("ARO"). Microsoft's ARO "us[es] secure containerized applications" and therefore falls within the express scope of VirtaMove's infringement contentions. *See* Exhibit 1 (Proposed Suppl. Compl.) ¶ 64; Exhibit 1 (Ex. O (Barrett Decl.)) ¶ 3. Through ARO, Microsoft provides Red Hat's OpenShift to Microsoft's customers, and the product is "jointly engineered, operated, and supported by Red Hat and Microsoft to provide an integrated support experience." Exhibit 1 (Proposed Suppl. Compl.) ¶ 64; Exhibit 1 (Ex. P (https://learn.microsoft.com/en-us/azure/openshift/intro-openshift)).[3] Notably, there can be little doubt that VirtaMove knows and intends for its accusations against Microsoft's application containerization products to cover ARO. Indeed, the infringement charts that VirtaMove submitted with its complaint against Microsoft rely on materials that specifically identify "Azure Red Hat OpenShift" as one of the "managed Kubernetes" container solutions that Microsoft offers through its Azure system. *See* Exhibit 1 (Proposed Suppl. Compl.) ¶ 65; Exhibit 1 (Ex. M (Microsoft Compl.) at Ex. 2) at 744 (citing https://learn.microsoft.com/en-us/azure/aks/what-is-aks); *id*. (Microsoft Compl. Ex. 4) at 831 (same); *id.* (Ex. R (https://learn.microsoft.com/en-us/azure/aks/what-is-aks)) (listing ARO as a "managed Kubernetes" container solution that Microsoft offers under the "Azure" name). Thus, as VirtaMove is surely aware, its infringement contentions against Microsoft directly cover OpenShift.

---

[2] *See also id.* at Ex. 4 ('058 Infringement Contentions) at 831 (identifying "Microsoft products and services using user mode critical system elements as shared libraries including without limitation Azure Kubernetes Service ('AKS'), Azure Arc-enabled Kubernetes, Azure Container Registry, and Azure Container Apps, and all versions and variations thereof since the issuance of the asserted patent.").

[3] *See also* Ex. O (Barrett Decl.) ¶ 3; Ex. Q (https://azure.microsoft.com/en-us/products/openshift) (noting ARO provides "highly available, fully managed OpenShift clusters on demand, monitored and operated jointly by Microsoft and Red Hat"); Ex. Q (https://azure.microsoft.com/en-us/products/openshift) (noting "Kubernetes is at the core of Red Hat OpenShift" provided by Microsoft).

VirtaMove's complaint against Oracle similarly identifies the "Accused Instrumentalities" as "Oracle products and services using secure containerized applications, including without limitation Oracle Cloud Infrastructure ('OCI') and Oracle Kubernetes Engine ('OCE' [sic]), and all versions and variations thereof since the issuance of the asserted patent." Exhibit 1 (Proposed Suppl. Compl.) ¶ 66; Exhibit 1 (Ex. N (Oracle Compl.) at Ex. 2) at 921; *see also id.* at Ex. 4 at 991 (identifying "Oracle products and services using user mode critical system elements as shared libraries, including without limitation Oracle Cloud Infrastructure ('OCI') and Oracle Kubernetes Engine ('OCE' [sic]), and all versions and variations thereof since the issuance of the asserted patent"). The Oracle Cloud Infrastructure ("OCI") that VirtaMove identifies as an "Accused Instrumentality" was specifically updated this past year—*after* VirtaMove's first round of infringement lawsuits in its industry-wide campaign against containerization products—to allow customers to deploy and run "Red Hat's OpenShift Container Platform" on Oracle's cloud, in order to create, support, and manage containerized applications (including Docker containers) through OpenShift's Kubernetes—all features that VirtaMove asserts infringe the asserted patents. *See* Exhibit 1 (Proposed Suppl. Compl.) ¶ 67; Exhibit 1 (Ex. O (Barrett Decl.) ¶ 4); Exhibit 1 (Ex. S (https://www.oracle.com/news/announcement/red-hat-openshift-generally-available-on-oracle-cloud-infrastructure-2024-05-06/) (May 2024 announcement of general availability of Red Hat OpenShift on OCI); Exhibit 1 (Ex. T (https://docs.oracle.com/en-us/iaas/Content/openshift-on-oci/overview.htm)) ("Red Hat OpenShift Container Platform is a cloud-based Kubernetes container platform. Red Hat, in partnership with OCI, supports running cluster workloads on the OCI platform.").

In sum, VirtaMove has defined the "Accused Instrumentalities" in both the Microsoft and Oracle cases in a way that encompasses not just the technology used in OpenShift—which VirtaMove's allegations against IBM, HPE, Google, and Amazon already covered—but **OpenShift itself**. Despite telling this Court just one week earlier that it had never directly accused OpenShift and had never accused any Red Hat customer of infringement based on its use of OpenShift, VirtaMove has now done exactly that. Significantly, VirtaMove made no effort to limit the scope of its infringement contentions against Microsoft and Oracle to exclude OpenShift. A plain and straightforward application of VirtaMove's new contentions inarguably covers OpenShift.

Importantly, moreover, these facts concerning VirtaMove's new infringement allegations are highly relevant to the Court's adjudication of VirtaMove's pending motion to dismiss. To date, VirtaMove has contended that this Court lacks subject matter jurisdiction over Red Hat's declaratory judgment action because VirtaMove supposedly has not undertaken any "affirmative act" directed at Red Hat. *See, e.g.*, Dkt. 31 (VirtaMove Motion to Dismiss) at 4. Red Hat's proposed Supplemental Complaint incorporating the facts summarized above will further rebut that argument and support the existence of declaratory judgment jurisdiction, because VirtaMove's new allegations directly targeting OpenShift constitute additional affirmative acts directed at Red Hat.

## IV.  LEGAL STANDARD

"On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). Requests for leave to file a supplemental pleading are "addressed to the sound discretion of the District Court." *United States v. Reiten*, 313 F.2d 673, 675 (9th Cir. 1963). As recognized in this District, "[t]he legal standard for granting or denying a motion to supplement under Rule 15(d) is the same as the standard for granting or denying a motion [to amend] under Rule 15(a)." *Athena Feminine Techs. Inc. v. Wilkes*, No. C 10–4868 SBA., 2013 WL 450147 (N.D. Cal. Feb. 6, 2013). Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend pleadings] when justice so requires." FED. R. CIV. P. 15(a). The Ninth Circuit has emphasized that "[t]his policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)); *see also Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (noting inferences should be drawn "in favor of granting the motion" to amend). The factors commonly considered when evaluating motions for leave to amend are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Strickland v. Ujuiri*, No. 20-cv-981, 2020 WL 5530076, at *1 (N.D. Cal. Sept. 15, 2020). Among these discretionary factors, "prejudice to the opposing party . . . carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "[A]bsent prejudice, or a strong showing [by the opposing party] of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

### V. ALL OF THE RELEVANT ACTORS SUPPORT RED HAT'S REQUEST FOR LEAVE TO SUPPLEMENT

All four of the factors that courts commonly consider in a Rule 15(a) analysis—and therefore in a Rule 15(d) analysis—weigh in favor of granting Red Hat's request for leave to supplement its Complaint.

#### A. Red Hat's Motion Is Timely and Is Not Made in Bad Faith.

Immediately after Red Hat learned of VirtaMove's new infringement allegations against Microsoft and Oracle, Red Hat diligently investigated VirtaMove's contentions in those new cases and prepared a proposed Supplemental Complaint to address the new facts—including working over the winter holiday period to analyze VirtaMove's filings and expedite the preparation of Red Hat's supplemental pleading. Red Hat's request for leave to supplement, which comes only three weeks after VirtaMove filed its complaints against Microsoft and Oracle, is timely, and VirtaMove cannot credibly contend that it is in bad faith. "[T]he question . . . of bad faith, requires that [the court] focus on the plaintiff's motives for not amending their complaint earlier." *Trueposition, Inc. v. Allen Telecom, Inc.*, No. CIV.A.01–823 GMS., 2002 WL 1558531, at *2 (D. Del. July 16, 2002). Red Hat could not have acted any earlier to amend its Complaint, because its request is based on actions that VirtaMove itself took only three weeks ago. Red Hat moved with all proper diligence in preparing the proposed Supplemental Complaint and in filing its motion for leave. Moreover, the "purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as is possible." *LaSalvia v. United Dairymen of Ariz.*, 804 F.2d 1113, 1119 (9th Cir.1986) (cleaned up). That purpose is squarely served by Red Hat's Supplemental Complaint, which updates its pleading to include new facts that are highly relevant to this Court's adjudication of VirtaMove's pending motion to dismiss for lack of declaratory judgment jurisdiction.

#### B. Red Hat's Supplemental Complaint Does Not Unfairly Prejudice VirtaMove.

VirtaMove does not contend that it is prejudiced by Red Hat's proposed Supplemental Complaint—nor could it. Red Hat's proposed supplement does not add any new claims or causes of action to this case, it does not expand the scope of discovery (which has not yet begun), and it does not impose any unfair litigation burden on VirtaMove. Rather, the Supplemental Complaint adds facts that arose mere weeks ago and that further demonstrate VirtaMove's intent to enforce the '058 and '814 Patents against Red Hat's OpenShift products. Through no fault of its own, Red Hat has been forced to submit

its proposed supplement after the parties finished briefing and arguing VirtaMove's motion to dismiss for lack of jurisdiction. VirtaMove *itself* waited until after that briefing and argument were done before it filed the new infringement actions that further contradict its position that it has never accused OpenShift of infringement. Red Hat could not have sought leave to supplement its Complaint to address VirtaMove's new contentions prior to the parties' briefing and the Court's hearing on the motion to dismiss, because VirtaMove had yet to present them. VirtaMove—not Red Hat—created the need for Red Hat's proposed supplement, and VirtaMove is directly responsible for its timing.

### C. Red Hat's Proposed Supplementation Is Not Futile.

In response to Red Hat's request for VirtaMove's position on this motion for leave to supplement, VirtaMove stated that it "opposes this proposed amendment (and any associated motion to amend) for [sic] because such amendment is futile." Not so. Far from futile, Red Hat's proposed Supplemental Complaint further supports the existence of subject matter jurisdiction over Red Hat's declaratory judgment claims. As discussed above, VirtaMove's new allegations—including its infringement assertion based on Microsoft's resale of OpenShift under the Microsoft Azure Red Hat OpenShift name—directly target OpenShift itself. These new allegations make VirtaMove's intent to enforce its patents against the OpenShift technology even clearer and, materially, are precisely the type of conduct that the Federal Circuit has held "can be reasonably inferred as demonstrating intent to enforce a patent." *UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, 787 F. App'x 691, 698 (Fed. Cir. 2019) (denying motion to dismiss for lack of subject matter jurisdiction); *see also* Dkt. 34 at 5–10 (collecting relevant cases). At bottom, VirtaMove's recent infringement suits against Microsoft and Oracle escalate its already aggressive pattern of litigation against sellers of products containing open-source Kubernetes and Docker technology and confirm Red Hat's "legitimate concern . . . that [it] could face litigation . . . next." *In re Mobile Telecomms. Techs., LLC*, 247 F. Supp. 3d 456, 463 (D. Del. 2017) (denying motion to dismiss for lack of subject matter jurisdiction).

### VI. CONCLUSION

For the reasons set forth above, Red Hat respectfully asks the Court to grant Red Hat's request for leave to supplement its pleading in this case by filing the attached Supplemental Complaint.

Dated: January 13, 2025

Respectfully submitted,

/s/ *Todd M. Friedman*
Brandon H. Brown (SBN 266347)
Kyle Calhoun (SBN 311181)
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: brandon.brown@kirkland.com
Email: kyle.calhoun@kirkland.com

Todd M. Friedman (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: todd.friedman@kirkland.com

*Attorneys for Plaintiff RED HAT, INC.*