Marc Fenster (SBN 181067)
mfenster@raklaw.com
Reza Mirzaie (SBN 246953)
rmirzaie@raklaw.com
Neil A. Rubin (SBN 250761)
nrubin@raklaw.com
Jacob Buczko (SBN 269408)
jbuczko@raklaw.com
James A. Milkey (SBN 281283)
jmilkey@raklaw.com
James Tseui (SBN 285530)
jtseui@raklaw.com
Amy E. Hayden (SBN 287026)
ahayden@raklaw.com
Christian Conkle (SBN 306374)
cconkle@raklaw.com
Qi (Peter) Tong (SBN 300347)
ptong@raklaw.com
Jonathan Ma (SBN 312773)
jma@raklaw.com
Daniel Kolko (SBN 341680)
dkolko@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-9226

*Attorneys for Defendant,*
*VirtaMove Corp.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| RED HAT, INC., <br><br> Plaintiff, <br><br> v. <br><br> VIRTAMOVE CORP., <br><br> Defendant. | Case No. 5:24-cv-04740-PCP <br><br> **DEFENDANT VIRTAMOVE'S OPPOSITION TO RED HAT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING** <br><br> Jury Trial Demanded <br><br> Date: Thursday, March 13, 2025 <br> Time: 10:00 a.m. <br> Location: Courtroom 8, 4th Floor <br> Judge: Hon. P. Casey Pitts |

I.    INTRODUCTION

Red Hat's motion to amend its complaint should be denied as futile because Red Hat's proposed amendments do not cure any of the deficiencies in its original complaint. As explained in VirtaMove's briefing on its motion to dismiss for lack of jurisdiction, Red Hat has failed to plead both subject matter jurisdiction (also referred to declaratory judgment standing) and personal jurisdiction. None of Red Hat's proposed amendments even attempts to address the personal jurisdiction deficiencies. And as for subject matter jurisdiction, Red Hat offers only conjecture about VirtaMove's alleged subjective intent to accuse Red Hat's OpenShift product of infringement in litigation against others; that conjecture is belied by the objective evidence—both by the content of the pleadings filed in those other cases as well as VirtaMove's representation here that it did not, and had no intention to, do so. The Court should refuse Red Hat's invitation to manufacture a case or controversy where none exists and deny its motion to amend as futile.

II.   FACTUAL BACKGROUND

On December 12, 2024, this Court held a hearing on VirtaMove's motion to dismiss Red Hat's declaratory judgment complaint for lack of both subject matter jurisdiction (DJ standing) and personal jurisdiction. Dkt. No. 58 ("MTD Tx."); *see also* Dkt. Nos. 31, 34, 42 (briefing on the motion to dismiss). Before this Court could issue a ruling on that motion, Red Hat filed a motion to amend its complaint to add information concerning two unrelated litigations against Microsoft and Oracle. Dkt. No. 59 ("Mot."); *see also* Dkt. No. 59-1 (Red Hat's proposed amended complaint). The only new material in that amendment is contained in paragraphs 60-68.

In its complaint against Microsoft in *VirtaMove, Corp. v. Microsoft Corp.*, No. 7:24-cv-00338-ADA (W.D. Tex.), VirtaMove pointed to "**Microsoft's** products and services using secure containerized applications," listing the following Microsoft products in the claim charts accompanying the complaint: "Azure Kubernetes Service ('AKS'), Azure Arc-enabled Kubernetes, Azure Container Registry, and Azure Container Apps." Ex. 1[1] at 1; Ex. 2 at 1

---

[1] Citations to numerical exhibits are to the exhibits to the concurrently filed Hayden Decl.

(emphasis added); *see also* Ex. M[2] ¶¶12, 20. Similarly, in its complaint against Oracle in *VirtaMove, Corp. v. Oracle Corp.*, No. 7:24-cv-00339-ADA (W.D. Tex.), VirtaMove pointed to "**Oracle's** products and services using secure containerized applications," listing the following Oracle products in the claim charts accompanying the complaint: "Oracle Cloud Infrastructure ('OCI') and Oracle Kubernetes Engine ('OCE')." Ex. 3 at 1; Ex. 4 at 1 (emphasis added); *see also* Ex. N ¶¶12, 20. Neither the Microsoft nor Oracle complaints (including the claim charts attached to the complaints) mention Red Hat or OpenShift at all. Microsoft and Oracle's respective answers are not due until March. VirtaMove has not served infringement contentions and discovery has not opened in those cases.

### III.    LEGAL STANDARD

"[L]eave to amend should not be 'granted automatically.'" *Ralon v. Kaiser Found. Health Plan, Inc.*, No. 23-cv-03344-JCS, 2024 WL 4933330, at *1 (N.D. Cal. Dec. 2, 2024) (quoting *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990)). "Rather, courts in the Ninth Circuit consider five factors in determining whether to grant leave to amend: 1) bad faith, 2) undue delay, 3) prejudice to the opposing party, 4) futility, and 5) any previous opportunities to amend." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "It is well-established that 'futility of amendment alone can justify the denial of a motion' [to amend]." *Id.* at *2 (quoting *Ahlmeyer v. Nevada Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009)); *see also In re Cloudera*, 121 F.4th 1180, 1189-90 (9th Cir. 2024) (holding that "denying leave is not an abuse of discretion if it is clear that granting leave to amend would have been futile") (quotation marks omitted).

### IV.    RED HAT'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT SHOULD BE DENIED AS FUTILE

**A.    VirtaMove's accusations against Microsoft and Oracle's products that implement Docker and Kubernetes does not convey subject matter jurisdiction.**

Some of the content that Red Hat seeks to add to its complaint does nothing more than repeat the same type of insufficient allegations that Red Hat included in its original complaint—

---

[2] Citations to alphanumerical exhibits are to the exhibits to Red Hat's proposed amended complaint (Dkt. No. 59-1).

that VirtaMove has accused **companies other than Red Hat** of patent infringement by way of their specific implementations of third-party containerization technology. Dkt. No. 59-1 ¶¶60-61. As VirtaMove has already explained in detail in its briefing in support of its motion to dismiss, and at the hearing on that motion, such allegations do not give rise to declaratory judgment standing. *See* Dkt. No. 31 at 5-10; Dkt. No. 42 at 2-8; MTD Tx. at 4:4-8, 4:12-16, 6:13-7:18. Indeed, as this Court recognized at the hearing on that motion, "what we seem to have is a concern, perhaps very valid and reasonable concerns that [Red Hat] will ultimately be subject to the same [infringement] theories, but no affirmative acts by [VirtaMove] directed towards [Red Hat] that do, at the very least, seem to be required for there to be a case []or controversy as between these parties." MTD Tx. at 9:7-12; *see also generally id.* at 8:24-10:15. Red Hat's subjective concern, without the requisite "affirmative act," is insufficient under controlling precedent. Amending to add the material in paragraphs 60 and 61 of Red Hat's proposed amended complaint would thus be futile. *See, e.g.*, *In re Cloudera*, 121 F.4th at 1189-91; *Ralon*, 2024 WL 4933330, at *1-3.

### B. VirtaMove has not accused Microsoft and Oracle of infringement based on their sale or use of Red Hat products.

Red Hat also claims that VirtaMove has taken such an "affirmative act" against it because it "target[ed] Red Hat's Open Shift products" in the Microsoft and Oracle litigation. Mot. at 1, 3-6, 8; *see also* Dkt. No. 59-1 ¶¶62-68. This is simply not so. Neither the complaints nor the claim charts attached to those complaints even mention Red Hat or OpenShift. Rather, in the Microsoft case, VirtaMove points to "***Microsoft's*** products and services using secure containerized applications," listing Microsoft's "Azure Kubernetes Service ('AKS'), Azure Arc-enabled Kubernetes, Azure Container Registry, and Azure Container Apps." Ex. 1 at 1; Ex. 2 at 1 (emphasis added); *see also* Ex. M ¶¶12, 20. And in the Oracle case, VirtaMove similarly pointed to "***Oracle's*** products and services using secure containerized applications," listing "Oracle Cloud Infrastructure ('OCI') and Oracle Kubernetes Engine ('OCE')." Ex. 3 at 1; Ex. 4 at 1 (emphasis added); *see also* Ex. N ¶¶12, 20.

In its brief, Red Hat states "[o]ne of Microsoft's Azure Kubernetes-based 'products and services using containerized applications' is Microsoft's Azure Red Hat OpenShift product." Mot.

at 2. Even if that is factually accurate, Azure Red Hat OpenShift ("ARO") is simply not something that VirtaMove pointed to or even mentioned in the Microsoft complaint or in the over 100 pages of claim charts attached to it. Rather, VirtaMove listed specific Microsoft products and omitted ARO from that list. Contrary to Red Hat's supposition to the contrary, ARO is not a product that VirtaMove "intend[ed] to accuse in the Microsoft complaint." *See id.* at 4.

The same is true of Red Hat OpenShift running on Oracle's Cloud Infrastructure—this is likewise something that is not even mentioned in the Oracle complaint materials and is likewise not something that VirtaMove intended to accuse in the Oracle complaint. Rather, VirtaMove's complaint focuses on "***Oracle's*** products and services," pointing to the use of ***Oracle*** Kubernetes Engine on ***Oracle*** Cloud Infrastructure throughout its claim charts. *See* Exs. 3, 4 (emphasis added). Not once does VirtaMove even mention Red Hat or OpenShift in the Oracle complaint or in the nearly 100 pages of claim charts attached to it.

Situations in which allegations against other parties gave rise to DJ standing are readily distinguishable. For example, Red Hat cites *UCP International Co. v. Balsam Brands Inc.*, 787 F. App'x 691, 698 (Fed. Cir. 2019) and *In re Mobile Telecommunications Technologies, LLC* ("*MTel*"), 247 F. Supp. 3d 456, 461 (D. Del. 2017) in support of its motion to amend. Mot. at 8. But in the *UCP* case, as VirtaMove has already explained, patentee Balsam sued one of DJ plaintiff UCP's customers, and over the course of that litigation the patentee "identified UCP's [artificial holiday] trees as the accused product, … submitted interrogatory responses accusing UCP of making the infringing trees, and submitted claim charts comparing its patented trees to UCP's trees." *UCP*, 787 F. App'x at 699; *see also* Dkt. No. 42 at 3-4. And similarly, in *MTel*, declaratory judgment jurisdiction existed because "MTel's complaints in the Texas Actions expressly identify [DJ Plaintiffs] ARRIS and Ubee products as 'examples' of equipment that directly infringe the asserted patents." 247 F. Supp. 3d at 461; *see also* Dkt. No. 42 at 4. VirtaMove has of course not taken any similar actions concerning Red Hat or its products.

Finally, Red Hat claims that "VirtaMove has made no effort to limit the scope of its infringement contentions against Microsoft and Oracle to exclude OpenShift." Mot. at 5. As an initial matter, VirtaMove has only just filed its complaints and has not yet served infringement

contentions in those matters. Those yet-to-be-served infringement contentions will define the scope of its cases, not the complaints. Moreover, VirtaMove has not taken any "affirmative act" in either complaint that implicates Red Hat or OpenShift—neither set of complaint materials even mentions Red Hat or OpenShift. And in any event, VirtaMove is now representing to this Court that it did not intend to implicate Red Hat or the OpenShift product in either complaint filing.

Because VirtaMove has not taken any "affirmative act" implicating either Red Hat or its OpenShift product either in the Microsoft or Oracle complaints, Red Hat's proposed amendment to add allegations about those complaints (paragraphs 62-68 of its proposed amendment) should be denied as futile. *See, e.g.*, *In re Cloudera*, 121 F.4th at 1189-91; *Ralon*, 2024 WL 4933330, at *1-3.

### C. Red Hat's proposed amendments do nothing to address that its complaint fails to plead that this Court lacks personal jurisdiction over VirtaMove.

None of Red Hat's proposed amendments even attempts to address the personal-jurisdiction-related deficiencies in its original complaint.[3] *See* Dkt. No. 31 at 10-14; Dkt. No. 42 at 8-14. Because a plaintiff in a declaratory judgment action alleging non-infringement of a patent must plead facts sufficient to support both subject matter and personal jurisdiction, the proposed amendment's failure to even attempt to address the complaint's deficiencies concerning personal jurisdiction is a separate and independent reason that amendment should be denied as futile.

---

[3] Red Hat recently filed a Statement of Recent Decision Relevant to Motion for Leave to Supplement, pointing to the fact that a magistrate judge in the Western District of Texas issued an order granting transfer of VirtaMove's cases against Amazon and Google to this District. Dkt. No. 61; *see also* Dkt. Nos. 61-1, 61-2. Red Hat provides no reasoning in that notice concerning how these decisions relate to its motion to amend or to jurisdiction more generally in this matter. To the extent Red Hat argues that these decisions are relevant to personal jurisdiction, that is not so. Those cases have not been litigated in this District and thus cannot qualify as patent enforcement activities in this District. And those cases many very well never be litigated in this District. VirtaMove has filed Rule 72 objections to the magistrate's orders and further plans to file writs of mandamus with the Federal Circuit to the extent the district judges adopt the magistrate's decisions and overrule VirtaMove's objections. Moreover, the only two other pending transfer motions, those in the HPE and IBM cases filed in the Eastern District of Texas, were recently denied by Judge Gilstrap. Exs. 5-6.

## V. CONCLUSION

For the foregoing reasons, the Court should deny Red Hat's motion for leave to file an amended complaint because amendment is futile. The only new material the amendment seeks to add (paragraphs 60-68) does not demonstrate a case or controversy between the parties under controlling precedent such that there is subject matter jurisdiction, and nothing in the proposed amendment even purports to address the original complaint's deficiencies related to personal jurisdiction.

Dated: February 10, 2025                             Respectfully submitted,

/s/ Amy E. Hayden
Marc Fenster (SBN 181067)
Email: mfenster@raklaw.com
Reza Mirzaie (SBN 246953)
rmirzaie@raklaw.com
Neil A. Rubin (SBN 250761)
nrubin@raklaw.com
Jacob Buczko (SBN 269408)
jbuczko@raklaw.com
James A. Milkey (SBN 281283)
jmilkey@raklaw.com
James Tseui (SBN 285530)
jtseui@raklaw.com
Amy E. Hayden (SBN 287026)
ahayden@raklaw.com
Christian Conkle (SBN 306374)
cconkle@raklaw.com
Qi (Peter) Tong (SBN 300347)
ptong@raklaw.com
Jonathan Ma (SBN 312773)
jma@raklaw.com
Daniel Kolko (SBN 341680)
dkolko@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-9226

*Attorneys for Defendant,*
*VirtaMove Corp.*