| | |
|---|---|
| 1 | Brandon H. Brown (SBN 266347) |
| 2 | Kyle Calhoun (SBN 311181)<br>KIRKLAND & ELLIS LLP |
| 3 | 555 California Street<br>San Francisco, CA 94104 |
| 4 | Telephone: (415) 439-1400<br>Facsimile:  (415) 439-1500 |
| 5 | Email: brandon.brown@kirkland.com<br>Email: kyle.calhoun@kirkland.com |
| 6 | Todd M. Friedman (admitted *pro hac vice*) |
| 7 | KIRKLAND & ELLIS LLP<br>601 Lexington Avenue |
| 8 | New York, NY 10022<br>Telephone: (212) 446-4800 |
| 9 | Facsimile:  (212) 446-4900<br>Email: todd.friedman@kirkland.com |
| 10 | *Attorneys for Plaintiff RED HAT, INC.* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| RED HAT, INC.,<br><br>       Plaintiff,<br><br>       v.<br><br>VIRTAMOVE, CORP.,<br><br>       Defendant. | CASE NO.  5:24-CV-04740-PCP<br><br>**PLAINTIFF RED HAT'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING**<br><br>Hearing Date:  March 13, 2025<br>Time:          10:00 a.m.<br>Location:      Courtroom 8, 4th Floor<br>Judge:          Hon. P. Casey Pitts |

## I. INTRODUCTION

Red Hat's proposed supplementation is far from futile, as it sets forth new facts that further support this Court's declaratory judgment jurisdiction over VirtaMove. As discussed in Red Hat's opening brief and proposed supplementation, the cases VirtaMove recently filed against Microsoft and Oracle go even further than its previous complaints against other defendants using Kubernetes and Docker technology, because VirtaMove's new allegations unmistakably encompass Red Hat's OpenShift product itself (not just the technology used in that product). By bringing patent suits against Red Hat partners and defining the accused products in a way that includes their use of Red Hat OpenShift, VirtaMove has committed affirmative acts that directly target Red Hat.

Notably, VirtaMove does not dispute that—on their face—its descriptions of the "Accused Instrumentalities" in the new cases cover Microsoft's and Oracle's OpenShift offerings. Instead, VirtaMove seeks to take refuge in the fact that its complaints do not expressly name "Red Hat" or "OpenShift." But that argument is an unconvincing exercise in form over substance. While the complaints may not refer to OpenShift directly, the broad language of VirtaMove's infringement allegations inarguably captures Microsoft's and Oracle's offering of OpenShift to their customers.

Moreover, VirtaMove's after-the-fact representation that it did not "intend" to target OpenShift does not change the plain scope of its allegations. Indeed, VirtaMove's failure to include any carveout in the Microsoft and Oracle complaints to exclude OpenShift from its infringement allegations—and its failure to amend those complaints after Red Hat pointed out that they cover OpenShift—makes clear that VirtaMove did and continues to target OpenShift in those cases. VirtaMove's unsupported attorney argument about "intent" does not alter its pleadings in the recently filed cases, let alone remove OpenShift from the scope of the complaints.

In the end, VirtaMove's playbook is all too obvious. To try to avoid litigating the question of OpenShift's infringement in this District, VirtaMove has filed complaints against two new parties in Texas that accuse OpenShift without expressly naming Red Hat's product. If VirtaMove is successful in having the present declaratory judgment action dismissed, it will litigate its accusations against OpenShift as part of those Texas cases—or simply bring its own suit against Red Hat in Texas. Because VirtaMove's complaints targeting Microsoft's and Oracle's OpenShift offerings represent affirmative acts against Red

Hat, this Court should grant Red Hat's motion for leave to supplement its pleading with these important new facts.

## II.  RED HAT'S PROPOSED SUPPLEMENT IS NOT FUTILE

"[B]ad faith, undue delay, prejudice to the opposing party, and futility of amendment" are the factors that courts commonly consider when evaluating motions for leave to amend. *Strickland v. Ujuiri*, No. 20-cv-981, 2020 WL 5530076, at *1 (N.D. Cal. Sept. 15, 2020).  VirtaMove does not dispute that Red Hat's proposed supplement is timely, is not made in bad faith, and does not unfairly prejudice VirtaMove.

VirtaMove solely contends that this Court should not grant leave because (according to VirtaMove) the proposed supplement is futile.  *See* Dkt. 63 ("Opp.") at 6.  As Red Hat explained in its opening brief, however, whereas VirtaMove had previously accused products in other litigations based on the same open-source software used in OpenShift, VirtaMove has now initiated two new lawsuits that directly accuse OpenShift itself.  *See* Dkt. 59 ("Mot.") at 3–4.  Critically, nowhere in its opposition does VirtaMove dispute the central facts stated in Red Hat's proposed supplement and the supplement's supporting declaration—namely, that VirtaMove's identification of the "Accused Instrumentalities" in the Microsoft and Oracle complaints covers OpenShift.  *See id.* at 3–5; *id.*, Dkt. 59-1 at 1040 ("Barrett Decl.") ¶¶ 3–4.  In particular, while VirtaMove's complaints broadly accuse all Microsoft and Oracle "products and services using containerized applications" of infringing, VirtaMove does not deny that the Azure Red Hat OpenShift product sold by Microsoft is a Microsoft product and service using containerized applications or that Red Hat's OpenShift Container Platform is an Oracle product and service using containerized applications.  *See id.* at 2–4.  Indeed, VirtaMove's infringement charts against Microsoft repeatedly cite Microsoft container product webpages that expressly identify and describe OpenShift.  *See* Dkt. 59-1 at 705 (Ex. M ("Microsoft Compl.") at Ex. 2) at 750–51, 763–765, 785, 798 (citing https://learn.microsoft.com/en-us/virtualization/windowscontainers/about/, which lists "RedHat OpenShift Container Platform" as an example of "tools and platforms" in the "Microsoft container ecosystem."); Dkt. 59-2 (Proposed Supplement) ¶ 65.

In this manner, VirtaMove's broad identification of the Accused Instrumentalities in the Microsoft and Oracle cases encompasses those companies' OpenShift offerings, and VirtaMove's allegations therefore constitute affirmative acts against Red Hat that establish declaratory judgment jurisdiction.  *See*

*UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, 787 F. App'x 691, 698 (Fed. Cir. 2019) (patentee's infringement allegations against third party that implicated plaintiff's products constituted affirmative acts creating declaratory judgment jurisdiction) (internal quotation marks omitted); *Adobe Sys. Inc. v. Wowza Media Sys.*, No. 11-CV-02243-JST, 2014 WL 709865, at *17 (N.D. Cal. Feb. 23, 2014) (court had jurisdiction over products not expressly accused of infringement because infringement contentions included broad language covering them); *In re Mobile Telecomms. Techs., LLC*, 247 F. Supp. 3d 456, 461 (D. Del. 2017) ("It is not necessary for DJ Plaintiffs to demonstrate that [patentee] has made specific threats of litigation against them in order to establish subject matter jurisdiction.").

VirtaMove has no answer for its targeting of OpenShift via the Microsoft and Oracle complaints. Although VirtaMove contends that the proposed supplement adds nothing new to Red Hat's pleading because the current Complaint already states "that VirtaMove has accused companies other than Red Hat of patent infringement by way of their specific implementations of third-party containerization technology," Opp. at 2–3, the proposed supplement explains how VirtaMove's new complaints go even further by accusing Microsoft and Oracle of infringement based on providing or supporting Red Hat OpenShift *itself*. *See, e.g.*, Mot. at 3–4. In addition, while VirtaMove includes a quote from this Court's hearing on VirtaMove's motion to dismiss regarding whether there was an "affirmative act," *see* Opp. at 3, that quote is irrelevant to the question of supplementation because it refers to the allegations in Red Hat's original Complaint—which did not (and could not) address VirtaMove's two new, post-hearing lawsuits that indisputably cover Red Hat OpenShift.

The cases VirtaMove cites on this point are readily distinguishable. *See id.* The court in *In re Cloudera* denied leave to amend for the ***second*** time after the plaintiff failed to correct deficiencies that the court identified when it first allowed leave to amend, and did not have the facts described above in their amendment. *See* 121 F.4th 1180, 1190–91 (9th Cir. 2024). And the court in *Ralon v. Kaiser Found. Health Plan, Inc.* found the plaintiff was not diligent in requesting leave to file a third amended complaint to name additional defendants, and noted there was "no authority that suggests that the three individuals Plaintiff seeks to add are proper defendants." No. 23-CV-03344-JCS, 2024 WL 4933330, at *3 (N.D. Cal. Dec. 2, 2024). Here, Red Hat's proposed supplement provides additional relevant information showing VirtaMove has taken affirmative acts that demonstrate an intent to enforce its patents against Red

Hat's OpenShift product. *See Asia Vital Components Co. v. Asetek Danmark A/S*, 837 F.3d 1249, 1254 (Fed. Cir. 2016) (finding declaratory judgment jurisdiction even when patentee did not specifically reference plaintiff's products as potentially infringing); *Danisco U.S. Inc. v. Novozymes A/S*, 744 F.3d 1325, 1331 (Fed. Cir. 2014) (same).

VirtaMove also seeks refuge in the fact that its complaints against Microsoft and Oracle do not expressly "mention 'Red Hat' or 'OpenShift.'" Opp. at 3. Yet, the mere omission of the terms "Red Hat" or "OpenShift" from VirtaMove's complaints does not make Red Hat's proposed supplement futile. On the contrary, the Federal Circuit has explained that a patent owner need not specifically name a declaratory judgment plaintiff's product. *See Asia Vital*, 837 F.3d at 1254 (the "question of jurisdiction does not turn on [patentee's] knowledge of the specific … products or whether [patentee] specifically alleged that the [specific] products infringed the asserted patents"). "Instead, the question is whether, under all the circumstances, [patentee's] actions ***can be reasonably inferred as demonstrating intent to enforce a patent***." *Id*. (internal quotation omitted) (emphasis added). Here, the Court can reasonably infer that VirtaMove has demonstrated an intent to enforce its patents against Red Hat, because VirtaMove's broad identification of the "Accused Instrumentalities" in the Microsoft and Oracle cases includes Red Hat OpenShift, and VirtaMove has done nothing to limit that identification to exclude the Red Hat product. *See id*.; *Danisco*, 744 F.3d at 1331.

Faced with this fact, VirtaMove selectively quotes from its identification of the Accused Instrumentalities to assert that they include only "***Microsoft's*** products and services using containerized applications" and "***Oracle's*** products and services using containerized applications." Opp. at 3 (emphasis in original). As discussed above, however, VirtaMove's definitions of the accused Microsoft and Oracle products plainly cover Azure Red Hat OpenShift ("ARO") and Red Hat's OpenShift Container Platform on Oracle Cloud Infrastructure ("OCI"), respectively. *See also* Mot. at 3–5. Because Microsoft and Oracle offer these products directly to their customers, these OpenShift products qualify as "Microsoft" and "Oracle products and services" under any reasonable definition. *See* Barrett Decl. ¶¶ 3–4. And while Azure Red Hat OpenShift and OpenShift Container Platform on OCI are offered by Microsoft and Oracle to Microsoft and Oracle respective customers as part of Microsoft and Oracle's respective partnerships with Red Hat, Dkt. 59-1 at 1043 (Ex. P (https://learn.microsoft.com/enus/ azure/openshift/intro-

openshift)), *id.* at 1059 (Ex. S), this OpenShift is the same OpenShift product that Red Hat sells to its own customers. *See* Barrett Decl. ¶¶ 3-4 (explaining that Microsoft's ARO product offers Red Hat's OpenShift product directly to Microsoft customers and that Oracle's OCI platform allows Oracle customers to deploy Red Hat's OpenShift product); *see also* Dkt. 59-1 at 1043 (Ex. P) (Microsoft ARO product page linking directly to Red Hat's product page for OpenShift, "https://www.redhat.com/en/technologies/cloud-computing/openshift"), *id..* at 1059 (Ex. S) (Oracle product page linking to same).

Moreover, although VirtaMove contends that it only "listed specific Microsoft products and omitted ARO from that list" and that it focused only on Oracle products and services, not Red Hat OpenShift, Opp. at 3–4, VirtaMove fails to acknowledge the language in its complaints that makes clear that its infringement allegations are not limited to the expressly named products. *See, e.g.*, Microsoft Compl. at Ex. 2 at 746 ("Microsoft products and services using secure containerized applications, ***including without limitation*** Azure Kubernetes Service ('AKS'), Azure Arc-enabled Kubernetes, Azure Container Registry, and Azure Container Apps, ***and all versions and variations thereof since the issuance of the asserted patent***") (emphases added); Dkt. 59-1 at 882 (Ex. N (Oracle Compl.) at Ex. 2) at 923 ("Oracle products and services using secure containerized applications, ***including without limitation*** Oracle Cloud Infrastructure ('OCI') and Oracle Kubernetes Engine ('OCE'), ***and all versions and variations thereof since the issuance of the asserted patent***.") (emphases added).  As explained above and in Red Hat's proposed supplemental pleading, Microsoft and Oracle's OpenShift offering is exactly one of the accused "variation[s]" of the Accused Microsoft and Oracle Kubernetes virtualization products specifically identified by VirtaMove in its Complaints against those parties. *See* Dkt. 59-1 at 131 (Ex. B) ¶¶ 64, 67; *id.* at 1043 (Ex. P) and 1059 (Ex. S).  Because OpenShift again falls within the scope of this language identifying the Accused Products, VirtaMove's allegations against Microsoft and Oracle therefore constitute affirmative acts against Red Hat.

Unsurprisingly, VirtaMove fails to distinguish the authority that Red Hat cited supporting this conclusion. *See* Opp. at 4.  In *UCP Int'l*, the Federal Circuit noted that it previously affirmed declaratory judgement jurisdiction when a patent owner submitted claim charts in a suit against a third party "***implying*** that the declaratory judgment plaintiff could be liable for indirect infringement." 787 F. App'x at 699 (emphasis added).  Here, VirtaMove has gone further than simply implying that Red Hat could be liable

for infringement—VirtaMove has directly implicated Red Hat's OpenShift in its complaints and claim charts against Microsoft and Oracle. In *Mobile Telecomms. Techs., LLC (MTel)*, the patent owner's express identification of the declaratory judgment plaintiff's products in another action was just one fact among several in the totality of circumstances that established declaratory judgment jurisdiction. *See* 247 F. Supp. 3d at 461–63. Notably, the court agreed with the declaratory judgment plaintiff that the patentee's litigation conduct, "which includes suing identically situated parties and asserting identical infringement claims involving identical standards and identical infringing conduct.... affirms the conclusion that [the plaintiff is] subject to a real and immediate threat and that a controversy does exist between the parties." *Id*. at 462. Here, VirtaMove's litigations against Red Hat's parent company and other similarly situated companies based on the same technology used in Red Hat's OpenShift product—and, in the case of Microsoft and Oracle, based on OpenShift itself—similarly demonstrates a real and immediate threat and that a controversy exists between VirtaMove and Red Hat.

Unable to credibly deny that its complaints against Microsoft and Oracle target OpenShift, VirtaMove asserts that it "did not *inten[d]* to implicate Red Hat or the OpenShift product in either complaint filing." Opp. at 5 (emphasis added). Yet, this after-the-fact (and unsupported) statement of "intent" does not change the allegations in VirtaMove's complaints. Tellingly, while VirtaMove contends that its forthcoming infringement contentions will control the scope of its accusations in the Microsoft and Oracle cases, *id.*, VirtaMove has stopped short of assuring this Court that it will expressly exclude Microsoft's and Oracle's OpenShift offerings from its contentions. *See Danisco*, 744 F.3d at 1331 (withdrawing infringement allegations or offering legitimate assurances, such as through a covenant not to sue for infringement, could moot the controversy between the parties). VirtaMove likewise could have affirmatively stated that it will not sue Red Hat or otherwise accuse Red Hat of infringement (*e.g.*, by demanding a license). *See Cepheid v. Roche Molecular Sys., Inc.*, No. C-12-4411 EMC, 2013 WL 184125, at *6 (N.D. Cal. Jan. 17, 2013) ("whether the patentee refused to give assurance it will not enforce its patent" is one factor considered under the totality of circumstances when determining declaratory judgement standing) That VirtaMove has refused to offer such assurances "provides a level of additional support for [a] finding that an actual controversy exists." *Arris Grp., Inc. v. British Telecomms. PLC*, 639 F.3d 1368, 1381 (Fed. Cir. 2011); *see also Danisco*, 744 F.3d at 1331.

VirtaMove further argues, without citing any authority, that Red Hat's proposed supplement should be denied as futile because it does not address personal jurisdiction. Opp. at 5. However, as Red Hat explained in its Opposition to VirtaMove's Motion to Dismiss and at the related hearing, this Court has personal jurisdiction over VirtaMove. *See* Dkt. 34 at 10–14; Dkt. 58 ("12/12/2024 MTD Tr.") at 13:4–17:10. Indeed, this Court recognized at the hearing that "[the Federal Circuit] seem[s] to say that engaging in licensing activities in the forum, even with other parties … [is] sufficient here, or at the least [Red Hat is] entitled to discovery on that question[.]" 12/12/2024 MTD Tr. at 5:7–13. To the extent there are any lingering questions regarding personal jurisdiction, Red Hat has already requested that the Court grant its motion to conduct jurisdictional discovery and amend its pleading as appropriate. Dkt. 34 at 14–15.[1]

In sum, Red Hat's initial Complaint for a declaratory judgment of non-infringement detailed conduct by VirtaMove showing its intent to assert the '058 and '814 patents against a range of products using the same open-source software—used in OpenShift. Red Hat's proposed supplement adds to that pleading by showing VirtaMove has taken the additional steps of accusing Red Hat customers and partners of infringement based on their offering of OpenShift itself. These acts by VirtaMove are sufficient to establish declaratory judgment jurisdiction under the Federal Circuit's totality of the circumstances standard. *See UCP*, 787 F. App'x at 698–702; *Danisco*, 744 F.3d at 1330–31; *MTel*, 247 F. Supp. 3d at 460–62; *Asia Vital*, 837 F.3d at 1254–56. Red Hat's supplemental pleading therefore is not futile and the motion for leave should be granted.

---

[1] With respect to personal jurisdiction, VirtaMove also acknowledges that its lawsuits against Google and Amazon involving the same patents and technology were recently ordered transferred to this District. Opp. at 5 n.3. Although VirtaMove clings to the hope that "those cases many [sic] very well never be litigated in this District," *id.*, the Federal Circuit (applying Fifth Circuit law) will disturb a district court's transfer decision only if it amounts to a "clear abuse of discretion … produc[ing] a patently erroneous result." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). In addition, 28 U.S.C.A. § 1292(b) provides that an application for appeal does not stay proceedings in the district court unless the district judge or the Court of Appeals orders a stay. VirtaMove's other patent litigations in this District will further establish significant contacts that are materially related to the patents in this case. Indeed, once those cases against Google and Amazon are transferred, Red Hat will file a motion to relate the cases.

### III. CONCLUSION

For the reasons set forth above and in Red Hat's opening brief, Red Hat respectfully asks the Court to grant Red Hat's request for leave to supplement its pleading in this case by filing the proposed Supplemental Complaint.

Dated: February 24, 2025

Respectfully submitted,

/s/ Todd M. Friedman
Brandon H. Brown (SBN 266347)
Kyle Calhoun (SBN 311181)
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: brandon.brown@kirkland.com
Email: kyle.calhoun@kirkland.com

Todd M. Friedman (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: todd.friedman@kirkland.com

*Attorneys for Plaintiff RED HAT, INC.*