UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RED HAT, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>VIRTAMOVE, CORP.,<br><br>    Defendant. | Case No. 24-cv-04740-PCP<br><br>**ORDER GRANTING VIRTAMOVE, CORP.'S MOTION TO DISMISS, DENYING MOTIONS TO SEAL, AND DENYING RED HAT, INC.'S MOTIONS FOR CONTINGENT DISCOVERY AND TO AMEND THE COMPLAINT**<br><br>Re: Dkt. Nos. 31, 37, 45, 47, 48, 49, 59 |

Red Hat, Inc. brings this action against VirtaMove, Corp. seeking a declaratory judgment that it does not infringe two VirtaMove patents, U.S. Patent Nos. 7,519,814 ("the '814 patent") and 7,784,058 ("the '058 patent"). VirtaMove now moves to dismiss Red Hat's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for lack of personal jurisdiction pursuant to Rule 12(b)(2).

For the reasons discussed herein, the Court grants VirtaMove's motion to dismiss for lack of subject matter jurisdiction and need not address its Rule 12(b)(2) motion.[1] The Court denies as futile Red Hat's related motions for contingent jurisdictional discovery and to amend its complaint. The Court also denies the parties' sealing requests.

**BACKGROUND**

Red Hat is a software corporation headquartered in Raleigh, North Carolina and incorporated in Delaware. VirtaMove is a Canadian software corporation. Red Hat filed this action on August 5, 2024, seeking a declaratory judgment that it does not infringe Virtamove's '814 and

---

[1] In conjunction with VirtaMove's motion to dismiss, Red Hat filed an administrative motion for leave to file a surreply. VirtaMove filed an administrative motion for leave to file a surreply to Red Hat's motion for contingent discovery. The Court grants both motions.

1  '058 patents. Red Hat alleges that its OpenShift software incorporates third-party containerization
2  technologies Docker and Kubernetes.[2] Red Hat's operative complaint alleges that VirtaMove in
3  2024 initiated litigation in Texas against four companies—IBM (which is Red Hat's parent
4  company), Hewlett Packard Enterprise, Google, and Amazon—alleging that the companies'
5  products infringe its rights under the '814 and '058 patents. Red Hat argues that the infringement
6  claims against these defendants are based on their products' incorporation of the Docker and
7  Kubernetes technologies in the same manner that Red Hat's own software products incorporate
8  those technologies.

9  The Court heard VirtaMove's motion to dismiss and Red Hat's motion for contingent
10 jurisdictional discovery on December 12, 2024. On January 13, 2025, Red Hat filed a motion for
11 leave to file an amended complaint adding allegations that, shortly after the December 2024
12 hearing, VirtaMove filed two more suits in the Western District of Texas alleging patent
13 infringement by certain Microsoft and Oracle products using containerization technologies. Red
14 Hat alleges that these suits directly implicate Red Hat's OpenShift product because Microsoft and
15 Oracle are customers who use the OpenShift product. The Court heard Red Hat's motion for leave
16 to amend its complaint on March 13, 2025. Both in its papers and at the hearing, VirtaMove stated
17 to the Court that Red Hat's products are not implicated in either action.

## LEGAL STANDARD

**I.     Rule 12(b)(1)**

A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) challenge may be facial, contending that the complaint's allegations are insufficient to invoke federal jurisdiction, or factual, disputing the allegations that otherwise establish federal jurisdiction. *Safe Air for*

---

[2] According to Red Hat's website, "OpenShift is the leading hybrid cloud application platform, bringing together a comprehensive set of tools and services that streamline the entire application lifecycle, from development to delivery to management of app workloads." Docker and Kubernetes are software tools that, among other things, can run applications in an environment called a "container." Kubernetes is an open-source container orchestration system. Docker is a software tool for developing and running applications in containers.

*Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In reviewing a factual challenge, courts may "review evidence beyond the complaint" and "need not presume the truthfulness of the plaintiff's allegations." *Id.* In this case, VirtaMove brings a facial challenge, contending that the allegations in the complaint fail to state an Article III case or controversy.

Generally, dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "is a procedural question not unique to patent law" governed by regional circuit law. *Toxgon Corp. v. BNFL, Inc.*, 312 F.3d 1379, 1380 (Fed. Cir. 2002). But "[w]hether an actual case or controversy exists so that a district court may entertain an action for [ ] declaratory judgment of non-infringement and/or invalidity is governed by Federal Circuit law." *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1377 (Fed. Cir. 2012).

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The phrase 'case of actual controversy' refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *Danisco U.S. Inc. v. Novozymes A/S*, 744 F.3d 1325, 1329 (Fed. Cir. 2014) (cleaned up). "The burden is on the party claiming declaratory judgment jurisdiction … to establish that an Article III case or controversy existed at the time that the claim for declaratory relief was filed and that it has continued since." *Id.* "[D]eclaratory judgment jurisdiction generally will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement, without some affirmative act by the patentee." *UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, 787 F. App'x 691, 698 (Fed. Cir. 2019). (quoting S*anDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380–81 (Fed. Cir. 2007)). "Generally, an affirmative act by the patentee is 'conduct that can be reasonably inferred as demonstrating intent to enforce a patent.'" *Id.* (quoting *Hewlett–Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1363 (Fed. Cir. 2009)).

# ANALYSIS

## I. Red Hat's complaint fails to state a "case" or "controversy" sufficient to establish Article III jurisdiction.

To assess whether a party adequately pleads Article III subject matter jurisdiction over a declaratory judgment action, courts evaluate "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007); *see also Danisco U.S. Inc. v. Novozymes A/S*, 744 F.3d 1325, 1330–31 (Fed. Cir. 2014). While the Federal Circuit has noted that "Article III does not mandate that the declaratory judgment defendant have threatened litigation or otherwise taken action to enforce its rights before a justiciable controversy can arise," *Danisco*, 744 F.3d at 1330, the Circuit nonetheless requires affirmative acts by the defendant—i.e., conduct that can be reasonably inferred as demonstrating intent to enforce a patent. *See UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, 787 F. App'x 691, 698 (Fed. Cir. 2019); *Asia Vital Components Co. v. Asetek Danmark A/S*, 837 F.3d 1249, 1253 (Fed. Cir. 2016); *see also* 5 Annotated Patent Digest § 37:15 (noting that under the "all circumstances" test there still must be some "affirmative act" by a patentee). Those affirmative acts must be directed at the declaratory judgment plaintiff or its products. *See Proofpoint, Inc. v. Innova Patent Licensing, LLC*, No. 5:11-cv-02288-LHK, 2011 WL 4915847, at *3 (N.D. Cal. Oct. 17, 2011) ("In order to establish an 'actual controversy' based on enforcement activity by a patentee, the pleadings must show that the patentee engaged in affirmative acts *directed specifically at the party seeking declaratory judgment*.") (emphasis added); *see also Ass'n for Molecular Pathology v. USPTO*, 689 F.3d 1303, 1323 (Fed. Cir. 2012), *rev'd on other grounds*, *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576 (2013) (noting that a district court should "limit its jurisdictional holding to affirmative acts by the patentee directed at specific [p]laintiffs").

Red Hat's purported basis for this Court's subject matter jurisdiction is that, at the time it filed this action, VirtaMove had initiated litigation against IBM, Hewlett Packard Enterprise, Amazon, and Google alleging that their respective technologies' containerization and container

orchestration technologies—which incorporate aspects of the open-source Docker and Kubernetes technologies—infringe two VirtaMove patents.[3] RedHat argues that its OpenShift technology uses the same Docker and Kubernetes technologies that are at issue in the litigation against the other defendants. Red Hat therefore argues that "[d]espite not naming Red Hat's OpenShift as an accused product in any of the above cases, VirtaMove's infringement allegations—focused on the use and deployment of Kubernetes, Docker, and other open-source software programs—against the same containerization and container orchestration technologies used in OpenShift create a justiciable controversy between Red Hat and VirtaMove." In Red Hat's view, "it is not a matter of 'if' VirtaMove will bring an action against Red Hat accusing OpenShift of infringement, but 'when.'"[4]

Taken together, these allegations are insufficient to establish subject matter jurisdiction under Article III. As VirtaMove explains (and Red Hat does not refute), VirtaMove has neither contacted Red Hat concerning any of VirtaMove's patents nor otherwise suggested that OpenShift or any other Red Hat product infringes any VirtaMove patent. VirtaMove also has not accused any other entity of infringing VirtaMove's patent rights by using OpenShift or any other Red Hat products. In fact, VirtaMove has taken no affirmative act whatsoever against Red Hat or OpenShift, either directly or indirectly.

In comparing the facts of Red Hat's declaratory judgment action to the cases Red Hat cites to support a finding of jurisdiction here, it is clear that the circumstances here are meaningfully different. Indeed, every case contains facts involving a specific threat to the declaratory judgment plaintiff or its product.

In *In re Mobile Telecommunications Techs., LLC*, 247 F. Supp. 3d 456 (D. Del. 2017), for

---

[3] Though IBM is Red Hat's parent company, the suit against IBM involves a separate IBM product that does not implicate Red Hat's OpenShift product in a manner any differently from the other defendants' products.

[4] Red Hat alleges that VirtaMove knows of OpenShift's incorporation of the Kubernetes and Docker technologies because it has described it in a blog post. *See Shift to the Future Now*, VirtaMove (June 8, 2020), https://perma.cc/E945-N2UX. But the post does not contain evidence of any conduct evincing an intent to enforce a patent. It does not threaten OpenShift or Red Hat, mention VirtaMove's patent, or identify Red Hat as an infringer.

example, although the court partially based its holding on the defendants' litigation against "identically situated parties and asserting identical infringement claims involving identical standards and identical infringing conduct," the key fact on which the court's analysis turned was that the defendants' "complaints in the [other] Actions expressly identify the [plaintiff's] products as 'examples' of equipment that directly infringe the asserted patents." *Id.* at 461–62. The court explained that "[s]uch repeated references identifying [the declaratory judgment] [p]laintiffs' products as infringing may give rise to a 'substantial controversy' about whether those products infringe the patents-in-suit." *Id.* at 461. *See also Microsoft Corp. v. SynKloud Techs., LLC*, 484 F. Supp. 3d 171, 182 (D. Del. 2020). This case differs in that Red Hat does not allege that VirtaMove has made any references to or identifications naming Red Hat or its products as infringing VirtaMove's patents.

Likewise, in *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897 (Fed. Cir. 2008), the Federal Circuit found that a case or controversy existed where, "after [the declaratory judgment plaintiff] receiv[ed] several threats [from the defendant] itself, [plaintiff] watched [defendant] sue each of the other leading [ ] manufacturers." *Id.* at 901. Unlike in *Micron*, VirtaMove has made no threats to Red Hat.

In *Danisco U.S. Inc. v. Novozymes A/S*, 744 F.3d 1325 (Fed. Cir. 2014), the Federal Circuit found a justiciable declaratory judgment action between two parties who had a history of patent litigation involving related products. Here, Red Hat alleges no such history between Red Hat and VirtaMove.[5]

And in *UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, 787 F. App'x 691(Fed. Cir. 2019), although the Federal Circuit relied on the defendant's litigation conduct against the declaratory judgment plaintiff's customers for its finding of a case or controversy, the defendant in that case had explicitly stated in its complaints against those customers that the declaratory judgment plaintiff's *own product* was the accused product. *Id.* at 699. In this case, Red Hat's product or process is not itself accused in VirtaMove's litigation against the other defendants. Instead, those

---

[5] As explained *supra* note 3, the litigation against IBM cannot be fairly considered litigation against Red Hat or its products.

1  other lawsuits involve a third-party subcomponent that is also incorporated in Red Hat's
2  technology.

3     It may well be that the theory being pursued by VirtaMove in its lawsuits against IBM, Hewlett Packard Enterprise, Google, and Amazon could also be pursued against Red Hat. But VirtaMove has not yet initiated infringement litigation against Red Hat or made any other affirmative acts directed at Red Hat or its products suggesting it will enforce its patents against Red Hat—perhaps because it does not believe Red Hat's products are infringing or perhaps for some other reason. Regardless, in an action seeking a declaratory judgment of noninfringement, the Federal Circuit requires that a declaratory judgment defendant have engaged in some form of affirmative conduct directed toward the declaratory judgment plaintiff or its products evincing an intent to enforce its patent against the plaintiff or its products before a court can find an Article III case or controversy. *See Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1382 (Fed. Cir. 2010) (concluding that "the fact that [the defendant] had filed infringement suits against other parties for other products does not, in the absence of any act directed toward [the declaratory judgment plaintiff or its products], meet the minimum standard" for declaratory judgment standing). Here, Red Hat fails to identify any such affirmative acts taken by VirtaMove against Red Hat or its products.

   Because Red Hat's complaint fails to plead facts establishing this Court's subject matter jurisdiction, the Court grants VirtaMove's motion to dismiss pursuant to Rule 12(b)(1) without leave to amend and without prejudice.

**II.    Red Hat's motion to amend its complaint is denied as futile.**

   Red Hat seeks leave to amend pursuant to Rule 15(d), which provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). In deciding whether to permit a supplemental pleading, the court's focus is on judicial efficiency. *See Planned Parenthood v. Neely,* 130 F.3d 400, 402 (9th Cir.1997). Courts weigh the same factors when deciding motions under Rule 15(d) and Rule 15(a). *See Yates v. Auto City 76*, 299 F.R.D. 611, 614, n.4 (N.D. Cal. 2013) (collecting cases). Those factors are "undue delay, bad

7

faith or dilatory motive, futility of amendment, and prejudice to the opposing party." *United States v. Webb*, 655 F.2d 977, 979–80 (9th Cir. 1981). A proposed amended claim "is futile if it would be immediately 'subject to dismissal.'" *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011) (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998)).

        Red Hat seeks to amend its complaint to allege that in December 2024 VirtaMove filed two additional patent infringement suits against Microsoft and Oracle based on the same two patents at issue this action. Red Hat alleges that both Oracle and Microsoft are customers of Red Hat that use Red Hat's OpenShift product, and that Red Hat's OpenShift product is therefore directly implicated in both complaints.[6] Red Hat contends that even if the prior four lawsuits do not establish this Court's jurisdiction the December 2024 lawsuits do so, and that leave to amend should be granted to permit Red Hat to rely upon those lawsuits in establishing this Court's jurisdiction.

        The Court denies Red Hat's motion to amend because the two new lawsuits, even if considered, do not give rise to an actual case or controversy. Unlike in *Mobile* and *UCP Int'l Co. Ltd.*, in which the declaratory judgment plaintiff's products were directly named and necessarily implicated in the other lawsuits, VirtaMove's Microsoft and Oracle complaints do not directly name Red Hat or OpenShift, and instead list several other unrelated allegedly infringing products. Although the two complaints are arguably ambiguous as to whether other products like OpenShift might also be implicated, VirtaMove represented both in its pleadings and at the March 13, 2025 hearing that Red Hat and its products are not implicated in either suit and that VirtaMove will not

---

[6] In the Microsoft litigation, VirtaMove's accused instrumentalities are defined as:

> Microsoft products and services using secure containerized applications, including without limitation Azure Kubernetes Service ("AKS"), Azure Arc-enabled Kubernetes, Azure Container Registry, and Azure Container Apps, and all versions and variations thereof since the issuance of the asserted patent.

In the Oracle litigation, VirtaMove's accused instrumentalities are defined as:

> Oracle products and services using secure containerized applications, including without limitation Oracle Cloud Infrastructure ("OCI") and Oracle Kubernetes Engine ("OCE"), and all versions and variations thereof since the issuance of the asserted patent.

8

pursue infringement theories based upon OpenShift in the Oracle or Microsoft cases should this Court agree that the Microsoft and Oracle lawsuits do not implicate OpenShift. As the Court noted at the March 13, 2025 hearing, Microsoft and Oracle will presumably be able to rely upon this concession by VirtaMove in defending the two new patent infringement lawsuits. Because VirtaMove is now estopped from relying upon OpenShift to establish infringement in the cases against Microsoft and Oracle, the two new lawsuits do not provide any more support for finding an Article III case or controversy than the four older lawsuits identified in Red Hat's complaint.

Red Hat cites *Asia Vital Components Co. v. Asetek Danmark A/S* ("*AVC*"), 837 F.3d 1249 (Fed. Cir. 2016), for the proposition that a declaratory judgment case or controversy can be found "even when patentee did not specifically reference plaintiff's products as potentially infringing" to argue that standing exists despite the fact that Red Hat and its products are not named in the Oracle and Microsoft lawsuits. But *AVC* identified several other affirmative acts taken by the defendant against the declaratory judgment plaintiff that do not exist in this action. First, the defendant sent a demand letter directly to the declaratory judgment plaintiff. That demand letter mistakenly referenced a product not produced by the declaratory judgment plaintiff, though the plaintiff produced similar products. Then, "[d]espite recognizing that [the declaratory judgment plaintiff] does not manufacture the [specific product], [the defendant] still agreed to a meeting with [the declaratory judgment plaintiff] where they discussed potential licensing of the asserted patents. Moreover, [the declaratory judgment plaintiff] allege[d] that [the defendant] made threats to its customers regarding [the declaratory judgment plaintiff's] infringement of the asserted patents." *Id.* at 1253–54. By contrast, as noted already, VirtaMove has taken no affirmative acts directed at Red Hat or its products and has never threatened Red Hat or others by asserting that a Red Hat product infringes its patent rights.

Because the proposed amended complaint's allegations regarding VirtaMove's Oracle and Microsoft cases do not identify any affirmative act by VirtaMove evincing an intent to enforce its patents against Red Hat, adding those allegations would not establish this Court's subject matter jurisdiction. The Court therefore denies as futile Red Hat's motion to amend.

9

### III. Red Hat's motion for contingent jurisdictional discovery is denied as futile.

"Because jurisdictional discovery is 'an issue not unique to patent law ... the law of the regional circuit [applies].'" *MG Freesites Ltd. v. DISH Techs. L.L.C.*, 712 F. Supp. 3d 1318, 1334 (N.D. Cal. 2024) (quoting *Patent Rights Prot. Group, LLC v. Video Gaming Techs., Inc.*, 603 F.3d 1364, 1371 (Fed. Cir. 2010)). A district court is vested with broad discretion to permit or deny jurisdictional discovery. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). Jurisdictional discovery is appropriate "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). By contrast, "a refusal [to grant discovery] is not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) (citation omitted). A request for jurisdictional discovery should "articulate the specific discovery plaintiff seeks to conduct and how such discovery will enable them to make a prima facie showing of jurisdictional facts with respect to the defendant." *Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 905 (N.D. Cal. 2021) (cleaned up).

The Court denies Red Hat's motion because the requested discovery would not reveal facts sufficient to establish this Court's subject matter jurisdiction. Although Red Hat largely focuses its request on matters related to personal jurisdiction—an issue that need not be considered in the absence of subject matter jurisdiction—it also seeks leave to pursue discovery regarding "[a]ny non-privileged analysis or decision-making regarding whether to sue Red Hat for patent infringement under the Asserted Patents." Even if Red Hat discovered such facts, however, they would not establish an Article III case or controversy here because they would not involve any *affirmative acts* by VirtaMove demonstrating its intent to enforce its patents against Red Hat. A defendant's purely internal decision-making regarding whether to sue a plaintiff, with no corresponding external conduct, does not constitute such an affirmative act. *See Cisco Sys., Inc. v. OpenTV Inc.*, No. 5:13-CV-0282-EJD, 2013 WL 2285226, at *2 (N.D. Cal. May 23, 2013) (noting that the "patentee's internal investigation or its subjective beliefs regarding infringement are still not relevant to the question of declaratory judgment jurisdiction" and that "it is 'the objective

1  words and actions of the patentee that are controlling'") (quoting *Hewlett-Packard Co. v.*
2  *Acceleron LLC*, 587 F.3d 1358, 1363 (Fed. Cir. 2009).

3      Accordingly, Red Hat's motion for contingent jurisdictional discovery is denied.

**IV.    The administrative sealing motions are denied.**

    Finally, VirtaMove asks the Court to seal various statements in Red Hat's reply and VirtaMove's surreply to its motion for contingent discovery and supporting materials.

    The public has a longstanding and well-recognized "right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Public access bolsters "understanding of the judicial process" and "confidence in the administration of justice," and it provides a "measure of accountability" for courts. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). There is thus a "strong presumption in favor of access" to court records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

    To overcome this strong presumption, a party who wishes to seal a court record must generally "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (cleaned up). Sealing may be justified when "court files ... become a vehicle for improper purposes, such as ... to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179. But without more, the "fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation" does not merit sealing. *Id.* "Under this stringent standard," the Court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Auto Safety*, 809 F.3d at 1096–99. Civil Local Rule 79-5(c)(1) and (f)(3) requires the party seeking to seal to provide "a specific statement" of the reasons for doing so, explaining the interests that warrant sealing and the injury that will otherwise result.

    VirtaMove asserts that it is under a confidentiality contract with AppFirst "to keep all terms of this contract, as well as negotiations that resulted in the contract, confidential." The terms and negotiations, however, are not described with any particularity in the items it seeks to seal.

11

VirtaMove therefore has not articulated a compelling reason for sealing this material in Red Hat's reply and supporting documents.

VirtaMove also argues it "has a contractual obligation to keep the terms and conditions of its contract with [Lumenci] … confidential." But, again, the terms and conditions are not described with any particularity, if at all, in the items it seeks to seal. Instead, the material includes only the firm's name, and VirtaMove has not explained why that is confidential. VirtaMove therefore has not articulated a compelling reason for sealing this material in its surreply and supporting documents.

The Court therefore denies the administrative motions to seal.

## SUMMARY

For the foregoing reasons, VirtaMove's motion to dismiss this action is granted without leave to amend and without prejudice. Red Hat's motion to amend its complaint and its motion for contingent jurisdictional discovery are denied. The administrative sealing motions are denied. The parties shall file on the public docket each of the documents previously filed under seal within 14 days of this Order.

**IT IS SO ORDERED.**

Dated: April 21, 2025

P. Casey Pitts
United States District Judge