# EXHIBIT 2

## PREVIOUSLY FILED UNDER SEAL

Page 1

```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TEXAS
               MIDLAND/ODESSA DIVISION
_____
VIRTAMOVE, CORP.,         )
         Plaintiff,       )
                          ) Case Number:
     V.                   ) 7:24-CV-00030
                          )
AMAZON.COM, INC.; AMAZON.COM )
SERVICES LLC; and AMAZON WEB )
SERVICES, INC.,           )
         Defendants.      )
_____)


         30(b)(6) DEPOSITION OF SUSAN CAMERON
         ON BEHALF OF VIRTAMOVE, CORP.
              August 27, 2024
         11:02 a.m. Eastern Daylight Time


Reported by: Lori J. Goodin, RPR, CRR, RSA,
              California CSR #13959


             DIGITAL EVIDENCE GROUP
             1730 M Street, NW, Suite 812
                Washington, D.C. 20036
                  (202) 232-0646
```

Page 2

```
 1           REMOTE APPEARANCES:
 2
 3   FOR PLAINTIFF:
 4       RUSS AUGUST & KABAT
 5       BY: PETER TONG, ESQUIRE
 6       4925 Greenville Avenue, Suite 200
 7       Dallas, Texas  75206
 8       310-826-7474
 9       ptong@raklaw.com
10
11
12   FOR DEFENDANTS:
13       KNOBBE MARTENS OLSON & BEAR LLP
         BY: JEREMY ANAPOL, ESQUIRE
14       2040 Main Street, 14th Floor
         Irvine, California  92614
15       949-760-0404
         jeremy.anapol@knobbe.com
16
17
18   Also Present:
19       Billy Fahnert, Videographer/Document Tech
20
21
22
```

Page 3

```
 1              INDEX TO EXAMINATION
 2
     WITNESS:  SUSAN CAMERON
 3
 4   EXAMINATION BY                        PAGE
 5   MR. ANAPOL                              6
 6   MR. TONG                              215
 7   MR. ANAPOL                            218
 8
 9              INDEX TO EXHIBITS
10              SUSAN CAMERON
11   VirtaMove, Corp. V. Amazon.com, Inc., et al
12         Tuesday, August 27, 2024
13       Lori J. Goodin, RPR, CRR, RSA,
14           California CSR #13959
15   EXHIBIT    DESCRIPTION               PAGE
16   Exhibit 1001  VM_AMAZON_0001097, Travel
17       Itinerary for Mr. Topitsch
18       to Texas, 1/28/16                 33
19   Exhibit 1002  VM_AMAZON_0001123,
20       Registration for Greg O'Connor
21       to attend AWS re:Invent,
22       8/17/15                           57
```

Page 4

```
 1          INDEX TO EXHIBITS, CON'T
 2   EXHIBIT    DESCRIPTION               PAGE
 3   Exhibit 1003  VM_AMAZON_0001195,
 4       Registration for Greg O'Connor
 5       to attend AWS re:Invent,
 6       10/30/13                          61
 7   Exhibit 1004  Press Release from
 8       VirtaMove's website, 4/28/21     121
 9   Exhibit 1005  VM_AMAZON_0001089,
10       payoff letter, 7/25/18           172
11   Exhibit 1006  VM_AMAZON_0001309, photo
12       of patent and trademark docs     176
13   Exhibit 1007  VM_AMAZON_0000865, Trigence
14       Corp. Technical Submission,
15       FY 2004                          183
16   Exhibit 1008  Plaintiff's First Supplemental
17       Objections and Responses to
18       Defendants' First Set of Venue
19       Requests for Interrogatories     203
20
21
22   (Newly marked exhibits retained by reporter.)
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY

VM_IBM_0000465

Page 77

1  Q. Okay. So, in 2021, when this
2  contact occurred between Mr. Stokes and
3  Mr. Chanana, you hadn't spoken to any attorneys
4  about the patents at issue in the case today?
5  A. No. Not that I remember. No.
6  Q. And at that time in 2021, did you
7  believe that Amazon was infringing any VirtaMove
8  patents?
9       MR. TONG: Objection. Calls for
10  legal conclusion.
11      THE WITNESS: I'm not a lawyer. I'm
12  not sure that I can answer that question for
13  you adequately.
14  BY MR. ANAPOL:
15  Q. Okay. And just to be clear, it is
16  not a question about whether your legal analysis
17  is correct.
18      It is just a question about what
19  your belief was. So, you may have been right.
20  You may have been wrong. You may have had no
21  belief.
22      But, my question is, in 2021, did

Page 78

1  you believe that Amazon was infringing
2  VirtaMove's patents.
3       MR. TONG: Same objection. You can
4  answer the question.
5       THE WITNESS: To be honest, I don't
6  really have an opinion on it.
7  BY MR. ANAPOL:
8  Q. Okay. And you didn't have an
9  opinion in 2021?
10  A. No.
11  Q. Did anybody at VirtaMove talk to you
12  in 2021 and express a belief that Amazon was
13  infringing VirtaMove's patents?
14      MR. TONG: Objection. Caution the
15  witness not to reveal privileged information
16  or any privileged analysis.
17      If you can answer the question
18  without revealing privileged information, go
19  ahead.
20      If you have questions about it, we
21  can talk. But, go for it.
22      THE WITNESS: I don't really know.

Page 79

1  I don't remember. I don't really know.
2  BY MR. ANAPOL:
3  Q. Okay. At any time before the
4  lawyers got involved in 2023, did someone at
5  VirtaMove, who is not a lawyer, tell you that
6  they thought Amazon was infringing VirtaMove's
7  patents?
8       MR. TONG: Same objection. Caution
9  the witness not to reveal privileged
10  information or any privileged analysis that
11  may have been passed on by a lawyer.
12      If you can answer the question
13  without revealing privileged information, go
14  ahead.
15      THE WITNESS: Yes.
16  BY MR. ANAPOL:
17  Q. And when did someone at VirtaMove
18  tell you they thought Amazon was infringing
19  VirtaMove's patents?
20      MR. TONG: Same caution to the
21  witness.
22      THE WITNESS: I don't remember

Page 80

1  exactly, but it was probably early 2023.
2  BY MR. ANAPOL:
3  Q. And who told you that?
4       MR. TONG: Same caution.
5       THE WITNESS: A company called
6  Lumenci.
7  BY MR. ANAPOL:
8  Q. And did that company approach
9  VirtaMove about the patents?
10      MR. TONG: Jeremy, I need -- sorry.
11  You can -- we are getting into privileged
12  materials here. I need to have a privilege
13  discussion with the witness.
14      You can go ahead and answer this one
15  question, but I need, I need to pull the
16  witness. And it is probably time for a lunch
17  break, too.
18  BY MR. ANAPOL:
19  Q. So, the one question that is pending
20  right now is did that company, Lumenci, approach
21  VirtaMove about the patents?
22  A. No, I don't think so.

CONFIDENTIAL - ATTORNEYS' EYES
ONLY                                                                                    VM_IBM_0000484

Page 81

1  MR. ANAPOL: Okay. Peter, you need
2  to take a break to confer about privilege?
3  MR. TONG: Yes.
4  MR. ANAPOL: Okay. I don't want to
5  take a lunch break right now. I have a
6  couple more questions that I want to ask
7  after you confer about privilege. And then
8  we can take a lunch break.
9  MR. TONG: Okay.
10  THE VIDEOGRAPHER: Okay. Going off
11  the record. The time is 12:49.
12  (Recess taken -- 12:49 p.m.)
13  (After recess -- 12:53 p.m.)
14  THE VIDEOGRAPHER: We are back on
15  the record. The time is 12:53.
16  MR. TONG: This is Peter Tong. I
17  just want to make a note on the record that
18  we object into questions about Lumenci.
19  Lumenci and all of its work is privileged.
20  We are asserting attorney/client
21  communications as well as work product. And
22  we are clawing back the answer about Lumenci.

Page 82

1  MR. ANAPOL: So, Peter, are you
2  representing that Lumenci, these people at
3  Lumenci are attorneys?
4  MR. TONG: I'm asserting that this
5  work was done in anticipation of litigation
6  and their work product was in fact
7  communicated to attorneys.
8  And they worked with attorneys. So
9  all of this is privileged.
10  BY MR. ANAPOL:
11  Q.  Okay. So, Ms. Cameron, at the time
12  of these communications you mentioned with
13  Lumenci, had VirtaMove retained attorneys for
14  this litigation yet?
15  MR. TONG: Objection. Caution the
16  witness not to reveal privileged information.
17  If you have a question about whether
18  or not the answer is privileged, we can have
19  another discussion.
20  THE WITNESS: So the answer would be
21  no.
22  BY MR. ANAPOL:

Page 83

1  Q.  So, did VirtaMove find Lumenci or
2  did Lumenci find VirtaMove?
3  MR. TONG: Objection. Privilege.
4  Instruct the witness not to answer.
5  THE WITNESS: I won't answer that
6  question.
7  BY MR. ANAPOL:
8  Q.  Were the people you spoke to at
9  Lumenci in Texas, California or neither?
10  A.  Both, I think.
11  Q.  Where in California?
12  A.  I don't know.
13  Q.  It looks like they have an office in
14  Redwood City, California which is in Silicon
15  Valley.
16  Does that sound right?
17  A.  It could be. I don't know.
18  Q.  Okay. So, after this contact with
19  Lumenci but before VirtaMove filed this lawsuit,
20  did anybody at VirtaMove communicate with Amazon?
21  A.  I don't know. I can't speak on
22  behalf of my colleagues. I can only tell you

Page 84

1  that I don't know.
2  Q.  Okay. But you understand that you
3  have been designated by VirtaMove to testify
4  about pre-suit communication between VirtaMove
5  and Amazon, right?
6  A.  Right.
7  Q.  And you understand that you had an
8  obligation to prepare to testify on that topic?
9  A.  Yes.
10  Q.  So, you have been designated to
11  speak on behalf of your colleagues. Do you
12  understand that?
13  A.  Yes.
14  Q.  So, after this contact with Lumenci
15  but before VirtaMove filed this lawsuit, did
16  anybody at VirtaMove communicate with Amazon?
17  A.  Not to my knowledge.
18  Q.  And, between 2021 when Mr. Stokes
19  talked to Mr. Chanana, and 2023 when this contact
20  with Lumenci occurred, were there any other
21  communications with Amazon?
22  A.  Not to my knowledge.

CONFIDENTIAL - ATTORNEYS' EYES ONLY

VM_IBM_0000485

Page 85

1  Q.  So, before the contact in 2023 with
2  Lumenci, did anybody at VirtaMove tell anybody at
3  Amazon that Amazon was infringing VirtaMove's
4  patents?
5  A.  Not to my knowledge.
6  Q.  And before the contact in 2023 with
7  Lumenci, did anybody at VirtaMove tell you that
8  they thought Amazon was infringing VirtaMove's
9  patents?
10  A.  I'm sorry.  Can you repeat that?
11  Q.  So, before the contact in 2023 with
12  Lumenci, did anybody at VirtaMove tell you that
13  they thought Amazon was infringing VirtaMove's
14  patents?
15  A.  Did anyone at VirtaMove tell me that
16  they thought; is that what you are asking me?
17  Q.  Correct.
18  A.  Yes, I suppose so.
19  Q.  When?
20  A.  I would be guessing.  I couldn't say
21  with certainty.  I'm not sure when.
22  Q.  Who told you that?

Page 86

1  A.  Still Nigel Stokes.
2  Q.  Did Nigel Stokes tell you that he
3  thought Amazon was infringing VirtaMove's patents
4  before or after he spoke with Mr. Chanana?
5  A.  After, I believe.
6  Q.  Did Mr. Stokes speak with anybody at
7  Amazon other than Mr. Chanana?
8  A.  I don't know.
9  Q.  But when you met with Mr. Stokes to
10  prepare for this deposition, he did not tell you
11  about any contact with Amazon personnel other
12  than Mr. Chanana, correct?
13  A.  We discussed Mr. Chanana.
14  Q.  And nobody else at Amazon, correct?
15  A.  Right.
16     MR. ANAPOL:  Okay.  We can take a
17  lunch break, Peter.
18     MR. TONG:  Okay.  Let's go off the
19  record.
20     THE VIDEOGRAPHER:  Okay.  Going off
21  the record.  The time is 1:00 p.m.
22     (Recess taken -- 1:00 p.m.)

Page 87

1     (After recess -- 1:46 p.m.)
2     THE VIDEOGRAPHER:  We are back on
3  the record.  The time is 1:46.
4  BY MR. ANAPOL:
5  Q.  Okay, Ms. Cameron.  Welcome back.
6     I have some housekeeping questions
7  for you about the communications with Lumenci in
8  early 2023 before the lawyers got involved.
9     So, could you give me the names of
10  those people involved in those communications?
11     MR. TONG:  Objection, privileged.
12  Instruct the witness not to answer.
13     MR. ANAPOL:  The names of
14  participants in that communication cannot be
15  privileged, Peter.  You have to put it on
16  your privilege log.
17     MR. TONG:  They are nontestifying
18  consultants in this case.  I don't believe we
19  have to disclose them.
20     MR. ANAPOL:  So, you are refusing to
21  give me the names of the people involved in
22  these communications?

Page 88

1     MR. TONG:  Yes.
2  BY MR. ANAPOL:
3  Q.  Okay.  At the time of these
4  communications in early 2023, before the lawyers
5  got involved, were you -- was VirtaMove -- strike
6  that.
7     At the time of these communications
8  in early 2023 before the lawyers got involved,
9  did VirtaMove have a contract with the people who
10  participated in these communications?
11     MR. TONG:  Objection, privilege.
12  Instruct the witness not to answer.
13  BY MR. ANAPOL:
14  Q.  Does VirtaMove have any contract
15  with Lumenci?
16     MR. TONG:  Objection, privilege.
17  Instruct the witness not to answer.
18  BY MR. ANAPOL:
19  Q.  Are you following your counsel's
20  instructions not to answer my questions?
21  A.  Excuse me.  Yes, of course.  I'm
22  following instruction not to answer.

CONFIDENTIAL - ATTORNEYS' EYES ONLY

VM_IBM_0000486