# Exhibit A
# (PREVIOUSLY Filed Under Seal)

Marc Fenster (SBN 181067)
mfenster@raklaw.com
Reza Mirzaie (SBN 246953)
rmirzaie@raklaw.com
Neil A. Rubin (SBN 250761)
nrubin@raklaw.com
Jacob Buczko (SBN 269408)
jbuczko@raklaw.com
James A. Milkey (SBN 281283)
jmilkey@raklaw.com
James Tseui (SBN 285530)
jtseui@raklaw.com
Amy E. Hayden (SBN 287026)
ahayden@raklaw.com
Christian Conkle (SBN 306374)
cconkle@raklaw.com
Qi (Peter) Tong (SBN 300347)
ptong@raklaw.com
Jonathan Ma (SBN 312773)
jma@raklaw.com
Daniel Kolko (SBN 341680)
dkolko@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-9226

*Attorneys for Defendant,
VirtaMove Corp.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| RED HAT, INC., <br><br> Plaintiff, <br><br> v. <br><br> VIRTAMOVE CORP., <br><br> Defendant. | Case No. 5:24-cv-04740-PCP <br><br> **DEFENDANT VIRTAMOVE'S [PROPOSED] SUR-REPLY TO PLAINTIFF RED HAT'S REPLY IN SUPPORT OF ITS MOTION FOR JURISDICTIONAL DISCOVERY** <br><br> **FILED UNDER SEAL** <br><br> Jury Trial Demanded <br><br> Date: Thursday, Dec. 11, 2024 <br> Time: 10:00 a.m. <br> Location: Courtroom 8, 4th Floor <br> Judge: Hon. P. Casey Pitts |

Even after conducting venue discovery in another case specifically focused on this District, which included deposing VirtaMove's declarant Susan Cameron, and having access to two other of her venue-related deposition transcripts, Red Hat's counsel still does not present any facts that would support this Court's exercise of jurisdiction. Rather, on reply, Red Hat distorts the evidence to claim Ms. Cameron is not telling the truth in a sworn affidavit, and to make numerous other mischaracterizations. VirtaMove submits this brief sur-reply to clarify these issues.

I.   **VirtaMove has never offered a license to its patents, consistent with Ms. Cameron's declaration and deposition testimony.**

In her declaration[1] filed with VirtaMove's reply in support of its motion to dismiss, Ms. Cameron states: "VirtaMove has not offered any entity or individual an opportunity to enter into a patent license agreement to [any patent]." Dkt. No. 42-1 ¶3. Prior to offering this declaration, she testified to this same point numerous times in deposition. Ex. 1 at 115:11-24 ("Q. And has VirtaMove ever discussed licensing its patents to any company? A. VirtaMove has not."); Ex. D at 186:5-10 ("Q. Okay. Has VirtaMove ever licensed the asserted patents to anybody? A. No, not to my knowledge. Q. Has VirtaMove ever offered a license to anybody? A. Not to my knowledge."). Ignoring this confirmatory testimony, Red Hat claims this statement in her declaration is false because it is "blatantly contradict[ed by] her own sworn deposition testimony in VirtaMove's lawsuit against IBM," pointing to testimony about a dispute between VirtaMove's predecessor AppZero with AppFirst. Dkt. No. 44 (RH Reply) at 11; *id.* at 1. Ms. Cameron, who is not an attorney, clarified she did not know whether that dispute related to patents, copyrights, or trade secrets, and she would need to look at correspondence to verify. Ex. C at 214:6-21.

And information available in the public record reveals that the AppFirst dispute was in fact a copyright, *not a patent*, dispute. Ex. B (complaint AppZero filed against AppFirst in 2011 in the Southern District of New York). Troublingly, before Red Hat filed its factually inaccurate reply claiming this AppFirst dispute did in fact involve VirtaMove's patents, VirtaMove's counsel

---

[1] Red Hat cites *In re Gasoline Spot Litigation* for the proposition it should be able to take discovery to "test the statements in [Ms. Cameron's] declaration and the source of h[er] knowledge." RH Reply at 2 (quoting No. 20-cv-03131-JSC, 2020 WL 7431843, at *8 (N.D. Cal. Dec, 18, 2020)). But in that case, the party requesting discovery filed objections to declaration statements as lacking foundation and containing hearsay. Red Hat has made no similar objections here.

specifically informed Red Hat's counsel "that the dispute that VirtaMove's predecessor AppZero Software Corp. had with a company called AppFirst, Inc. was not a patent dispute, but rather was a copyright dispute that resulted in a lawsuit being filed in the Southern District of New York in the early 2010s." Declaration of Amy E. Hayden in Support of Defendant VirtaMove's Unopposed Administrative Motion for Leave to File a Sur-Reply ¶2. Indeed, that is precisely what the complaint as filed shows. Ex. B. In that complaint, AppZero referenced its "federal copyright registrations for [its] Software" and alleged that "AppFirst has violated 17 U.S.C. § 501 by copying, distributing, and/or making derivative works from the Software without authorization." *Id.* ¶¶6, 13; *see* 17 U.S.C. § 501 (statute concerning "violat[ions of] any of the exclusive rights of the copyright owner").

Moreover, even assuming counterfactually the patents-at-issue were involved in the AppFirst dispute, this dispute could not be relevant to personal jurisdiction here, as Red Hat seems to imply, because it lacks any connection to California. VirtaMove's predecessor, a Canadian corporation, sued Delaware-incorporated and New-York-based AppFirst in New York. Ex. B at 1. Unsurprisingly, Red Hat does not allege any AppFirst-related activities took place in California.

**II.  Lumenci is neither a "law firm" nor relevant to jurisdiction.**

Red Hat claims "VirtaMove approached California-based law firm Lumenci about asserting VirtaMove's patents against at least Amazon." RH Reply at 12; *see id.* at 13. Lumenci is not a "law firm" as Red Hat oddly claims. https://lumenci.com/ (Lumenci's website indicating it provides technical patent analysis and support services to businesses including law firms and technology companies); Ex. D at 90:9-11, 91:6-9 (VirtaMove's counsel explaining "Lumenci is providing nontestifying consultancy services in th[e Amazon] case" and Lumenci employees "are nontestifying experts"). The only attorneys representing VirtaMove in the Amazon case are from the same firm representing VirtaMove here. *Id.* at 99:6-9 ("Q. Does VirtaMove have any attorneys other than Russ, August & Kabat that represent them in this case? A. No.").

Moreover, even assuming counterfactually that Lumenci was a California-based law firm, VirtaMove has already explained why that fact alone cannot support jurisdiction here. *See* Dkt. No. 42 at 13-14 (distinguishing *Electronics for Imaging* and *Apple Inc. v. VoIP-Pal*).

### III. VirtaMove is challenging all eight of Red Hat's proposed categories of discovery.

Red Hat bizarrely claims that "VirtaMove purports to rebut the relevance of only one of the eight topics Red Hat has proposed for jurisdictional discovery, making no argument that the other information Red Hat seems is unlikely to yield relevant facts." RH Reply at 1; *see id.* at 2, 4. That this is simply not so is clear from the face of VirtaMove's opposition. Dkt. No. 43 (Opp'n). To the extent that Red Hat is now claiming, for the first time on reply, that the first seven of its proposed topics are somehow relevant to *subject matter* jurisdiction, this is simply not so under controlling case law. Opp'n at 2-3; Dkt. No. 31 (VirtaMove's motion to dismiss) at 5-10; Dkt. No. 42 (VirtaMove's reply in support of its motion to dismiss) at 2-8. And relatedly, it is not VirtaMove's position there needed to have been "a direct communication between VirtaMove and Red Hat" for subject matter jurisdiction to lie. RH Reply at 1, 5. VirtaMove has already addressed this issue, as well as the subject-matter-jurisdiction case law Red Hat cites in its reply; for the sake of efficiency, VirtaMove does not repeat those arguments here. Dkt. No. 42 at 2-8.

### IV. Commercial activities alone cannot establish specific personal jurisdiction in patent declaratory judgment actions.

Red Hat claims *Trimble Inc. v. PerDiemCo LLC*, 997 F.3d 1147 (Fed. Cir. 2021) abrogated the Federal Circuit's line of cases requiring *patent enforcement* activities in the forum, and as such, it can rely solely on VirtaMove's *sporadic commercial activities* unrelated to Red Hat to establish specific jurisdiction. RH Reply at 8-9. Such a rule would turn the personal jurisdiction analysis on its head—even though sporadic contacts unrelated to the cause of action cannot give rise to general jurisdiction, under Red Hat's proposed rule, they could give rise to specific jurisdiction. That obviously makes no sense, and this is of course not at all what *Trimble* says. Rather, the Federal Circuit re-confirmed its long-standing holding in *Red Wing Shoe* that exercise of jurisdiction based solely on a "limited number" of patent demand letters sent to the DJ plaintiff does not comport with the "fair play and substantial justice" prong, but contrasted that with the 22 communications PerDiemCo sent to Trimble. *Trimble*, 997 F.3d at 1156-57. The panel also pointed to 10 non-exclusive patent licenses with other companies and that Trimble was headquartered in California as further supporting jurisdiction. *Id.* at 1157. No remotely similar facts are present here.

| | |
|---|---|
| Dated: November 14, 2024 | Respectfully submitted, |

/s/ *Amy E. Hayden*
Marc Fenster (SBN 181067)
Email: mfenster@raklaw.com
Reza Mirzaie (SBN 246953)
rmirzaie@raklaw.com
Neil A. Rubin (SBN 250761)
nrubin@raklaw.com
Jacob Buczko (SBN 269408)
jbuczko@raklaw.com
James A. Milkey (SBN 281283)
jmilkey@raklaw.com
James Tseui (SBN 285530)
jtseui@raklaw.com
Amy E. Hayden (SBN 287026)
ahayden@raklaw.com
Christian Conkle (SBN 306374)
cconkle@raklaw.com
Qi (Peter) Tong (SBN 300347)
ptong@raklaw.com
Jonathan Ma (SBN 312773)
jma@raklaw.com
Daniel Kolko (SBN 341680)
dkolko@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-9226

*Attorneys for Defendant,*
*VirtaMove Corp.*