Exhibit D
(PREVIOUSLY
Filed Under Seal)

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

MIDLAND/ODESSA DIVISION

_____

| | |
|---|---|
| VIRTAMOVE, CORP., ) | |
|        Plaintiff, ) | |
| ) | Case Number: |
| V.                    ) | 7:24-CV-00030 |
| ) | |
| AMAZON.COM, INC.; AMAZON.COM ) | |
| SERVICES LLC; and AMAZON WEB ) | |
| SERVICES, INC.,        ) | |
|        Defendants.    ) | |

_____)

30(b)(6) DEPOSITION OF SUSAN CAMERON

ON BEHALF OF VIRTAMOVE, CORP.

August 27, 2024

11:02 a.m. Eastern Daylight Time

Reported by:  Lori J. Goodin, RPR, CRR, RSA,

California CSR #13959

_____

DIGITAL EVIDENCE GROUP

1730 M Street, NW, Suite 812

Washington, D.C. 20036

(202) 232-0646

```
                                                              Page 2
 1                    REMOTE APPEARANCES:
 2
 3      FOR PLAINTIFF:
 4           RUSS AUGUST & KABAT
 5           BY:   PETER TONG, ESQUIRE
 6           4925 Greenville Avenue, Suite 200
 7           Dallas, Texas   75206
 8           310-826-7474
 9           ptong@raklaw.com
10
11
12      FOR DEFENDANTS:
13           KNOBBE MARTENS OLSON & BEAR LLP
             BY:   JEREMY ANAPOL, ESQUIRE
14           2040 Main Street, 14th Floor
             Irvine, California   92614
15           949-760-0404
             jeremy.anapol@knobbe.com
16
17
18   Also Present:
19           Billy Fahnert, Videographer/Document Tech
20
21
22
```

1    Russ, August & Kabat on behalf of VirtaMove

2    Corporation.

3           MR. ANAPOL:  Jeremy Anapol of Knobbe

4    Martens Olson & Bear on behalf of defendants.

5                    *   *   *

6    Whereupon,

7                SUSAN CAMERON,

8    a witness called for examination, having been

9    first duly sworn, was examined and testified as

10   follows:

11                   *   *   *

12                  EXAMINATION

13   BY MR. ANAPOL:

14        Q.   Good morning, Ms. Cameron.  How are

15   you today?

16        A.   Good morning.  Good.  Thank you.

17        Q.   So, my name is Jeremy, and I will be

18   taking your deposition today.

19             Have you been deposed before?

20        A.   No.

21        Q.   Okay.  So, it is just basically a

22   series of questions and answers.  They are being

Page 90

1   privilege and not give me the information
2   that goes on the privilege log.
3           Who is involved, the general subject
4   matter of the communication, when the
5   communication occurred.
6           Are you are refusing to give me that
7   information for all of these communications
8   that you are asserting privilege over?
9           MR. TONG:  Lumenci is providing
10  nontestifying consultancy services in this
11  case.
12          Unless there is a rule that requires
13  us to disclose our nontestifying experts and
14  consultants, Lumenci information will be
15  withheld.
16          MR. ANAPOL:  Well, the rule that
17  requires you to disclose it is Rule 26,
18  unless you have a valid claim of privilege.
19          And if you are asserting privilege,
20  then you need to provide information to allow
21  us to evaluate the propriety of that
22  assertion which includes who was involved,

Page 91

1   the general subject matter, and when the
2   communication occurred.
3           MR. TONG:  Which part of Rule 26?
4           MR. ANAPOL:  The part that says
5   relevant information is discoverable.
6           MR. TONG:  So, I'm going to continue
7   asserting privilege at this time over Lumenci
8   on the basis of privilege.  They are
9   nontestifying experts.
10          I don't think that information needs
11  to be disclosed.
12          MR. ANAPOL:  And when did Lumenci
13  get retained as nontestifying consultants?
14          MR. TONG:  I am maintaining
15  privilege over that information as well.
16  They do not have any nonprivileged work that
17  we are willing to disclose.
18          MR. ANAPOL:  And you are not willing
19  to tell me when you retained them, allegedly
20  as nontestifying consultants, in this case?
21          MR. TONG:  They are nontestifying --
22  sorry.  When we allegedly retained them, we

Page 99

1      answer.  I will give you a chance to
2      rephrase.
3               THE WITNESS:  I won't answer that
4      question.
5  BY MR. ANAPOL:
6      Q.    Does VirtaMove have any attorneys
7  other than Russ, August & Kabat that represent
8  them in this case?
9      A.    No.
10     Q.    When did VirtaMove retain Russ,
11 August & Kabat?
12              MR. TONG:  Objection, vague.  You
13     can provide a month and year only, if you
14     understand the question.
15              THE WITNESS:  I believe it was
16     August of 2023.
17 BY MR. ANAPOL:
18     Q.    And in those communications you
19 mentioned with Lumenci, did Randy Taylor
20 participate in those communications?
21              MR. TONG:  Objection, foundation.
22     Vague.  Calls for privileged information.

1      Q.    Okay.  And you think that is in your
2   e-mails, probably?
3      A.    Yes.  There or it was a letter and
4   I've got a soft copy of it.  Something.
5      Q.    Okay.  Has VirtaMove ever licensed
6   the asserted patents to anybody?
7      A.    No, not to my knowledge.
8      Q.    Has VirtaMove ever offered a license
9   to anybody?
10     A.    Not to my knowledge.
11     Q.    So, the last topic that you were
12  asked to prepare for is Topic Number 12, "The
13  identities and locations of all persons at
14  VirtaMove or its predecessors who would have been
15  responsible for patent licensing, negotiations,
16  at any time from the issuance of the patents in
17  suit until this lawsuit was filed."
18           Did you prepare to testify on that
19  topic?
20           MR. TONG:  Objection.  Scope and
21     foundation.
22           THE WITNESS:  I prepared as best I

Page 220

1          CERTIFICATE OF NOTARY
2          I, LORI J. GOODIN, RPR, CRR,
   CA CSR # 13959 the Notary for this deposition, do
3  hereby certify that the witness whose testimony
   appears in the foregoing deposition was sworn by
4  me; that I am neither counsel for, related to,
   nor employed by any of the parties to the action
5  in which this deposition was taken; and, further, that I am
   not a relative or employee of any attorney or
6  counsel employed by the parties hereto, or
   financially or otherwise interested in the
7  outcome of this action.
8
9
10
11         _____
           LORI J. GOODIN, RPR, CLR, CRR
12         Notary Public in and for:
13 STATE OF FLORIDA, COUNTY OF SARASOTA
   Notary Commission Number: GG987804
14 My Commission expires: May 12, 2028
   STATE OF CALIFORNIA, CA CSR# 13959
15 My Commission expires: February 22, 2025
   STATE OF MARYLAND, COUNTY OF ANNE ARUNDEL
16 My Commission expires: August 2, 2025
17 DISTRICT OF COLUMBIA, WASHINGTON DC
18 My Commission expires: June 1, 2026
19 STATE OF DELAWARE: COUNTY OF KENT
20 My Commission expires: September 9, 2025
21 STATE OF PENNSYLVANIA, COUNTY OF LEHIGH
22 My Commission expires: April 5, 2025